UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___22-mj-04161-McAliley___

IN THE MATTER OF
A SEALED COMPLAINT
_____/

FILED BY ___dgj___ D.C.
Dec 19, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIA

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes   X   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?    Yes   X   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   /s/ *Andrea Goldbarg*
      /s/ *Monica Castro*

ANDREA GOLDBARG
MONICA K. CASTRO
Assistant United States Attorneys
Court ID A5502556
Court ID No. A5502776
JLK Federal Justice Building
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9000
Email: Andrea.Goldbarg@usdoj.gov
Email: Monica.Castro@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Christian SANON, a/k/a "Kumbe," a/k/a "Pumba," a/k/a "Bubba" | ) Case No. 22-mj-04161-McAliley |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 1, 2021 through July 7, 2021 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371 | Conspiring to Commit an Offense Against or to Defraud the United States |
| 18 U.S.C. § 554 | Smuggling Goods from the United States |
| 13 U.S.C. § 305 | Providing Unlawful Export Information |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

HSI SA David Mondanaro
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime

Date: December 19, 2022

*Judge's signature*

City and state: Miami, Florida    Honorable Chris M. McAliley, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Mondanaro, being first duly sworn, hereby depose and state the following:

1. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been since October 2008. As a Special Agent, I have participated in several investigations involving the smuggling of goods, including but not limited to narcotics, weapons, humans, counterfeit goods, and controlled technologies, into and out of the United States. I have also conducted investigations into the laundering of the funds associated with all of these offenses. I have personally participated in the investigation of the offenses referred to herein. Prior to my employment with ICE, I worked as a Customs and Border Protection Officer in both the commercial air and maritime environment along with international deployments to the country of Iraq to assist in border security operations with the U.S. Department of Defense.

2. This Affidavit is submitted for the limited purpose of establishing probable cause to charge and arrest Christian SANON, a/k/a "Kumbe," a/k/a "Pumba," a/k/a "Bubba" ("SANON") for (1) violating 18 U.S.C. § 371, conspiring to commit an offense against the United States by (a) smuggling goods from the United States, in violation of 18 U.S.C. § 554;[1] and (b) causing export information not to be filed in violation of 13 U.S.C. § 305;[2] (2) violating 18 U.S.C.

---

[1] 18 U.S.C. § 554 provides "[w]hoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be [guilty of a crime]."

[2] 13 U.S.C. § 305(a)(1) provides, in relevant part, "[w]however knowingly fails to file or knowingly submits false or misleading export information through the Shippers Export Declaration (SED) (or any successor document) [*i.e.*, the Electronic Export Information ("EEI")] or the Automated Export System (AES) [is guilty of a crime]."

1

§§ 554 and 2 by smuggling goods from the United States, and aiding and abetting the same; and (3) violating 13 U.S.C. § 305 and 18 U.S.C. § 2 by providing unlawful export information, and aiding and abetting the same.

3. I am personally involved in this investigation, along with other law enforcement agencies, including the Federal Bureau of Investigation. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known about this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observation, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as the review of records, documents, and other physical items obtained during the course of this investigation.

## PROBABLE CAUSE

4. On July 7, 2021, the President of Haiti, Jovenel Moise, was assassinated in his residence in Port-au-Prince, Haiti. The First Lady ("M.M.") suffered multiple gunshot wounds. M.M. survived and received medical treatment in Miami, Florida.

5. According to statements made by Haitian authorities and the autopsy performed by Haitian officials, the President was shot twelve times and died as a result. Haitian authorities arrested numerous individuals in connection with the assassination, including several dual Haitian-American citizens (including SANON) and a number of Colombian nationals.

6. Video taken by bystanders in the vicinity of President Moise's home just prior to his assassination showed individuals approaching the home carrying firearms and wearing military-style gear. After the assassination, many of the Colombian nationals who were taken into custody by Haitian authorities on suspicion of having participated in the assassination were wearing and/or carrying military-style gear, including armored ballistic vests.

7. Through witness interviews and the review of records and seized electronic evidence, the investigation has revealed that in or around April 2021, in the Southern District of Florida, SANON attended meetings, which included Joseph Joel John[3] and others, to discuss Haitian regime change and support for SANON's own political candidacy. In mid-April 2021, John sent a list of equipment and weapons necessary for the "operation," which he sent to another meeting participant, who subsequently forwarded that information to SANON. The list included, among other things: "M4" rifles, "M-60" machineguns, "Kalashnikovs," pistols, silencers, "hand grenade frags," a "gas mask", "helmets," "full buletproof [sic] vests," 4 "RPG" [rocket-propelled grenades], "tears [sic] gas," and over $13,000 in ammunition.

8. The investigation has revealed that in or around early June 2021, a group of approximately twenty Colombian nationals with military training were recruited to assist in the "operation." The Colombian nationals' role included purportedly assisting in providing security for SANON as SANON sought a position of significant political power in Haiti.

9. Significant funding and support were provided in the efforts to remove President Moise from power. This included SANON and others working together to ship 20 ballistic vests. The vests were shipped without the required export license from the United States Department of

---

[3] John has been charged by indictment, along with Mario Antonio Palacios Palacios and Rodolphe Jaar, with conspiracy to kidnap or kill outside the United States, in violation of 18 U.S.C. § 9569(a)(1), and providing material support to such conspiracy, in violation of 18 U.S.C. § 2339A. Case No. 1:22-cr-20104-JEM(s)(s).

Commerce[4] and without the required export information filing,[5] from the Southern District of Florida to Haiti on or about June 10, 2021.

10. On or about May 17, 2021, SANON contracted for equipment needed to support SANON's "private military" forces. The investigation has revealed that this equipment included approximately 20 ballistic vests for use by those in Haiti, including by the Colombian nationals referenced above.

11. On or about June 9, 2021, a conspirator texted SANON regarding shipping the ballistic vests to Haiti for use by the Colombian nationals providing security to SANON, stating: "These guys say they were ready and waiting for surgical instruments but no x-ray vests?" to which SANON said: "What?" The conspirator responded, "[t]he X-ray vests that are coming tomorrow: seems like they needed these?" SANON replied: "Yes they do."

12. Also, on or about June 9, 2021, a conspirator texted SANON and another person regarding the logistics of shipping the ballistic vests to Haiti, stating: "Christian [SANON] the plane arrives in Port-au-Prince at 2:30 PM tomorrow. I Assume [sic] that [an identified individual in Haiti ("Individual-1")] will handle customs including any fees and the coordination of ultimate

---

[4] The United States Department of Commerce, Bureau of Industry and Security ("BIS"), which is authorized under the Export Control Reform Act to administer the Export Administration Regulations, conducted a license check on the ballistic vests that were used in furtherance of the assassination. BIS determined that (i) an export license was required for the shipment to Haiti of ballistic vests, which were designated on the Commerce Control List ("CCL") as Export Control Classification Numbers ("ECCN") 1A613.d.1 and 1A613.d.2; (ii) no relevant license exception existed; and (iii) no one had applied for an export license that would have authorized the shipment of the ballistic vests to Haiti.

[5] The June 10, 2021 shipment of ballistic vests to Haiti required an EEI filing through the AES, because the ballistic vests required a license to export to Haiti and the total value of the ballistic vests was over $2,500. 15 C.F.R. §§ 758.1 and 30.2. No EEI was filed.

delivery of the supplies will be handled but [sic] you guys on the ground." The conspirator later texted SANON to see if the vests had cleared customs in Haiti, to which SANON replied "not yet."

13. On or about June 10, 2021, a conspirator shipped 20 ballistic vests from the Southern District of Florida to Haiti. SANON coordinated the customs processing and delivery of the vests to the Colombian nationals in Haiti.

14. I have reviewed the shipment declarations and forms that the conspirator provided to the Shipping Company in relation to the export of the ballistic vests. These documents, dated on or about June 10, 2021, falsely stated that (i) the items being shipped were "medical x-ray vests and school supplies"; (ii) the value of the vests was $1,000 total, which was significantly below their actual value; (iii) the exporter was a company located in Florida; and (iv) the consignee in Haiti was a medical services provider, C/O Individual-1. The conspirator signed the shipper's letter of instruction and commercial invoice, which above the signature line stated that: "These commodities are licensed for the ultimate destination shown. Diversion contrary to United States law is prohibited. I declare all the information contained in this invoice to be true and correct." Because the ballistic vests required an export license to ship to Haiti and were valued over $2,500, an EEI filing was required for this export. The conspirator, however, provided false export information to the shipping company and thereby caused the shipping company to fail to file the requisite EEI for this export.

15. On or about June 10, 2021, a conspirator texted SANON copies of the June 10th shipment's airway bill, shipper's letter of instruction, and commercial invoice with the false export information, which SANON provided to another individual to handle the customs processing when the ballistic vests arrived in Haiti.

16. According to multiple witness interviews, on or about July 7, 2021, several individuals arrived outside President Moise's residence, some of whom were wearing the ballistic

5

vests, and falsely announced to those inside the residence that the individuals were engaged in a "DEA Operation" in an attempt to ensure compliance by President Moise's security and other civilians. The individuals entered the President's home, and the President was subsequently killed.

17. Based on the foregoing, your Affiant respectfully submits that there exists probable cause to believe that SANON committed the offenses of (1) Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, by (i) Smuggling Goods from the United States, in violation of 18 U.S.C. § 554; and (i) Providing Unlawful Export Information, in violation of 13 U.S.C. § 305; (2) Smuggling Goods from the United States, and aiding and abetting the same, in violation of 18 U.S.C. §§ 554 and 2; and (3) Providing Unlawful Export Information, and aiding and abetting the same, in violation of 13 U.S.C. § 305 and 18 U.S.C. § 2.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent David Mondanaro
Homeland Security Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime this **19th** day of December 2022.

_____
HONORABLE CHRIS M. McALILEY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

6