## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NO.  22-20104-CR-MARTINEZ/BECERRA(s)(s)(s)(s)(s)**

18 U.S.C. § 2339A(a)
18 U.S.C. § 956(a)(1)
18 U.S.C. § 371
18 U.S.C. § 960
50 U.S.C. § 4819
18 U.S.C. § 554
13 U.S.C. § 305
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 981(a)(1)(G)

```
FILED BY _____ MP ____ D.C.

Feb 13, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

**UNITED STATES OF AMERICA**

**v.**

**ARCANGEL PRETEL ORTIZ,**
　　　a/k/a "Colonel Gabriel,"
**ANTONIO INTRIAGO,**
　　　a/k/a "The General,"
**WALTER VEINTEMILLA,**
**CHRISTIAN SANON,**
　　　a/k/a "Kumbe,"
　　　a/k/a "Pumba,"
　　　a/k/a "Bubba," and
**JAMES SOLAGES,**
　　　a/k/a "Yacov,"
　　　a/k/a "Junior,"

　　　　　　　**Defendants.**

_____

## FIFTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1
**Conspiracy to Provide Material Support and Resources
to Carry Out a Violation of Section 956(a)(1), Resulting in Death
(18 U.S.C. § 2339A(a))**

Beginning in or around February of 2021, and continuing through on or about July 7, 2021,

in the Southern District of Florida and in a place outside the United States, including Haiti and

elsewhere, the defendants,

**ARCANGEL PRETEL ORTIZ,
a/k/a "Colonel Gabriel,"
ANTONIO INTRIAGO,
a/k/a "The General,"
WALTER VEINTEMILLA,
CHRISTIAN SANON,
a/k/a "Kumbe,"
a/k/a "Pumba,"
a/k/a "Bubba," and
JAMES SOLAGES,
a/k/a "Yacov,"
a/k/a "Junior,"**

did knowingly combine, conspire, confederate, and agree with each other and other persons known

and unknown to the Grand Jury, to provide material support and resources, as defined in Title 18,

United States Code, Section 2339A(b), that is, personnel, including themselves, and services,

knowing and intending that they be used in preparation for, and in carrying out, a violation of Title

18, United States Code, Section 956(a)(1), that is, a conspiracy to kill and kidnap a person outside

of the United States.

On July 7, 2021, the death of the President of Haiti, Jovenel Moise, resulted.

All in violation of Title 18, United States Code, Section 2339A(a).

## COUNT 2
### Providing Material Support and Resources to Carry Out a Violation Resulting in Death
### (18 U.S.C. § 2339A(a))

Beginning in or around February of 2021, and continuing through on or about July 7, 2021, in the Southern District of Florida and in a place outside the United States, including Haiti and elsewhere, the defendants,

**ARCANGEL PRETEL ORTIZ,**
**a/k/a "Colonel Gabriel,"**
**ANTONIO INTRIAGO,**
**a/k/a "The General,"**
**WALTER VEINTEMILLA,**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba," and**
**JAMES SOLAGES,**
**a/k/a "Yacov,"**
**a/k/a "Junior,"**

did provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), that is, personnel, including themselves, and services, knowing and intending that they be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a)(1), that is, a conspiracy to kill and kidnap a person outside of the United States.

On July 7, 2021, the death of the President of Haiti, Jovenel Moise, resulted.

All in violation of Title 18, United States Code, Sections 2339A(a) and 2.

## COUNT 3
### Conspiracy to Kill and Kidnap a Person Outside the United States
### (18 U.S.C. § 956(a)(1))

Beginning in or around February of 2021, and continuing through on or about July 7, 2021, in the Southern District of Florida and in a place outside the United States, including Haiti and elsewhere, the defendants,

**ARCANGEL PRETEL ORTIZ,**
**a/k/a "Colonel Gabriel,"**
**ANTONIO INTRIAGO,**
**a/k/a "The General,"**
**WALTER VEINTEMILLA,**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba," and**
**JAMES SOLAGES,**
**a/k/a "Yacov,"**
**a/k/a "Junior,"**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury, at least one of whom having been within the jurisdiction of the United States, to commit at a place outside the United States, acts that would constitute murder and kidnapping if these crimes were committed in the special maritime and territorial jurisdiction of the United States, that is, the murder and kidnapping of the President of Haiti, Jovenel Moise, and one or more conspirators did commit one or more acts within the jurisdiction of the United States, to effect the purpose and object of the conspiracy, in violation of Title 18, United States Code, Section 956(a)(1).

## COUNT 4
### Conspiracy to Commit Offenses Against the United States
### (18 U.S.C. § 371)

Beginning in or around February of 2021, and continuing through on or about July 31, 2021, in the Southern District of Florida and in a place outside the United States, including Haiti and elsewhere, the defendants,

**ARCANGEL PRETEL ORTIZ,**
**a/k/a "Colonel Gabriel,"**
**ANTONIO INTRIAGO,**
**a/k/a "The General,"**
**WALTER VEINTEMILLA,**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba," and**
**JAMES SOLAGES,**
**a/k/a "Yacov,"**
**a/k/a "Junior,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit any offense against the United States, that is, to knowingly begin and set on foot, and provide and prepare a means for, and furnish the money for, and take part in, a military expedition and enterprise to be carried on from the United States against the territory and dominion of a foreign state, namely the country of Haiti, with which the United States is at peace, in violation of Title 18, United States Code, Section 960.

### OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the defendants and others committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.    On or about April 4, 2021, JOSEPH JOEL JOHN travelled from Haiti to the Southern District of Florida to meet with coconspirators, including **ARCANGEL PRETEL**

ORTIZ, **ANTONIO INTRIAGO**, **WALTER VEINTEMILLA**, **JAMES SOLAGES**, **CHRISTIAN SANON**, and others.

2.      On or about April 30, 2021, Worldwide Capital Lending Group ("Worldwide"), whose principal was **WALTER VEINTEMILLA**, provided CTU with a $175,000 line of credit to finance CTU's support of **CHRISTIAN SANON**, which transaction was executed by **ANTONIO INTRIAGO** and **VEINTEMILLA**, with **ARCANGEL PRETEL ORTIZ** signing as a witness.

3.      On or about May 17, 2021, **CHRISTIAN SANON** signed a "Consultant Agreement" with CTU. Pursuant to the agreement, CTU would provide **SANON** with, among other things, ballistic vests for his "private military" forces in Haiti.

4.      On or about May 21, 2021, **CHRISTIAN SANON** and **ANTONIO INTRIAGO** transported a small number of the ballistic vests aboard a private flight from the Southern District of Florida to Haiti.

5.      On or about June 2, 2021, **WALTER VEINTEMILLA**, as principal of Worldwide, paid $9,145.00 to fund the travel of approximately 18 Colombian nationals with military training to Haiti.

6.      On or about June 3, 2021, **WALTER VEINTEMILLA**, as principal of Worldwide, wired $15,000 to **JAMES SOLAGES** to fund the co-conspirators' acquisition of ammunition.

7.      On or about June 10, 2021, **ANTONIO INTRIAGO**, **CHRISTIAN SANON**, and FREDERICK JOSEPH BERGMANN, Jr. caused a shipping company to export CTU's ballistic vests from the Southern District of Florida to Haiti.

8. On or about June 28, 2021, **JAMES SOLAGES** flew from Haiti to the Southern District of Florida to deliver a purported Haitian immunity agreement to **ARCANGEL PRETEL ORTIZ**, **ANTONIO INTRIAGO**, and **WALTER VEINTEMILLA**.

9. On or about July 1, 2021, **JAMES SOLAGES** returned to Haiti to participate in the operation against President Moise.

10. On or about July 7, 2021, **JAMES SOLAGES**, JOSEPH VINCENT, GERMAN ALEJANDRO RIVERA GARCIA, MARIO ANTONIO PALACIOS PALACIOS, and other conspirators travelled in a convoy of vehicles to President Moise's residence to conduct the operation against President Moise.

All in violation of Title 18, United States Code, Section 371.

**COUNT 5**
**Expedition Against Friendly Nation**
**(18 U.S.C. § 960)**

Beginning in or around February of 2021, and continuing through on or about July 31, 2021, in the Southern District of Florida and in a place outside the United States, including Haiti and elsewhere, the defendants,

**ARCANGEL PRETEL ORTIZ,**
**a/k/a "Colonel Gabriel,"**
**ANTONIO INTRIAGO,**
**a/k/a "The General,"**
**WALTER VEINTEMILLA,**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba," and**
**JAMES SOLAGES,**
**a/k/a "Yacov,"**
**a/k/a "Junior,"**

knowingly began and set on foot, and provided and prepared a means for, and furnished the money for, and took part in, a military expedition and enterprise to be carried on from the United States

against the territory and dominion of a foreign state, namely the country of Haiti, with which the

United States is at peace, in violation of Title 18, United States Code, Sections 960 and 2.

### COUNT 6
**Conspiracy to Commit Offenses Against the United States**
**(18 U.S.C. § 371)**

Beginning in or around February of 2021, and continuing through on or about June 10,

2021, in the Southern District of Florida and in a place outside the United States, including Haiti

and elsewhere, the defendants,

**ANTONIO INTRIAGO,**
**a/k/a "The General," and**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others known and unknown to the Grand Jury, to commit any offense against the United States,

that is:

(1)     fraudulently and knowingly export and send from the United States to Haiti

merchandise, articles, and objects, that is, ballistic vests, contrary to laws and regulations of the

United States, that is, Title 13, United States Code, Section 305 and Title 15, Code of Federal

Regulations, Part 30, and receive, conceal, buy, sell, and facilitate the transportation, concealment,

and sale of such merchandise, articles, and objects, prior to exportation, knowing the same to be

intended for exportation contrary to such laws and regulations of the United States, in violation of

Title 18, United States Code, Section 554; and

(2)     knowingly fail to file export information and knowingly submit false and

misleading export information through the Automated Export System in connection with the

export of the ballistic vests, in violation of Title 13, United States Code, Section 305.

**OVERT ACTS**

In furtherance of the conspiracy and to achieve the objects thereof, the defendants and others committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.      On or about May 17, 2021, **CHRISTIAN SANON** signed a "Consultant Agreement" with CTU. Pursuant to the agreement, CTU would provide **SANON** with, among other things, ballistic vests for his "private military" forces in Haiti.

2.      On or about May 21, 2021, **CHRISTIAN SANON** and **ANTONIO INTRIAGO** transported a small number of the ballistic vests aboard a private flight from Florida to Haiti.

3.      On or about June 8, 2021, FREDERICK JOSEPH BERGMANN, Jr. and **ANTONIO INTRIAGO** exchanged messages regarding shipping the ballistic vests from Florida to Haiti, during which **INTRIAGO** advised **BERGMANN** that BERGMANN could "send the vest [sic] as paintball protection vest [sic]," and BERGMANN responded: "I don't think they'll have a problem having my research company ship x-ray protective vests."

4.      On or about June 8, 2021, FREDERICK JOSEPH BERGMANN, Jr. arranged for a shipping company in Florida to export the ballistic vests to Haiti. BERGMANN falsely represented to the shipping company that the goods to be shipped were "medical x-ray vests" with a total value of approximately $1,000.

5.      On or about June 9, 2021, FREDERICK JOSEPH BERGMANN, Jr. signed a commercial invoice, dated June 10, 2021, for the export of the ballistic vests to Haiti, which falsely described the goods being shipped as "medical x-ray vests" with a total value of approximately $1,000.

6.      On or about June 9, 2021, FREDERICK JOSEPH BERGMANN, Jr. signed a shipper's letter of instruction, dated June 10, 2021, for the export of the ballistic vests to Haiti, which falsely described the goods being shipped as "medical x-ray vests."

7.      On or about June 9, 2021, FREDERICK JOSEPH BERGMANN, Jr. sent to **CHRISTIAN SANON** the commercial invoice that falsely described the ballistic vests as "medical x-ray vests."

8.      On or about June 9, 2021, FREDERICK JOSEPH BERGMANN, Jr. sent to **CHRISTIAN SANON** the shipper's letter of instruction that falsely described the ballistic vests as "medical x-ray vests."

9.      On or about June 9, 2021, FREDERICK JOSEPH BERGMANN, Jr. sent a message to **CHRISTIAN SANON** and **ANTONIO INTRIAGO**, asking **INTRIAGO** to deliver the ballistic vests and copies of the commercial invoice to the shipping company the following morning.

10.      On or about June 9, 2021, FREDERICK JOSEPH BERGMANN, Jr. sent a message to **CHRISTIAN SANON** and **ANTONIO INTRIAGO**, informing **SANON** that the shipment would arrive in Haiti the following afternoon and ensuring that **SANON** would manage the coordination of the ultimate delivery of the ballistic vests to the Colombian nationals providing security to **SANON**.

11.      On or about June 9, 2021, **CHRISTIAN SANON** sent a message to FREDERICK JOSEPH BERGMANN, Jr. confirming the plans to receive and deliver the ballistic vests in Haiti.

12.      On or about June 10, 2021, **ANTONIO INTRIAGO** delivered the ballistic vests to the shipping company in Florida.

13.     On or about June 10, 2021, **CHRISTIAN SANON,** FREDERICK JOSEPH BERGMANN, Jr., and their co-conspirators caused the shipping company to export the ballistic vests from the Southern District of Florida to Haiti.

14.     On or about June 10, 2021, **CHRISTIAN SANON** provided the shipping paperwork that falsely described the ballistic vests as "medical x-ray vests" to the individual in Haiti handling the Haitian customs process.

15.     On or about June 10, 2021, **CHRISTIAN SANON** coordinated the delivery of the ballistic vests to the Colombian nationals in Haiti.

All in violation of Title 18, United States Code, Section 371.

## COUNT 7
### Export of Goods in Violation of the Export Control Reform Act
### (50 U.S.C. § 4819)

On or about June 10, 2021, in the Southern District of Florida and elsewhere, including Haiti, the defendant,

### ANTONIO INTRIAGO,
### a/k/a "The General,"

did knowingly and willfully export and cause the export of items identified on the Commerce Control List, that is, ballistic vests, from the United States to Haiti, without first having obtained the required license from the United States Department of Commerce, and did knowingly and willfully transfer an item to be exported, that is, ballistic vests, with knowledge that a violation of the Export Administration Regulations was about to occur, in violation of Title 50, United States Code, Section 4819(a)(2), Title 15, Code of Federal Regulations, Section 764.2, and Title 18, United States Code, Section 2, in violation of Title 50, United States Code, Sections 4819 and 2.

## COUNT 8
### Smuggling Goods from the United States
### (18 U.S.C. § 554)

On or about June 10, 2021, in Miami-Dade County, in the Southern District of Florida,

Haiti and elsewhere, the defendants,

**ANTONIO INTRIAGO,**
**a/k/a "The General," and**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba,"**

fraudulently and knowingly exported and sent from the United States to a place outside thereof,

that is, Haiti, any merchandise, articles, and objects, that is, ballistic vests, contrary to laws and

regulations of the United States, that is, Title 13, United States Code, Section 305 and Title 15,

Code of Federal Regulations, Part 30, and received, concealed, bought, sold, and facilitated the

transportation, concealment, and sale of such merchandise, articles, and objects, prior to

exportation, knowing the same to be intended for exportation, contrary to any law and regulation

of the United States, in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT 9
### Submitting False or Misleading Export Information
### (13 U.S.C. § 305)

On or about June 10, 2021, in Miami-Dade County, in the Southern District of Florida,

Haiti and elsewhere, the defendants,

**ANTONIO INTRIAGO,**
**a/k/a "The General," and**
**CHRISTIAN SANON,**
**a/k/a "Kumbe,"**
**a/k/a "Pumba,"**
**a/k/a "Bubba,"**

knowingly failed to file export information and knowingly submitted false and misleading export information through the Automated Export System in connection with the export of ballistic vests from the United States to Haiti, in violation of Title 13, United States Code, Section 305, Title 13, Code of Federal Regulations, Section 30.71, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Fifth Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ARCANGEL PRETEL ORTIZ, a/k/a "Colonel Gabriel," ANTONIO INTRIAGO, a/k/a "The General," WALTER VEINTEMILLA, CHRISTIAN SANON, a/k/a "Kumbe," a/k/a "Pumba," a/k/a "Bubba," and JAMES SOLAGES, a/k/a "Yacov," a/k/a "Junior,"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 2339A(a) or 956(a)(1) as alleged in this Fifth Superseding Indictment in Counts 1, 2, and 3, the defendants shall forfeit to the United States all assets, foreign or domestic:

(i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

(ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property;

(iii)     derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or

(iv)     of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in section 2331) against any international organization (as defined in section 209 of the State Department Basic Authorities Act of 1956 (22 U.S.C. § 4309(b)) or against any foreign Government,

pursuant to Title 18 United States Code, Section 981(a)(1)(G).

4.     Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Sections 2339A(a), 956(a)(1), or 554, as alleged in this Fifth Superseding Indictment in Counts 1, 2, 3, 7, and 8, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

5.     Upon conviction of a violation of Title 50, United States Code, Section 4819, as alleged in this Fifth Superseding Indictment in Count 6, the defendant shall forfeit to the United States any property:

(i)     used or intended to be used, in any manner, to commit or facilitate the offense;

(ii)     constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the offense; or

(iii)     constituting an item or technology that is exported or intended to be exported in violation of Title 50, Chapter 58, Subchapter I,

pursuant to Title 50, United States Code, Section 4819(d).

6.     Upon conviction of a violation of, or conspiracy to violate, Title 13, United States Code, Section 305, as alleged in this Fifth Superseding Indictment in Counts 7 and 9, the defendant shall forfeit to the United States:

(i)      any of that person's interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the offense;

(ii)     any of that person's interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the offense; and

(iii)    any of that person's property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the offense,

pursuant to Title 13, United States Code, Section 305(a)(3).

7.     The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

(i)      Real property located at 3150 Islewood Avenue, Weston, Florida 33332.

8.     If any of the property described above, as a result of any act or omission of the defendant:

(i)      cannot be located upon the exercise of due diligence;

(ii)     has been transferred or sold to, or deposited with, a third party;

(iii)    has been placed beyond the jurisdiction of the court;

(iv)    has been substantially diminished in value; or

(v)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G), Title 50, United States Code, Section 4819, and/or Title 13, United States Code, Section 305(a)(3), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE (for:)
UNITED STATES ATTORNEY

_____
ANDREA GOLDBARG
ASSISTANT UNITED STATES ATTORNEY

_____
MONICA K. CASTRO
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO.:  **22-20104-CR-JEM(s)(s)(s)(s)**

**v.**

ARCANGEL PRETEL ORTIZ, et al.,

**CERTIFICATE OF TRIAL ATTORNEY***

_____/

**Superseding Case Information:**

**Defendants.**

**Court Division** (select one)

New Defendant(s) (Yes or No)  **No**

☑ Miami    ☐ Key West    ☐FTP

Number of New Defendants  **0**

☐ FTL    ☐ WPB

Total number of New Counts  **0**

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.   Interpreter: (Yes or No) **Yes**
     List language and/or dialect:  **Creole & Spanish**.

4.   This case will take  **30**  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                      (Check only one)
     I     ☐ 0 to  5 days            ☐ Petty
     II    ☐ 6 to 10 days            ☐ Minor
     III   ☐11 to 20 days            ☐ Misdemeanor
     IV    ☑21 to 60 days            ☑ Felony
     V     ☐61 days and over

6.   Has this case been previously filed in this District Court? (Yes or No) **Yes**
     If yes, Judge **Martinez**                    Case No.  **22-20104-CR-MARTINEZ(s)(s)(s)(s)**

7.   Has a complaint been filed in this matter? (Yes or No) **Yes**
     If yes, Magistrate Case No.  **21mj4265: 22mj2070; 22mj2251; 22mj4161; 23mj2178; 23mj2256; 23mj2257**

8.   Does this case relate to a previously filed matter in this District Court? (Yes or No)  **No**
     If yes, Judge _____    Case No. _____

9.   Defendant(s) in federal custody as of 1/31/23 Solages and Sanon; 2/14/23 Ortiz, Intriago, Veintemilla

10.  Defendant(s) in state custody as of _____

11.  Rule 20 from the _____ District of _____

12.  Is this a potential death penalty case? (Yes or No) **No**

13.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

14.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

15.  Does this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? **No**

                              By:   _____
                                    ANDREA GOLDBARG
                                    Assistant United States Attorney
                                    Court ID No.   A5502556

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Arcangel Pretel Ortiz

**Case No:** 22-20104-CR-JEM(s)(s)(s)(s)

Count #: 1

Conspiracy to Provide Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 2

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A(a)

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 3

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name:** Arcangel Pretel Ortiz

**Case No:** 22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 4

Conspiracy to Commit Offenses Against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 5

Expedition Against Friendly Nation

Title 18, United States Code, Section 960

* **Max. Term of Imprisonment: 3 Years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 1 Year**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**  Antonio Intriago

**Case No:**  22-20104-CR-JEM(s)(s)(s)(s)

Count #: 1

<u>Conspiracy to Provide Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death</u>

<u>Title 18, United States Code, Section 2339A(a)</u>

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 2

<u>Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death</u>

<u>Title 18, United States Code, Section 2339A(a)</u>

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 3

<u>Conspiracy to Kill or Kidnap a person outside the United States</u>

<u>Title 18, United States Code, Section 956(a)(1)</u>

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name:**  Antonio Intriago

**Case No:**   22-20104-CR-JEM(s)(s)(s)(s)(s)

Counts #: 4 and 6

Conspiracy to Commit Offenses Against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**  N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

Count #: 5

Expedition Against Friendly Nation

Title 18, United States Code, Section 960

* **Max. Term of Imprisonment: 3 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**  N/A
* **Max. Supervised Release: 1 Year**
* **Max. Fine: $250,000**

Count #: 7

Export of Goods in Violation of the Export Control Reform Act

Title 50, United States Code, Section 4819

* **Max. Term of Imprisonment: 20 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

Count #: 8

Smuggling Goods from the United States

Title 18, United States Code, Section 554

* **Max. Term of Imprisonment: 10 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name:**   Antonio Intriago

**Case No:**   22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 9

Submitting False or Misleading Export Information

Title 13, United States Code, Section 305

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**  N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  Walter Veintemilla

**Case No:**  22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Provide Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):**  N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 2

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A(a)

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):**  N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

Count #: 3

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

* **Max. Term of Imprisonment: Life Imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):**  N/A
* **Max. Supervised Release: Life**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name:** Walter Veintemilla

**Case No:** 22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 4

Conspiracy to Commit Offenses Against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 5

Expedition Against Friendly Nation

Title 18, United States Code, Section 960

* **Max. Term of Imprisonment: 3 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: 1 Year**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  Christian Emmanuel Sanon

**Case No:**  22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 1

Conspiracy to Provide Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A(a)

**\* Max. Term of Imprisonment: Life Imprisonment**
**\* Mandatory Min. Term of Imprisonment (if applicable):** N/A
**\* Max. Supervised Release: Life**
**\* Max. Fine: $250,000**

Count #: 2

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A(a)

**\* Max. Term of Imprisonment: Life Imprisonment**
**\* Mandatory Min. Term of Imprisonment (if applicable):** N/A
**\* Max. Supervised Release: Life**
**\* Max. Fine: $250,000**

Count #: 3

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

**\* Max. Term of Imprisonment: Life Imprisonment**
**\* Mandatory Min. Term of Imprisonment (if applicable):** N/A
**\* Max. Supervised Release: Life**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name:**   Christian Emmanuel Sanon

**Case No:**   22-20104-CR-JEM(s)(s)(s)(s)(s)

Counts #: 4 and 6

Conspiracy to Commit Offenses Against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

Count #: 5

Expedition Against Friendly Nation

Title 18, United States Code, Section 960

* **Max. Term of Imprisonment: 3 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release: 1 Year**
* **Max. Fine: $250,000**

Count #: 8

Smuggling Goods from the United States

Title 18, United States Code, Section 554

* **Max. Term of Imprisonment: 10 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.

**Defendant's Name**:  Christian Emmanuel Sanon

**Case No**:  22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 9

Submitting False or Misleading Export Information

Title 13, United States Code, Section 305

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):  N/A**
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   James Solages

**Case No:**   22-20104-CR-JEM(s)(s)(s)(s)

Count #: 1

Conspiracy to Provide Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A(a)

**\* Max. Term of Imprisonment: Life Imprisonment**
**\* Mandatory Min. Term of Imprisonment (if applicable):**  N/A
**\* Max. Supervised Release: Life**
**\* Max. Fine: $250,000**

Count #: 2

Providing Material Support or Resources to Carry out a Violation of Section 956, Resulting in Death

Title 18, United States Code, Section 2339A(a)

**\* Max. Term of Imprisonment: Life Imprisonment**
**\* Mandatory Min. Term of Imprisonment (if applicable):**     N/A
**\* Max. Supervised Release: Life**
**\* Max. Fine: $250,000**

Count #: 3

Conspiracy to Kill or Kidnap a person outside the United States

Title 18, United States Code, Section 956(a)(1)

**\* Max. Term of Imprisonment: Life Imprisonment**
**\* Mandatory Min. Term of Imprisonment (if applicable):**  N/A
**\* Max. Supervised Release: Life**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Defendant's Name:** James Solages

**Case No:** 22-20104-CR-JEM(s)(s)(s)(s)(s)

Count #: 4

Conspiracy to Commit Offenses Against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment: 5 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: 3 Years**
* **Max. Fine: $250,000**

Count #: 5

Expedition Against Friendly Nation

Title 18, United States Code, Section 960

* **Max. Term of Imprisonment: 3 Years**
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release: 1 Year**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.