UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20104-BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WALTER VEINTEMILLA,

    Defendant.

## DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE

Defendants, Walter Veintemilla, Antonio Intriago, James Solages, Christian Sanon, and Arcangel Pretel Ortiz, move pursuant to Fed. R. Evid. 201 for an Order taking judicial notice of the Haitian indictment related to the killing of President Moises.  Moreover, we specifically ask the Court to take judicial notice of the fact that (1) on January 17, 2024 fifty-one individuals were indicted in Haiti for the murder of President Jovenel Moises; (2) that the wife of President Moises, Martine Moises was one of the individuals charged; and (3) that Walter Veintemilla, Antonio Intriago, James Solages, Christian Sanon, and Arcangel Pretel Ortiz were not

charged with the murder of President Moises in the indictment in Haiti. A copy of the Indictment and a translation is attached hereto as Exhibit A[1].

## Introduction

It is well known and documented that President Moises was killed in his home in Haiti. However, why he was killed and who is responsible are widely disputed. In fact, there are multiple well investigated theories as to who carried out the killing and why it occurred. One theory is what has been advanced by the United States government in the instant prosecution. However, the theory that was investigated and advanced in Haiti is very different than that posited here, as are theories reported by reputable investigative journalists. Indeed, after interviewing seventy individuals and traveling to all ten administrative departments in Haiti, the New York Times ("The Times") reported that the murder was tied to a list President Moise was compiling for the United States of powerful politicians and businesspeople involved in drug trafficking.[2] Notably, the Times reported that President Moise's killers ransacked his home after his death–presumably in search of the list.[3] Like the investigation conducted by the New York Times, many other journalists have conducted independent investigations and advanced theories regarding the killing

---

[1] To avoid expenditure of funds, a certified translation will not be requested until the Court rules on this motion.
[2] Abi-Habib, *Haiti's Leader Kept a List of Drug Traffickers. His assassins came for it.*, New York Times, Dec. 12, 2024.
[3] This information was reported following an interview with Martine Moises.

that are inconsistent with the theory advanced by the United States government in the instant case.[4]

The multiple theories surrounding the President Moise's death, most of which are inconsistent with the government's case, raise doubt regarding the government's theory of prosecution. As such these theories are relevant and probative of various defense theories. The Indictment brought by Haiti is particularly probative because it is based on interviews, information, and evidence gathered by Haitian authorities who have access to witnesses and evidence not available in the United States. And the fact of the Indictment demonstrates Haiti's strong interest in the prosecution of the charged offenses, which took place entirely on Haitian soil.

Specifically, we ask that the Court take judicial notice of the fact that (1) on January 17, 2024 fifty-one individuals were indicted in Haiti for the murder of President Jovenel Moises; (2) that the wife of President Moises, Martine Moises was one of the individuals charged; and (3) that Walter Veintemilla, Antonio Intriago, James Solages, Christian Sanon, and Arcangel Pretel Ortiz were not charged with the murder of President Moises in the indictment in Haiti. Notably, we are not asking

---

[4] *See e.g.*, Lemaire, Sandra, "American Dan Whitman Denies Any Involvement in Haiti Coup Attempt, The Americas, Feb. 8, 2021 (noting that American Dan Whitman, a former United States Foreign Service Officer and State Department employee, has been implicated, denies involvement in the murder of the president); Charles, Jacqueline and Weaver, Jay, "*Plots, Subplots, and Betrayal Engulfed Haiti's President Before His Assassination*", The Miami Herald, Feb. 21, 2024 (reporting that the five Columbians were serving an arrest warrant on President Moises, not there to kill him, and intimating that President already dead when they arrived).

the Court to take judicial notice of the allegations contained in the Haitian indictment, just the fact of the Indictment and who is charged (and not charged).

## Argument

Under Rule 201(c)(2) courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid 201(d)

The publicly filed Haitian indictment of which Defendants seek judicial notice easily meets the test enunciated in Rule 201. "Writers generally agree that courts can take judicial notice of court records under Rule 201(b)(2)." Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed. June 2024 update). And the Eleventh Circuit has routinely approved taking judicial notice of court records, which conclusively establish the fact and circumstances of the prior court proceeding. *See, e.g.*, *Williams v. Dep't of Corr.*, 824 F. App'x 914, 917 (11th Cir. 2020) (holding that court was correct in "taking judicial notice of online state court dockets" and that "the dates contained" there "constitute judicially noticeable facts"); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (explaining that

"[s]tate court records" "generally satisfy" Section 201(b)(2)'s requirements); *Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) ("Courts typically take judicial notice of record documents from other judicial proceedings."); *McDowell Bey v. Vega*, 588 Fed. App'x 923, 926 (11th Cir. 2014) (affirming a district court's decision to take judicial notice of the "Clerk's docket in the underlying criminal case"); *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1076 (11th Cir. 2013) (taking judicial notice of "court documents from [a] state eviction action").

Further, Rule 201 does not draw a distinction between "domestic" facts and "foreign" facts. Thus, in *U.S. v. Garland*, 991 F.2d 328 (6th Cir. 1993), the Sixth Circuit took judicial notice of a criminal judgment in Ghana against Ghanian citizens, explaining:

> The Ghanian judgment is admissible in evidence to prove that it was rendered and as prima facie evidence of the facts adjudicated. . . . Rule 201 applies to judicial notice of "adjudicative facts." We judicially notice the criminal judgment in Ghana and its existence as an official statement usable in evidence of the facts stated. We do not judicial notice the truth of the statements contained in the Ghana judgment because some of these facts may remain in dispute. What is not in dispute between the parties is the existence of the judgment and the fact that the Ghana criminal court has made detailed findings of fact on issues relevant to the case at hand.

*Id*. at 332-33 (internal citations omitted); *see also Sprague & Rhodes Commodity Corp. v. Instituto Mexicano del Café,* 566 F.2d 861, 862 (2d Cir. 1977) ("Rule 201 of the Federal Rules of Evidence permits this court to take judicial notice of judgments

of [foreign] courts of record even though the fact is presented for the first time on appeal.").

A court's ability to take judicial notice of foreign facts is in no way limited to foreign judgments, however. *See, e.g.*, *Namo v. Gonzales*, 401 F.3d 453, 458 (6th Cir. 2005) (judicially noticing the fall of Saddam Hussein's regime in Iraq); *Weizmann Institute of Science v. Neschis*, 229 F. Supp. 2d 234, 244-248 (S.D.N.Y. 2002) (judicial notice proper for documents filed in Lichtenstein arbitration that were not included in the filed complaints); *P&E Shipping Corp. v. Banco Para El Comercio Exterior de Cuba*, 307 F.2d 415, 418 (1st Cir. 1962) ("We may take judicial notice of the fact that the Cuban government nationalized Cuban foreign trade on April 25, 1960, by the creation of a Bank of Foreign Commerce to be the sole importer and exporter of products for the national interest of Cuba.") (abrogated on other grounds, *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398 (1964)). Because we merely seek judicial notice of the *fact of the Indictment* and the individuals charged, and more notably not charged, this request is proper.

WHEREFORE, for the reasons stated above, the Defendants Walter Veintemilla, Antonio Intriago, James Solages, Christian Sanon, and Arcangel Pretel Ortiz respectfully request that the Court take judicial notice of the fact that (1) on January 17, 2024 fifty-one individuals were indicted in Haiti for the murder of President Jovenel Moises; (2) that the wife of President Moises, Martine Moises was

one of the individuals charged; and (3) that Walter Veintemilla, Antonio Intriago, James Solages, Christian Sanon, and Arcangel Pretel Ortiz were not charged with the murder of President Moises in the indictment in Haiti.

## LOCAL RULE 88.9 CERTIFICATE OF CONFERRAL

Counsel for Mr. Veintemilla conferred with government counsel, Andrea Goldberg, who advised the government opposes the requested relief.

Dated: August 1, 2024                 Respectfully submitted,

By: /s/ Tama Beth Kudman
**Tama Beth Kudman, Esq.**
Florida Bar No. 637432
KUDMAN, TRACHTEN, ALOE, POSNER, LLP
7108 Fairway Drive, Suite 130
Palm Beach Gardens, Florida 33418
Telephone:  (561) 472-0811
Facsimile:   (561) 828-0210
Tkudman@kudmanlaw.com

By: /s/ Marissel Descalzo
**Marissel Descalzo, Esq.**
Florida Bar No. 669318
TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Telephone:  (305) 537-9565
Facsimile:   (305) 537-9567
mdescalzo@tachebronis.com
service@tachebronis.com

*Counsel for Walter Veintemilla*

By: /s/ Jonathan Friedman
**Jonathan S. Friedman, Esq.**
Florida Bar Number: 0973297
JONATHAN S. FRIEDMAN, P.A.
101 N.E. 3rd Ave., Suite 1500
Fort Lauderdale, Florida 33301
Telephone:  (954) 713-2820
Facsimile:   (754) 301-5109
JFriedmanlawfirm@gmail.com

By: /s/ Patrick Dray
**S. Patrick Dray, Esq.**
Florida Bar Number: 0180157
PATRICK DRAY, P.A.
18501 Pines Blvd., Suite 344
Pembroke Pines, FL 33029
Telephone:  (954) 374-4323
Facsimile:   (786) 513-2244
pat@patdray.com

*Counsel for James Solages*

By: /s/ *Hector L. Flores*
**Hector L. Flores, Esq.**
Florida Bar No. 633755
BARZEE FLORES, P.A.
40 N.W Third Street
Miami, Florida 33128
Telephone:  (305) 374-3998
Facsimile:   (305) 379-6668
hectorflores@barzeeflores.com

By: /s/ *Emmanuel Perez*
**Emmanuel Perez, Esq.**
Florida Bar No. 586552
EMMANUEL PEREZ & ASSOCIATES, P.A.
901 Ponce de Leon Boulevard, Suite 101
Coral Gables, Florida 33134
Telephone:  (305) 442-7443
Facsimile:   (305) 441-9218
courtmail@lawperez.com

*Counsel for Antonio Intriago*

By: /s/ *Zeljka Bozanic*
**Zeljka Bozanic, Esq.**
Florida Bar No. 23707
BOZANIC LAW, P.A.
17100 Royal Palm Blvd., Suite 1
Weston, Florida 33326
Telephone:  (954) 920-9750
Facsimile:   (954) 400-0335
info@bozaniclaw.com

By: /s/ *Humberto R. Dominguez*
**Humberto R. Dominguez, Esq.**
Florida Bar No. 837903
HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone:  (305) 373-6400
bert@hdominguezlaw.com

*Counsel for Christian Sanon*

By: /s/ *Bunmi Lomax*
**Bunmi Lomax, Esq.**
ASSISTANT FEDERAL PUBLIC DEFENDER
Special A Number: A5501975
150 West Flagler Street, Suite 1700
Miami, Florida 33130
Telephone:  (305) 530-7000
Bunmi_lomax@fd.org

*Counsel for Arcangel Pretel Ortiz*

## CERTIFICATE OF SERVICE

I HEREBY CERIFY that a copy of the foregoing has been served on all counsel of record electronically by utilizing CM/ECF or via electronic mail.

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.