UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20104-BECERRA

UNITED STATES OF AMERICA

v.

ARCANGEL PRETEL ORTIZ, et al.,

    Defendants.
_____/

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE
ADMISSION OF HAITIAN CHARGING DOCUMENT**

In January 2024, Haitian investigatory Judge Walther Voltaire issued a preliminary report in the pending Haitian criminal case concerning the July 7, 2021, assassination of Haitian President Jovenel Moise. Judge Voltaire alleged that numerous individuals—including Martine Moise, the deceased President's widow—participated in the plot to depose and kill President Moise, and the judge's report therefore recommended Haitian criminal charges against them. In October 2025, however, Haiti's Court of Appeals annulled Judge Voltaire's report and reopened the Haitian investigation into President Moise's assassination. A new report, produced by a different Haitian judge, likely is forthcoming, although it has not issued yet.

The defendants previously asked the Court to take judicial notice of Judge Voltaire's Haitian charging recommendations (DE 776). To the extent that the defendants still plan to seek to admit that document at trial or question witnesses about it, or to do the same for any forthcoming or new Haitian charging document, the Court should preclude them from doing so. A Haitian charging document is not proper impeachment material; it cannot reveal any relevant bias or motive on Ms. Moise's (or anyone else's) part; and it would be irrelevant, unfairly prejudicial, and inadmissible under Federal Rules 401 and 403.

## RELEVANT BACKGROUND

The operative U.S. indictment charges the defendants with offenses arising from their months-long plot to depose, kidnap, or kill Haitian President Jovenel Moise, which culminated in President Moise's assassination on July 7, 2021 (DE 552). On that day, Colombian mercenaries—hired, paid, and directed by the defendants—stormed President Moise's house. A "Delta" unit consisting of former Colombian special forces soldiers went upstairs and killed President Moise in his bedroom. The President's wife, Martine Moise, attempted to hide under the couple's bed, but she was also shot by the assailants. She survived only by pretending to be dead.

In January 2024, as part of Haiti's own investigation of these events, Haitian investigatory Judge Walther Voltaire issued a report recommending criminal charges against dozens of individuals in Haiti alleged to have some role in President Moise's assassination. *See* (DE 776-1). For simplicity's sake, although the Haitian criminal justice system does not mirror our own, we refer to this document as the "Voltaire indictment." Among dozens of other suspects, Judge Voltaire accused Martine Moise of having some undefined role in her husband's murder. *See* (*id.* at 277-80). Judge Voltaire based this conclusion in large part on: (a) Ms. Moise's refusal to be interviewed on the matter; (b) the judge's conclusion that her account was implausible because the couple's bed was too low for her to hide under; and (c) an uncorroborated claim by Joseph Felix Badio (an accomplice of the defendants in this case, who collaborated closely with them to plan the assault on President Moise's house) that Ms. Moise and other influential figures in Haitian politics "had a common goal of getting rid of [President Moise] to take over power" (*id.* at 278-80).

In August 2024, the defendants in this case moved the Court to take "judicial notice" of the Voltaire indictment (DE 776). The defendants emphasized the fact "that the wife of President

Moise[], Martine Moise[] was one of the individuals charged," and that the five of them "were not charged with the murder of President Moise[]" (DE 776:1-2).

In October 2025, Haiti's Court of Appeals overturned the Voltaire indictment. *See* Juhakenson Blaise, "Haitian court reopens investigation into one of Haiti's darkest days, President Moïse's assassination," The Haitian Times (Oct. 14, 2025), *available at* https://haitiantimes.com/2025/10/14/haiti-court-reopens-jovenel-moise-assassination-probe/. The Court of Appeals annulled the Voltaire indictment in part because of its "failure to identify the masterminds behind the killing," including failing to reveal "the chain of command or motive" and "overlooking those who financed and organized the plot." *Id.*  The Court of Appeals also directed a new judge to oversee the reopened investigation and authorized that judge to seek out international cooperation with the United States and Canada "to question key witnesses and suspects living abroad." *Id.*  It is widely anticipated that the new Haitian judge will issue a different charging report, potentially still including Martine Moise among the accused.

The Government expects to call Martine Moise as a witness at trial.  In light of the defendants' prior judicial notice motion (DE 776), it appears likely, or at least possible, that one or more defendants would seek to admit the Voltaire indictment or any forthcoming successor to the Voltaire indictment at trial; or would question witnesses, including Ms. Moise, about the fact that they were accused in the Voltaire indictment or any forthcoming successor to that report.[1]

---

[1] For purposes of Local Rule 88.9, the Government, on December 12, 2025, attempted to confer via email with counsel for each of the Defendants in order to solicit the defense's position with respect to this motion.  Because the Defendants have not responded, the Government assumes that they oppose the relief requested.

## ARGUMENT

**The Court Should Not Admit Any Haitian Charging Document or Permit Questioning About Its Existence or Contents.**

The Court should refuse to admit or allow questioning about any Haitian charging document for three reasons. First, binding precedent establishes that pending criminal charges are improper impeachment material. The same must hold true for dismissed criminal charges, which are even more irrelevant. Second, neither pending nor dismissed Haitian criminal charges can reveal any bias or motive to testify on the part of any witnesses in this case. Third, a pending or dismissed Haitian indictment is irrelevant and unfairly prejudicial under Rules 401 and 403.[2]

**A. Pending or Dismissed Criminal Charges Are Not Proper Impeachment Material.**

The Federal Rules of Evidence permit parties to impeach witnesses with evidence of their prior criminal convictions, either for crimes punishable for more than a year or for crimes whose elements require proof of "a dishonest act or false statement." Fed. R. Evid. 609(a). In short, Rule 609 reflects the view that those two types of criminal convictions inherently implicate a witness's credibility.

On the other hand, no Federal Rule of Evidence allows parties to impeach a witness based on pending or dismissed criminal charges. And binding precedent holds that an arrest or pending criminal charge is not proper impeachment material. "The rule in this circuit has long been that evidence of pending charges, including indictments and informations, cannot be used to impeach

---

[2] To be clear, the Government does not seek to preclude the defendants from cross-examining Martine Moise (or any other witness) about her purported involvement in her husband's killing (even though those accusations are baseless) or using other forms of admissible evidence to prove any alternative-suspect theory. The Government seeks a limited ruling that the defendants cannot admit, or ask questions about, any Haitian charging document or charging recommendation to bolster their potential claims about any witnesses' alleged culpability.

the credibility of a witness." *United States v. Collins*, 472 F.2d 1017, 1019 (5th Cir. 1972).[3] "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948). Moreover, whatever relevance a juror might ascribe to pending charges vanishes once those charges have been dismissed. To borrow *Michelson*'s language, being subject to a dismissed indictment "happens to the innocent as well as the guilty." 335 U.S. at 482. Indeed, one would expect (and hope for) dismissal to happen more often to the wrongly accused than to the guilty. If a pending charge cannot impeach a witness, there is no way that a dismissed charge could do so.

Applying the law to these facts, the annulled Voltaire indictment cannot impeach Martine Moise or any other witness. Nor could any forthcoming Haitian charging document or charging recommendation, unless and until it matures into a criminal conviction. Thus, the Court should not admit or allow questioning about any Haitian indictment or charging report under Rule 609.

### B. A Haitian Indictment Also Cannot Establish Any Bias, Prejudice, or Motive of Any Witness.

Nor can evidence of a Haitian charging document, either the dismissed Voltaire indictment or its potential successor, show any bias, prejudice, or motive to testify on the part of the individuals accused. In some circumstances, "pending charges" may be "admissible for the purpose of showing bias, prejudice, and motive of a witness," such as when a witness cooperates with prosecutors in the hopes that they can offer "the promise or prospect of leniency" on the witness's pending charges. *Collins*, 472 F.2d at 1019; *see also Delaware v. Van Arsdall*, 475 U.S.

---

[3] Pre-October 1, 1981 Fifth Circuit decisions are binding precedent in this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

673 (1986). But when the prosecution team cannot or will not influence the disposition of those pending charges brought by a separate sovereign, then the existence of pending charges cannot support any colorable claim of bias or prejudice in the Government's favor, or motive to testify.

As to the Voltaire indictment, its dismissal forecloses any relevance to any witness's bias, prejudice, or motives. When a witness's charges have already been dismissed—without the prosecution team playing any role in that dismissal—then the witness has no incentive to testify favorably for the prosecution in this case. That is exactly what has happened here. Ms. Moise is not testifying due to any "promise or prospect of leniency" from the United States on her Haitian criminal charges. *Collins*, 472 F.2d at 1019. The Haitian Court of Appeals has already annulled the Voltaire indictment for its own reasons and without any intervention by the U.S. prosecution team.

Even if a different Haitian judge issues a new Haitian charging report that recommends charges against Ms. Moise, the existence of those pending charges in Haiti, a foreign sovereign nation, would not help to "show[] bias, prejudice, and motive" to testify in this U.S. criminal case. *Collins*, 472 F.2d at 1019. The U.S. prosecution team has no authority or intent to intervene on behalf of any accused person in any ongoing Haitian criminal proceedings. Thus, there is no "promise or prospect of leniency," *id.*, that could justify allowing the defendants to question Ms. Moise or any other witness about the ongoing, separate proceedings occurring in Haiti.

### C. Any Haitian Indictment or Charging Report Also Should Be Excluded Under Rule 403.

Under Rule 401, evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403.

As to the Voltaire indictment, dismissed or annulled charges cannot prove anything. And introducing them would be unfairly prejudicial, confuse or mislead the jury, and waste time by requiring Ms. Moise or other witnesses to explain the current status of the pending Haitian investigation. "[V]acated court orders are void *ab initio*" and "lack any prospective legal effect." *Hewitt v. United States*, 145 S. Ct. 2165, 2173 (2025). Put plainly, a dismissed indictment means nothing. Thus, the annulled Voltaire indictment is inadmissible under Rules 401 and 403.

Under Rule 403, the Court should also preclude questioning or the use of any forthcoming Haitian indictment. Informing the jury about a witness's pending criminal charges is inherently unfair to the witness, particularly when those charges arise from a foreign criminal justice system that bears little resemblance to our own and appears to lack fundamental constitutional protections that would apply in U.S. criminal proceedings. As a general matter, allowing inquiry into pending charges is prejudicial to the charged person and risks confusing or misleading the jury because pending charges do "not, in law any more than in reason, impeach the integrity or impair the credibility of [the] witness," and being charged with a crime may "happen[] to the innocent as well as the guilty." *Michelson*, 335 U.S. at 482. Moreover, as the annulled Voltaire indictment shows, a Haitian judge may draw negative inferences when a suspect has declined to speak on their own behalf. One of the first reasons provided for accusing Ms. Moise of involvement in her husband's assassination was that she was "summoned to appear before our Criminal Investigative Offices on two occasions" but "was absent" and "refus[ed] to appear" (DE 776-1:278). No American court would allow a jury to draw an adverse inference based on a person's silence, which violates their Fifth Amendment rights. *See Griffin v. California*, 380 U.S. 609, 614-15 (1965). But if the

7

defendants are allowed to use a Haitian charging document, that document will invite the jury to do exactly that: to infer Ms. Moise's guilt or suspect her of some vague, unspecified wrongdoing based on her declining to be interviewed by the Haitian authorities on those two occasions.

[Space Intentionally Left Blank]

## CONCLUSION

The Court should preclude the defendants from admitting the Voltaire indictment or any forthcoming Haitian charging document and from questioning any witnesses about the fact of its existence or its contents.

Respectfully submitted,

| | JASON REDING QUIÑONES<br>United States Attorney | JOHN A. EISENBERG<br>Assistant Attorney General for the National Security Division |
|---|---|---|
| By: | */s Sean T. McLaughlin*<br>Sean T. McLaughlin<br>Assistant United States Attorney<br>Court ID No. A5501121<br>11200 NW 20th Street, Suite 101<br>Miami, FL 33172<br>(305) 715-7642/7654<br>Sean.McLaughlin@usdoj.gov | */s Andrew Briggs*<br>Andrew Briggs<br>Trial Attorney<br>Court ID No. A5503251<br>National Security Division – Department of Justice<br>950 Pennsylvania Avenue<br>Washington, DC 20530<br>(202) 514-7739<br>Andrew.Briggs2@usdoj.gov |
| | */s Jason Wu*<br>Jason Wu<br>Assistant United States Attorney<br>Court ID No. A5502299<br>99 NE 4th Street<br>Miami, FL 33132<br>(305) 961-9226<br>Jason.Wu@usdoj.gov | |
| | */s Altanese Phenelus*<br>Altanese Phenelus<br>Assistant United States Attorney<br>FL Bar No. 112693<br>99 N.E. 4th Street<br>Miami, FL 33132<br>(305) 961-9375<br>Altanese.Phenelus@usdoj.gov | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I filed the foregoing document through CM/ECF and thus served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney