UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA

vs.

ARCANGEL PRETEL ORTIZ,
ANTONIO INTRIAGO,
WALTER VEINTEMILLA,
CHRISTIAN SANON, and
JAMES SOLAGES,

Defendants.
_____/

UNITED STATES'S REPLY IN SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS'
PUBLIC AUTHORITY AND ENTRAPMENT-BY-ESTOPPEL DEFENSES (DE 1315)

The United States files this reply to the response by defendant James Solages, ECF. No. 1340, which was adopted by defendant Antonio Intriago, ECF No. 1345, opposing the government's motion *in limine* to preclude the defendants from asserting the defenses of public authority and entrapment-by-estoppel.  ECF No. 1315.  Solages and Intriago (hereinafter "the defendants") are the two defendants asserting these affirmative defenses.  *See* amended notices pursuant to Federal Rule of Criminal Procedure 12.3 ("Rule 12.3") for Intriago (ECF No. 876) and Solages (ECF Nos. 877 and 887).  The defendants have not proffered a sufficient evidentiary foundation to support either of these defenses as a matter of law.  Neither defendant has alleged that he *reasonably relied* on a *direct communication* from a specific *United States* official with *actual authority* who *expressly authorized* him to carry out the crimes charged in the indictment or *expressly assured* him that his acts were not criminal.  Because the defendants have failed to

make a *prima facie* showing of a colorable defense, the Court should preclude the defenses of public authority and entrapment-by-estoppel.

<u>**ARGUMENT**</u>

1. **A Motion *in Limine* is the Correct Procedure to Preclude the Affirmative Defenses of Public Authority and Entrapment-by-Estoppel.**

The Court should preclude the defenses of public authority and entrapment-by-estoppel when a defendant has failed to proffer evidence to meet the elements of each defense and when the defense is insufficient as a matter of law.  "[A] defendant will not be allowed to assert the [public authority] defense, or to demand that the jury be instructed on it, unless he meets certain evidentiary prerequisites."  *United States v. Alvarado*, 808 F.3d 474, 484 (11th Cir. 2015).  When the factual basis for an affirmative defense is challenged before trial, the defendant must make an adequate pretrial proffer of proof, *United States v. Tokash*, 282 F.3d 962, 969 (7th Cir. 2002), and if the evidence is insufficient as a matter of law to support a defense, the court should exclude the defense, *see United States v. Bailey*, 444 U.S. 394, 415–16 (1980).  "A judge may, and generally should, block the introduction of evidence supporting a proposed defense unless all of its elements can be established."  *Tokash*, 282 F.3d at 968 (citation omitted).

The correct procedure to preclude a proffered defense is for the government to file a motion *in limine*.  A defendant is required to provide notice "if the defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense."  Fed. R. Crim. P. 12.3.  The purpose of this notice rule is to ensure that the defense is a real defense, to avoid prejudicial surprise, and to obviate the need for continuances.  After the defendant provides notice, the government may file a motion to preclude such defense because the defendant has failed to make a *prima facie* showing of a legally viable defense.

The Eleventh Circuit frequently has upheld district courts' decisions to preclude a public authority or entrapment-by-estoppel defense when the defendant had failed to make an adequate pretrial proffer of proof of a viable theory of defense.  *See United States v. Rosenthal*, 793 F.2d 1214, 1236 (11th Cir. 1986), *modified on other grounds*, 801 F.2d 378, *cert. denied*, 480 U.S. 919 (1987) ("Here, because we agree with the trial court's determination that the defendants' C.I.A. theory was not a viable defense, we must conclude that the trial court did not error in limiting evidence on this defense or in failing to so instruct the jury."); *United States v. Reyes Vasquez*, 905 F.2d 1497, 1499–1501 (11th Cir. 1990), *cert. denied*, 501 U.S. 1237 (1991) (upholding the trial court granting the government's pretrial motion to exclude evidence on public authority defense); *United States v. Anderson*, 872 F.2d 1508, 1518 (11th Cir. 1989) (concluding that "the trial court acted well within its discretion to exclude irrelevant, confusing, and misleading evidence" regarding public authority defense) (cleaned up).  *See also United States v. Baker*, 438 F.3d 749 (7th Cir. 2006) (upholding the district court's exclusion of the presentation of entrapment-by-estoppel and public authority defenses); *United States v. Pardue*, 385 F.3d 101, 109 (1st Cir. 2004) (holding that the entrapment-by-estoppel defense was properly excluded).

The defendants assert that "whether the evidence establishes a public authority or entrapment-by-estoppel defense is a matter for the jury."  ECF No. 1340 at 9.  The defendants argue that Rule 12.3 is a procedural notice rule and that the remedy for any Rule 12.3 compliance issue is exclusion of testimony of undisclosed witnesses, not the preclusion of the defense at trial.[1]

---

[1]    The defendants also cite *Canty* for the proposition "that it was 'erroneous' to preclude a defendant's testimony on a public authority defense even where defendant filed no Rule 12.3 notice *at all*."  ECF No. 1340 at 5 (citing *United States v. Canty*, 499 F.3d 729, 732–33 (7th Cir. 2007)).  However, the *Canty* court found that the errors in precluding the defendant's testimony were, first, that the district court incorrectly found that Rule 12.3 was applicable, because the defendant was not raising a public authority defense, and, second, that even if Rule 12.3 had some residual relevance, the rule does not limit the defendant's right to testify.  *Canty*, 499 F.3d at 732–33 (citing Fed. R. Crim. P. 12.3(c)).

ECF No. 1340 at 1-2 (citing *United States v. Pitt*, 193 F.3d 751, 757 (3d Cir. 1999), *as amended* (Oct. 15, 1999), and *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443 (2017)).  The Court, however, plays a critical gatekeeping role to exclude evidence that is irrelevant, confusing, or misleading and should preclude a defense that either unsubstantiated or is insufficient as a matter of law.  The *Pitt* court explained that "[o]nce Rule 12.3 was enacted, the public authority defense required two components: 1) a procedural component, namely, compliance with the Rule; and 2) a substantive common law component. . . . [Rule 12.3] does not alter the common law requirements."  *Pitt*, 193 F.3d at 757 (finding defendants had failed to identify a legally cognizable public authority defense).

The defendants also claim that Rule 12.3(4)'s reciprocal discovery provisions—which the government may trigger by demanding the names, addresses, and telephone numbers of defense witnesses—imply that their notices are sufficient even though they lack any detailed allegations supporting their purported defenses.  ECF No. 1340 at 3-4, 9.  That argument is a non sequitur. Rule 12.3(4) governs the exchange of detailed contact information for each side's witnesses.  The government is not seeking to preclude these defenses based on some technical, procedural violation of Rule 12.3.  The government agrees that it has not invoked Rule 12.3(4).  The issue here is a more fundamental substantive failure.[2]  The defendants have failed to make a *prima facie* case of a cognizable defense, and Eleventh Circuit precedent is clear that unless the defendants can proffer a colorable defense, the Court should preclude it.

---

[2]      As an analogy, imagine a Rule 12.2 notice of an insanity defense claiming that the defendant committed the crime while he was angry.  Since anger is not a severe mental disease or defect under the Insanity Defense Reform Act, that defense would not be colorable.  The issue would not be any procedural defect of the notice but rather a fundamental substantive mismatch between the defendant's factual claims and the legal requirements of the asserted defense.  And a district court would have every right to bar that defendant from claiming anger is equivalent to insanity via an *in limine* ruling.

**2. The Court Should Preclude the Defendants' Defenses of Public Authority and Entrapment-by-Estoppel for Failure to Proffer Colorable Defenses.**

The defendants have not proffered a viable theory that meets either of the narrowly defined defenses of public authority or entrapment-by-estoppel. First, the defendants do not appear to be making an entrapment-by-estoppel defense, because the defendants have not claimed that they reasonably believed that the charged offenses were not federal crimes. *See United States v. Eaton*, 179 F.3d 1328, 1332 (11th Cir. 1999) ("To assert this defense successfully, a defendant must actually rely on a point of law misrepresented by an official of the state; and such reliance must be objectively reasonable . . . .") (citations omitted); *Alvarado*, 808 F.3d at 485 ("[E]ntrapment-by-estoppel creates a narrow exception to the general rule that ignorance of the law is no defense.") (citation omitted). The defendants have not asserted that they reasonably relied on the assurance of a government official that the specified conduct did not violate U.S. law. ECF Nos. 876, 877, and 887.

Second, the defendants have failed to proffer evidence that meets the elements of a public authority defense or that supports a legally viable defense. A public authority defense requires that: "a *federal law enforcement officer* must have *actually authorized* the defendant to commit *the particular criminal act at issue*, and the defendant must have *reasonably relied* on that authorization when engaging in that conduct." *Alvarado*, 808 F.3d at 484 (citing *United States v. Johnson*, 139 F.3d 1359, 1365–66 (11th Cir. 1998)) (emphasis added). Despite repeated opportunities to make proper notices of their defenses, the defendants have not identified which crimes they knowingly committed. *See* ECF Nos. 876, 877, and 887. Instead, the defendants argue that they do not have to concede that they committed the charged criminal acts that federal officers allegedly authorized them to commit. *See* ECF No. 1340 at 7 ("Nor is there any conflict . . . between Mr. Solages's assertions that he acted with actual or believed public authority and that

5

he engaged only in lawful conduct."). However, Eleventh Circuit precedent is clear that the public authority defense "protects a defendant who knowingly engages in acts that he recognizes to be in violation of the law." *Alvarado*, 808 F.3d at 484–85. "A defendant may assert a public authority affirmative defense when he has knowingly acted in violation of federal criminal law, but has done so in reasonable reliance on the authorization of a governmental official." *Id.* at 484.

The defendants also have failed to identify any specific, direct representations from federal officers that the defendants were authorized to engage in particular criminal acts.[3] ECF Nos. 876, 877, and 887. The defendants instead proffer vague assertions that they were led to believe that federal officials sanctioned the undefined "mission" in Haiti.[4] *Id.*; *see also* ECF No. 898 at 6-9 (United States's Response to Defendants' Amended Rule 12.3 Notices). Ambiguous assertions that the U.S. government authorized unspecified crimes or some vague, undefined "mission" are insufficient to mount a public authority defense. *See*, *e.g.*, *Alvarado*, 808 F.3d at 492 ("Defendant's proffered evidence is little more than a recitation of his purported, and rather convenient,

---

[3]    Solages quotes only one specific communication as his authorization, a statement from a federal officer to defendant Arcangel Pretel Ortiz observing that Ortiz (a confidential informant) was authorized "to commit federal violations in order to bring bad guys to justice." *See* ECF No. 1340 at 6. The full statement is found on page 86 of Exhibit A to the government's motion *in limine* to admit co-conspirator statements (ECF No. 1300) (filed under seal). And the full remarks show how no reasonable person could have interpreted that statement to authorize the crimes that Ortiz, Solages, and their conspirators committed in Haiti. The officer told Ortiz expressly: "Regarding Haiti, don't bring me anything regarding the people in George's meeting"—the April 2021 meeting at which Ortiz introduced his FBI handlers to defendant Christian Sanon and others involved in their work in Haiti. "That situation went super bad with a lot of people," the officer continued, and "if there is ever the 'appearance' that you or tony [Intriago] were trying to use our relationship to benefit your company, everything will be over quickly." With this preface, the officer then reminded Ortiz that he was "someone who the U.S. has allowed, under the control of this agency, to commit federal violations in order to bring bad guys to justice. A lot of trust has been placed in you. Don't let a few Haitians take that away." Thus, the officer's message did not endorse what Ortiz was doing in Haiti; it did precisely the opposite. The point was that Ortiz was performing useful work in valid law enforcement operations and that he should not jeopardize that work by getting into trouble in Haiti. That statement cannot possibly support any public authority or entrapment-by-estoppel defense (particularly as to Solages and Intriago, who were not its recipients).

[4]    The defendants' Rule 12.3 notices also listed individuals who were not U.S. federal agents, including Haitian officials, as required to pursue a defense of public authority. *See* ECF No. 840 at 13; ECF No. 898 at 6-9. "[F]oreign officials do not have authority to authorize violations of U.S. criminal law." *United States v. Hamidullin*, 888 F.3d 62, 75 (4th Cir. 2018).

assumptions, not proof of authorization by the supervising agents.").  This defense "requires a showing that a government official affirmatively communicated to the defendant the official's approval of the conduct at issue."  *Alvarado*, 808 F.3d at 485 (citations omitted); *see also United States v. Douglas*, No. 3:22-CR-00036-TSL-FKB, 2024 WL 210139, at *3 (S.D. Miss. Jan. 19, 2024) (finding that there can be no affirmative defense "in the absence of direct, affirmative assurance by a government agent").

In addition, the defendants have not proffered that they reasonably relied on any direct representation by a federal officer that the defendants were authorized to commit the particular criminal acts at issue.  *Johnson*, 139 F.3d at 1365–66 (the public authority defense is only available when a defendant can show that he "relied on official government communications before acting in a manner proscribed by law" and that this reliance was reasonable).  The defendants have failed to establish a *prima facie* case that addresses each element of the defenses, and therefore the Court should preclude such defenses at trial.  *See United States v. Shipley*, No. CR1601061001TUCRM, 2017 WL 11462823, at *4 (D. Ariz. Aug. 1, 2017) (granting the government's motion *in limine* because "a rational view of the evidence does not support a public authority defense" and "allowing Defendant to raise a public authority defense at trial would serve only to confuse and mislead the jury.").

Moreover, despite any proffer of evidence by the defendants, their public authority defense is insufficient as a matter of law because none of the federal officers named in the defendants' Rule 12.3 notices had actual authority to authorize the defendants to commit the charged criminal acts. In the Eleventh Circuit, the public authority defense requires that the federal law enforcement officer had *actual authority*—not apparent authority—to empower the defendant to commit the criminal acts with which he is charged.  "[A] defendant may only be exonerated on the basis of his

reliance on real and not merely apparent authority." *Anderson*, 872 F.2d at 1515 (disallowing defendants' reliance on apparent authority of CIA agent because the latter lacked actual power to authorize violation of laws) (cleaned up). "If, contrary to the defendant's genuine belief, the official possessed no such authority, then the public authority defense cannot be asserted." *Alvarado*, 808 F.3d at 484. *See also United States v. Baptista–Rodriguez*, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994) ("[R]eliance on the *apparent* authority of a government official is not a defense in this circuit . . . ."); *Rosenthal*, 793 F.2d at 1236 (same); *Reyes-Vasquez*, 905 F.2d at 1499 (same). The defendants name in their Rule 12.3 notices certain federal officers; however, there is no serious contention advanced by the defendants that such officers possessed actual authority to approve exceptions to the offenses charged in this case. ECF Nos. 876, 877, and 887.

## <u>CONCLUSION</u>

For the reasons set forth above, the United States respectfully requests that the Court grant the motion *in limine* precluding the defendants from proceeding with a public authority or entrapment-by-estoppel defense.

Should the Court instead permit the defendants to make an additional pretrial offer of proof, the United States requests that the Court set a relatively short schedule for such proffer and permit the United States to respond to the sufficiency of that evidence. This also will permit the Court adequate time to schedule an evidentiary hearing, if need be, to allow this issue to be appropriately narrowed in time for trial. Absent such a showing, the Court should preclude the defendants from raising these defenses.

Respectfully submitted,

| | |
|---|---|
| JASON REDING QUIÑONES | JOHN A. EISENBERG |
| United States Attorney | Assistant Attorney General for National Security |

By:    */s Sean T. McLaughlin*             */s Emma Ellenrieder*
        Sean T. McLaughlin                Emma Ellenrieder
        Assistant United States Attorney  Trial Attorney
        Court ID No. A5501121             Court ID No. A5502918
        11200 NW 20th Street, Suite 101   National Security Division – Department of Justice
        Miami, FL 33172                   950 Pennsylvania Avenue
         (305) 715-7642/7654              Washington, DC 20530
        Sean.McLaughlin@usdoj.gov         (202) 514-0203
                                          Emma.Ellenrieder@usdoj.gov

        */s Jason Wu*                      */s Andrew Briggs*
        Jason Wu                          Andrew Briggs
        Assistant United States Attorney  Court ID No. A5503251
        Court ID No. A5502299             National Security Division – Department of Justice
        99 NE 4th Street                  950 Pennsylvania Avenue
        Miami, FL 33132                   Washington, DC 20530
        (305) 961-9226                    (202) 514-7739
        Jason.Wu@usdoj.gov                Andrew.Briggs2@usdoj.gov

        */s Altanese Phenelus*
        Altanese Phenelus
        Assistant United States Attorney
        FL Bar No. 112693
        99 N.E. 4th Street
        Miami, FL 33132
        (305) 961-9375
        Altanese.Phenelus@usdoj.gov

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2026, I filed the foregoing document with the Clerk of the Court and thereafter served all counsel of record.

<u>/s *Emma Ellenrieder*</u>
Emma Ellenrieder
Trial Attorney
National Security Division