**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
______________________________/

**GOVERNMENT'S MOTION TO ADMIT**
**INEXTRICABLY INTERTWINED EVIDENCE**

The United States of America, by and through its undersigned counsel, hereby moves *in limine* to admit inextricably intertwined evidence of Defendant Christian Sanon's and cooperating witness Frederick Bergmann's financial history. This history provides context as to Bergmann's financial motive for getting involved in the assassination plot, as well as the Defendant's need to pay back those he owed, including Bergmann.

**RELEVANT BACKGROUND**

In 2021, the Defendant and his co-conspirators conspired for months to overthrow, kidnap, or kill Haitian President Jovenel Moise. The Defendant hired former Colombian military soldiers ("Colombian mercenaries") to carry out the plot to kill or kidnap President Moise, and on July 7, 2021, they assassinated President Moise. The plan began because the Defendant wanted to become president of Haiti. To carry out a transition government, the Defendant solicited co-conspirators to fund the coup. One of those funding the plot was his longtime friend and business partner, Frederick Bergmann. The two had a long and tangled financial history. Bergmann financed many of the Defendant's past projects and initiatives, none of which bore fruit. As a result, Bergmann lost millions of dollars.

From: 18136793743@s.whatsapp.net Fredrick (owner)
To: 15616449252@s.whatsapp.net Sanon
The irony is that I spent millions trying to help you and people I don't even know and now I have no money left to help the people I love the most

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| 15616449252@s.whatsapp.net Sanon | 4/22/2019 11:50:06 AM(UTC-4) | 4/22/2019 11:50:08 AM(UTC-4) | |

Status: Sent
Platform: Mobile
4/22/2019 11:49:59 AM(UTC-4)

From: 18136793743@s.whatsapp.net Fredrick (owner)
To: 15616449252@s.whatsapp.net Sanon
How am I get all the money back that I have invested in Christian Sanon

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| 15616449252@s.whatsapp.net Sanon | 10/2/2019 2:08:53 PM(UTC-4) | 10/2/2019 2:37:21 PM(UTC-4) | |

Status: Sent
Platform: Mobile
10/2/2019 2:08:52 PM(UTC-4)

Bergmann was intrigued at the possibility that he'd be reimbursed if the Defendant became president of Haiti and opened the country's coffers. This informed his decision to join plot.

## ARGUMENT

**Bergmann's Financial Incentive is an Integral and Natural Part of His Account and Involvement in the Assassination Plot.**

Evidence is intrinsic and thus inextricably intertwined with the charged offense if it is not part of the crime charged but relates to the chain of events and explains the context, motive and set-up of the crime. *See United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence is properly admitted if 1) it is "linked in time and circumstances with the charged crime," 2) "forms an integral and natural part of an account of the crime," or 3) "is necessary to complete the story of the crime for the jury." *Id* (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)); *see also United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) ("evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses to which the defendant was indicted'").

Bergmann's financial history with the Defendant is inextricably intertwined with the charged conspiracy and his decision to join the assassination plot. The relationship did not arise in a vacuum. From as early as 2004, Bergmann began investing in the Defendant's various business ventures. And as evidenced by the text exchanges, those investments left Bergmann

financially overextended and desperate to recover the substantial sums he had provided to the Defendant. That financial history supplies critical context for understanding not only the relationship between the two, but also why Bergmann was willing to participate in the conspiracy.

At trial, the Government intends to call Bergmann as a witness and admit text messages about the financial strain Bergmann had been in because of his prior investments and funds provided to the Defendant. Bergmann will testify that, by the time of the charged conspiracy, he was frustrated and increasingly desperate to recoup the millions of dollars he invested. The prospect of the Defendant successfully overthrowing President Moise and ultimately assuming the presidency offered Bergmann an opportunity to recover his investments—and potentially receive far more. The financial relationship, therefore, provides crucial context and would help the jurors understand the complete story of the charged conspiracy. *See Edouard*, 485 F.3d 1324. The Government should not be required to present Bergmann's participation and account as an isolated act, stripped of the longstanding financial relationship and circumstances that motivated it.

The presentation of this evidence will be brief and thus will not waste the jury's time or prejudice the Defendant in any way. The Government does not intend to admit detailed records of the prior business ventures between the Defendant and Bergmann or delve into why they failed. Instead, the Government anticipates that Bergmann himself will testify about his prior relationship with the Defendant (which his text messages will corroborate) as part of explaining why he joined the Defendant's plan to seize the Presidency of Haiti.

## CONCLUSION

This Court should allow the Government to present evidence about the Defendant's and Bergmann's financial history, which provides context for Bergmann's involvement and the Defendant's need to reimburse Bergmann for the funds owed.

Respectfully submitted,

JASON REDING QUIÑONES
United States Attorney

By: */s Sean T. McLaughlin*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

/s *Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 NE 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
Altanese.Phenelus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I filed the foregoing document through CM/ECF and thus served all counsel of record.

/s *Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney