UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20104-JEM

**UNITED STATES OF AMERICA,**
**Plaintiff,**
**vs.**

**CHRISTIAN SANON,**
**Defendant.**
_________________________________/

**DEFENDANT'S MOTION TO STRIKE GOVERNMENT'S DEMAND FOR DEFENDANT'S REPORTS OF EXAMINATIONS, TESTS, AND EXPERT DISCLOSURES**

The Defendant, CHRISTIAN SANON, by and through undersigned counsel, hereby files this Motion to Strike Government's Demand for Defendant's Reports of Examinations, Tests, and Expert Disclosures [DE 1835 and 1869], and hereby states:

1. On May 5, 2025, the Government filed its first Preliminary Expert Disclosures and Demand for Defendants' Reports of Examinations, Tests, and Expert Disclosures [DE 1040].
2. On November 24, 2025, the Government filed its Motion to Preclude Unnoticed and Undisclosed Defense Expert Evidence [DE 1273].
3. On January 12, 2026, the Court denied the Government's Motion to Preclude Unnoticed and Undisclosed Defense Expert Evidence [DE 1338].
4. Mr. Sanon was severed from the other four co-defendants on March 6, 2026.
5. On August 20, 2026, the Government filed its Updated Expert Disclosures and Demand for Defendant's Reports of Examinations, Tests, and Expert Disclosures [DE 1835].
6. On September 9, 2026, the Government filed its 2nd Updated Expert Disclosures and Demand for Defendant's Reports of Examinations, Tests, and Expert Disclosures [DE

1869].

7. Despite the Court's ruling in DE 1338, the Government has filed a Demand for the defense to disclose its experts.

8. Under Fed. R. Crim. P. 16(b)(1)(C)(i), Defendant is not required to "give the Government a written summary of any testimony that the defendant intends to use under Fed. R. Evid. 702, 703, or 705" because he did not request Government "disclosures under subdivision (a)(1)(G)" of Fed. R. Crim. P. 16.

9. Mr. Sanon has never made a request, as required by Rule 16(a)(1)(G), regarding the government's expert disclosures and is therefore not subject to a reciprocal obligation to provide expert disclosures pursuant to Fed. R. Crim. P. 16(b)(1)(C)(i). See United States v. Thompson, 2022 U.S. Dist. LEXIS 50094, at *3 (W.D. Wash. Mar. 21, 2022) ("[the] defendant is only required to make expert witness disclosures to the government … if defendant first requested such information from the government and the government complied with the request. It is undisputed that defendant has not requested disclosure from the government regarding expert witnesses … It is also undisputed that defendant is therefore not subject to a reciprocal obligation to provide expert disclosures pursuant to Fed. R. Crim. P. 16(b)(1)(C)(i)."); United States v. Harwin, 2021 U.S. Dist. LEXIS 234559, at *2 (M.D. Fla. Oct. 29, 2021) ("The United States agrees that [because the defendant] did not request expert disclosures under Rule 16(a)(1)(G), he was not under a reciprocal obligation to provide expert disclosures to the government pursuant to Rule 16(b)(1)(C)(i).").

10. Defense believes that the Court already ruled on this issue and that the Government's request should be stricken.

11. Pursuant to Local Rule 88.9, the undersigned has reached out to the Government regarding their position on this motion and Mr. McLaughlin's position is the following: "Our position remains the same as it has been throughout – including as raised and argued in DE 1273 and 1280. The Court's initial order on the issue is attached. Nonetheless, the Court did ultimately require the defense to provide us with a list of their proposed experts and associated disclosures – which was later painstakingly litigated starting at DE 1570, 1583, 1589, 1598, 1603, 1614, 1616."

12. Defendant Sanon did not participate in any of the further litigation on this issue that happened mid-trial.

13. The Government's Demand for Defendant's Reports of Examinations, Tests, and Expert Disclosures should be stricken.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully request that this Honorable Court grant this Motion and strike the Government's Demand for Defendant's Reports of Examinations, Tests, and Expert Disclosures [DE 1835 and 1869].

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

By: */s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No. 23707

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

By: */s/Humberto R. Dominguez*
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 17, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:________________________________
Zeljka Bozanic
Florida Bar No. 23707