UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20104-JB

**UNITED STATES OF AMERICA,**
**Plaintiff,**
**vs.**

**CHRISTIAN SANON,**
**Defendant.**
**__________________________________/**

**DEFENDANT'S MOTION TO PRESERVE OBJECTIONS TO GOVERNMENT INTRODUCING PHONE EXTRACTIONS OF HELEN MANICH AND ROBERT BALTHAZAR**

The Defendant, Christian Sanon, by and through undersigned counsel, moves this Court for an order precluding admission of phones of Helene Manich and Robert Balthazar, and in support states:

**BACKGROUND**

In discovery, the government provided cellphone records for Helen Manich and Robert Balthazar. The Government's latest witness list filed on September 9, 2026 [DE 1868] does not list Helen Manich, nor Robert Balthazar, as witnesses they intend to call to testify in trial. On September 11, 2026, the undersigned received the Government's exhibits that contain phone extractions of Helen Manich (Ex. 147A, 147B, 147C) and Robert Balthazar (147D).

On September 9, 2026, the Government notified Defense counsel by email that they intend to introduce two phones "Manich iPhone" and "Balthazar iPhone 13" through Special agent Nick Rahmer, who did the extraction of the phones.

Defense opposes admission of the foregoing as inadmissible hearsay. The Government shall be precluded from introducing the phone extractions through an agent. Unless the

Government intends to call Helen Manich and Robert Balthazar to authenticate the evidence, they shall be precluded from introducing said evidence.

**ARGUMENT**

An agent's testimony that data were extracted from a particular device does not, by itself, establish who owned or controlled the device, who used a particular account, or who authored each extracted communication. Nor does authentication of the extraction resolve whether statements contained in it are inadmissible hearsay.

The Court should exclude the extractions and their contents. The Government must authenticate the extracted data and the alleged authors separately. Proof that an extraction accurately copied data from a phone does not establish who authored the communications stored on it. The Government must present evidence connecting the devices, accounts, and particular communications to the persons to whom it attributes them. In *United States v. Lewisbey*, 843 F. 3d 653, (7th Cir. 2016), authentication was supported by substantial connecting evidence: one phone was seized from the defendant, another was recovered from his exclusive bedroom, the defendant acknowledged that police had taken his phone, and the devices contained identifying information and transaction-related communications.

No comparable foundation has been identified here. Helen Manich and Robert Balthazar will not testify to ownership, control, account access, or authorship. And the agent did not personally observe who composed the disputed communications. The agent may be able to explain how the data were extracted. But unless the Government supplies independent identifying evidence, the agent cannot establish that either alleged phone owner authored a particular statement merely because that statement appeared in the extraction.

### A. Statements Offered for Their Truth Are Inadmissible Absent a Valid Hearsay Basis

The extractions contain out-of-court written assertions by non-testifying individuals. If the Government offers those assertions to prove the truth of their contents, it must establish a valid non-hearsay basis or exception for each statement.

Authentication and hearsay are separate requirements. Even when an electronic record is authenticated, the proponent must independently establish the admissibility of its substantive contents. *United States v. Spila*, 136 F. 4th 1296 (11th Cir. 2025).

The Eleventh Circuit has recognized that certain statements may be admitted for context; however, that principle does not permit the admission of otherwise inadmissible assertive factual statements merely because they appear in a conversation. See *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015); *United States v. McKinney*, 713 F. App'x 910, 915 (11th Cir. 2017).

### B. Rule 801(d)(2)(E) Does Not Apply to Statements by the Manich and Balthazar

The Government cannot admit statements attributed to Helen Manich or Robert Balthazar as co-conspirator statements under Rule 801(d)(2)(E). Neither person was a member of the alleged conspiracy. Manich and Balthazar are not alleged to be co-conspirators, and there has been no showing that any statements attributed to them were made during and in furtherance of any conspiracy.

An extraction report cannot itself establish that a declarant was a co-conspirator or that a statement was made during and in furtherance of the alleged conspiracy. The Government must establish the required foundation for each statement outside the jury's presence. On the facts presented, it cannot do so for statements made by these two non-conspirators.

Pursuant to Local Rule 88.9, the undersigned has reached out to the Government regarding their position on this motion and has not heard back from them by the time of the filing of this motion. However, the undersigned counsel have a scheduled meeting with the Government to review the evidence regarding certain stipulations at 2:30pm on today's date and will attempt to resolve the issues in this motion.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully request that the Court grant his motion and preclude the government from introducing Exhibits 147A, 147B, 147C and 147D.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

*/s/Zeljka Bozanic*
By:__________________________________
Zeljka Bozanic
Florida Bar No. 23707

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

*/s/Humberto R. Dominguez*
By:__________________________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 18, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:__________________________________
Zeljka Bozanic
Florida Bar No. 23707