**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
___________________________________/

# GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE PHONE EXTRACTIONS OF HELEN MANICH AND ROBERT BALTHAZAR

Defendant Christian Sanon asks this Court to grant his motion *in limine* to preclude phone extractions of Helen Manich ("Manich") and Robert Balthazar ("Balthazar") [DE 1880]. His basis: the contents of the phones are hearsay. He is wrong. Manich and Balthazar are co-conspirators and thus their statements are admissible under Federal Rule of Evidence 801(d)(2)(E).

## RELEVANT BACKGROUND

Driven by his ambition to become President of Haiti, the Defendant conspired with others for months to violently overthrow Haitian President Jovenel Moise, including through kidnapping or killing. The Defendant and his co-conspirators ultimately hired former Colombian military soldiers ("Colombian mercenaries") to carry out the plot to kill or kidnap President Moise, and on July 7, 2021, they assassinated President Moise.

From the very beginning, to execute his plan, the Defendant regularly communicated—primarily via text message and voice note—with his co-conspirators, including Manich and Balthazar. Manich and Balthazar were both private U.S. citizens and were not, at any time during the charged crimes, agents or employees of the U.S. government.

During 2020, the Defendant traveled from Miami, FL, to Haiti to begin gauging interest and garnering support from Haitian religious leaders and others about overthrowing President Moise's government. During early 2021, the Defendant routinely shared his progress and other political updates with Balthazar and Manich; sending Balthazar photos of meetings he had in Haiti, and sending Manich progress updates about the political temperature in Haiti and debates about the supposed end-date of President Moise's term. For example, on February 5, 2021, the Defendant texted Manich: "There is a group of PHTK in the country who prefers Huge Cow [Judge Windelle Coq-Thelot] for president and Emmanual Menard as Prime Minister Emmanuel was the General Director of ONA under Martelly." On February 7, 2021, the Defendant sent co-conspirators Joseph Vincent and Willy Louis copies of the bogus Haitian arrest warrant crafted by Jean Roger Noelcius—also, not coincidentally, later used by the Colombian mercenaries and the Defendant's other co-conspirators during the July 7, 2021, assassination. On February 8, 2021, the Defendant sent Balthazar a copy of the public decree announcing Judge Coq's firing and removal from Haitian government employment.

Manich and Balthazar also communicated with one another about the Defendant's plan to overthrow President Moise's government and install himself as President. On February 4, 2021, Manich texted Balthazar that "Dr. Sanon called this evening. . . . Said the parties would not accept Gen Abraham as president; and therefore he was stepping up." On March 6, 2021, Manich texted Balthazar copies of the Defendant's coup decree and noted it had been sent to her by co-defendant Joseph Joel John ("John"). Co-defendant John, who has already pled guilty, has already earlier testified that he communicated with both Manich and Balthazar about the plot to install the Defendant as President of Haiti.

On March 28, 2021, Manich texted Balthazar that the Defendant and co-defendant James Solages ("Sgt solaged") were working together and meeting with a "US general" (clearly co-defendant Arcangel Ortiz). On April 14, 2021, Manich texted Balthazar: "Dr. Sanon called and said his team is hearing great deal of chatter that JM will be removed today – its not his team. Just a heads up about a great deal of chatter."

Throughout the conspiracy, the Defendant turned to Manich and Balthazar for guidance and assistance in the conspiracy to overthrow President Moise. During April 2021, the Defendant sent Balthazar photos of supposed bulletproof vehicles and a private jet being offered by his CTU/Worldwide co-conspirators. On June 2, 2021, the Defendant sent Balthazar a copy of a Spanish-language announcement video for when he was installed as President. On June 7, 2021, the Defendant sent Balthazar a picture of the Colombian mercenaries in Haiti.

During the charged conspiracy, call log evidence revealed that the Defendant routinely engaged in lengthy phone calls with both Manich and Balthazar. In the early morning hours of July 7, 2021, in the immediate aftermath of President Moise's assassination, the Defendant repeatedly attempted to call both Manich and Balthazar.

## ARGUMENT

The Defendant's motion to exclude Manich's and Balthazar's phones should be denied. Statements made by Manich and Balthazar are not hearsay. Such statements are admissible as co-conspirator statements. Federal Rule of Evidence 802 generally excludes the admissibility of hearsay—an out-of-court statement "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c)(2). Rule 803 provides exceptions to the hearsay rule, while Rule 801 sets out the statements that are not hearsay. Specifically, Rule 801(d)(2)(E) provides that statements made by co-conspirators during the course and in furtherance of the

conspiracy are not hearsay. To prove this, the government must establish by a preponderance that: "1) a conspiracy existed; 2) the conspiracy included the declarant and the defendant against whom the statement is being offered; and 3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Underwood*, 446 F.3d 1340, 1345-46 (11th Cir. 2006). When deciding upon the admissibility of statements pursuant to Rule 801(d)(2)(E), courts may consider, under Fed. R. Evid. 104(a), any evidence including the contents of the statements themselves and even including hearsay, and are bound only by rules of privilege. *United States v. Byrom*, 910 F.2d 725, 734-35 (11th Cir. 1990) (citing *Bourjaily v. United States*, 483 U.S. 171, 178 (1987)).

First, there can be no serious dispute that a conspiracy existed. The evidence—including witness testimony and electronic text message, chat, email, and voice notes between and amongst the Defendant and his co-conspirators, along with flight records, financial documents, and other evidence seized during search warrants of co-conspirators' homes and businesses—establishes both the existence and the purpose of the conspiracy: money and power. The Defendant sought political power, while promising co-conspirators land, infrastructure and security contracts, and political influence and appointments in exchange for their participation, guidance, and support. The evidence thus demonstrates a coordinated plan in which the co-conspirators stood to benefit from the conspiracy's success.

Second, the evidence independently establishes the declarants' (Manich and Balthazar) participation in the conspiracy. Witness testimony, including the testimony of co-defendant John, together with the text messages exchanged among the Defendant, Manich, and Balthazar, demonstrate that Manich and Balthazar were not mere outsiders. They communicated about the conspiracy, its objectives, and the steps necessary to advance it.

Finally, the statements were made during and in furtherance of the conspiracy. The conspiracy spanned from at least December 2020—when the Defendant traveled to Haiti—through July 7, 2021, when President Moise was assassinated. The messages the Government seeks to admit fall squarely within that timeframe. Even more, they are not random messages about completely different subject matter. Instead, the messages themselves furthered the conspiracy, discussing the plan and anticipated benefits and facilitating the conduct necessary to bring the conspiracy to fruition. The statements satisfy the requirements for admission under Rule 801(d)(2)(E). The Defendant's motion should be denied.

JASON REDING QUIÑONES
United States Attorney

By: *<u>/s Sean T. McLaughlin</u>*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

<u>/s *Jason Wu*</u>
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*<u>/s Altanese Phenelus</u>*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
Altanese.Phenelus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2026, I filed the foregoing document through CM/ECF and thus served all counsel of record.

/s *Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney