UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cr-20104

**UNITED STATES OF AMERICA,**
**Plaintiff,**
**vs.**

**CHRISTIAN SANON,**
**Defendant.**
______________________________/

**DEFENDANT'S MOTION TO EXCLUDE NEWLY PRODUCED DISCOVERY**

The Defendant, CHRISTIAN SANON, by and through undersigned counsel, hereby files this Motion to Exclude Newly Produced Discovery, and in support states as follows:

1. On September 20, 2026, the Government provided revised exhibits, some of which include college records, medical license records and Attorney General records from New Jersey. The Government also advised that they would be adding witnesses relating to this discovery to their witness list.
2. Late disclosure has prejudiced the defense by denying adequate time to review, investigate, interview potential witnesses, prepare cross-examination, develop rebuttal evidence, or otherwise prepare for trial. A continuance would further delay the trial and would prejudice the defendant under constitutional speedy trial. Further, the new evidence is of alleged prior bad act which is a significant excursion and waste of juror and the Court's time.
3. Mr. Sanon moves to preclude the Government from introducing the evidence as untimely, irrelevant, and prejudicial.

**Legal Memorandum**

Federal Rule of Criminal Procedure 16(d)(2) governs sanctions and remedies for

discovery violations. The rule provides that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2) (emphasis added).

District courts have broad discretion to administer sanctions for the violation of a valid discovery order. *United States v. Euceda-Hernandez*, 768 F.2d 1307, 1311–12 (11th Cir. 1985); see *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979). Some factors that the court should consider in fashioning the appropriate sanction include, "the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess." *United States v. Burkhalter*, 735 F.2d 1327, 1329 (11th Cir. 1984).

Here, all of the Burkhalter factors support the sanction of excluding the newly produced discovery. The government's reason for delay is strategic, and the delay could have been avoided. The documents produced on the evening of September 20, 2026 appear to be signed in February of 2026.

There has been considerable planning and preparation to ensure that the trial goes forward as scheduled. It would be an extraordinary inconvenience to all the parties, but particularly to Mr. Sanon who is incarcerated, if the trial does not move forward as scheduled. Accordingly, the remedy of preclusion has been requested.

Initially, when the Government raised an issue that Mr. Sanon is not a medical doctor within the United States, defense was in agreement and notified the Government that we did not

intend to claim that he was a doctor in the Unted States. However, now the Government has changed the evidence to include matters which purport to be prior bad acts of a fraudulent claim to holding a Florida License, as well as a temporary New Jersey license. These issues are completely irrelevant to the charges.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully request that this Honorable Court grant this Motion and exclude the entirety of the newly produced discovery and for all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

By: */s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No. 23707

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

By: */s/Humberto R. Dominguez*
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 21, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

By: */s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No. 23707