**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN EMMANUEL SANON,

Defendant.
_________________________________________/

**DEFENDANT CHRISTIAN EMMANUEL SANON'S OMNIBUS MOTION TO REQUIRE THE GOVERNMENT TO PROCEED TO TRIAL ON THE FIFTH SUPERSEDING INDICTMENT, AND FOR AN UNREDACTED COPY OF THE SIXTH SUPERSEDING INDICTMENT OR IN THE ALTERNATIVE TO GRANT A 30 DAY ENDS OF JUSTICE CONTINUANCE UNDER UNITED STATES V. ROJAS CONTERAS**

Defendant Christian Emmanuel Sanon, through undersigned counsel, moves following his arraignment on September 21, 2026 the Sixth Superseding Indictment returned on August 27, 2026. That, if the Court is inclined to keep the September 28 trial date, Mr. Sanon asks that the Court require the Government to try him on the Fifth Superseding Indictment (DE 552), the charging instrument on which both parties have prepared for trial. In either event, Mr. Sanon requests that the Court order the Government to provide defense counsel an unredacted copy of every paragraph of the Sixth Superseding Indictment that is re-alleged against him, or in the alternative, and as a final request, grant a limited 30-day ends of justice continuance.

## INTRODUCTION

Thirty-two days before trial, the Government obtained a Sealed Sixth Superseding Indictment which was arraigned on September 21, 2026, one week before trial, that is not a housekeeping amendment. It adds twenty-six named defendants and at least four more whose

paragraphs are redacted; seventy-seven paragraphs of general allegations where the Fifth Superseding Indictment had none; two new conspiracies (bank and wire fraud under 18 U.S.C. § 1349 and money laundering under 18 U.S.C. § 1956(h)) whose factual premises are pleaded in general allegations re-alleged into every count against Mr. Sanon; a conspiracy period for the three life counts that now begins eight months earlier and ends twenty-four days later; a new object of "concealment of an escape"; and twelve new categories of "material support" where the Fifth charged only two.

The Supreme Court anticipated exactly this situation. In holding that a superseding indictment does not automatically restart the Speedy Trial Act's thirty-day trial-preparation period, it explained that "[t]he authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985). This is that case. Mr. Sanon does not ask for a continuance if the Court prefers to hold the trial date, he asks to be tried on the indictment the parties are actually ready to try or in the alternative grant a 30 day ends of justice continuance.

## BACKGROUND

### A. The Fifth Superseding Indictment

The Fifth Superseding Indictment was returned on February 13, 2024 (DE 552). It charged five defendants: Arcangel Pretel Ortiz, Antonio Intriago, Walter Veintemilla, Mr. Sanon and James Solages, in nine counts. It contained no general allegations. Counts 1 through 3, the only counts that carry a potential life sentence, alleged a conspiracy beginning "in or around February of 2021" and "continuing through on or about July 7, 2021," and defined the charged material support as "personnel, including themselves, and services." (DE 552, Counts 1–3.) Mr.

Sanon's four codefendants were tried on that indictment from March through May 2026. Every defense preparation in this case since — witness outlines, exhibit review, motions in limine, and proposed jury instructions — has been built on the Fifth Superseding Indictment and on the theory the Government presented to the jury in that trial.

**B. The Sixth Superseding Indictment**

On August 27, 2026, the grand jury returned a Sixth Superseding Indictment. Counsel received the redacted, copy on September 20, 2026. Mr. Sanon was arraigned on September 21, 2026. Comparing the two instruments, the Sixth changes the case against Mr. Sanon in at least the following respects:

- **The life counts reach eight months further back.** Counts 1 through 3 now allege a conspiracy beginning "in or around June 2020" rather than "February of 2021." The Government's own sworn complaint affidavit against Mr. Sanon placed the start of his alleged involvement at April 1, 2021.
- **The life counts reach past the killing.** Counts 1 through 3 now continue "through on or about July 31, 2021" rather than July 7, 2021, and Counts 1 and 2 now charge support "used in preparation for, in carrying out, and the concealment of an escape from" the § 956 conspiracy. For the first time, conduct after July 7, 2021 is charged as part of the life counts.
- **The material support is a different theory.** Where the Fifth charged only "personnel, including themselves, and services," Counts 1 and 2 of the Sixth charge "property, services, financial services, lodging, training, expert advice and assistance, safehouses, false documentation and identification, communications equipment, facilities, weapons, lethal substances, personnel including themselves, and transportation," and add that the defendants conspired to "conceal and disguise the nature, location, source, and ownership" of that support. Facts that the Government previously charged only as export offenses: the ballistic vests, the travel, the lodging

and the funds may now be offered as the means by which Mr. Sanon committed the life offenses.

- **Seventy-seven paragraphs of general allegations**, all "re-alleged and incorporated fully" into every count against Mr. Sanon, including a new ¶ 36 alleging that Mr. Sanon "worked directly with the CTU and Worldwide companies, Colombian mercenaries, and other individuals and participated in a planned coup d'état in Haiti, including the planned killing or kidnapping of President Moise," and two new aliases, "Mr. President" and "P."

- **Twenty-six new named defendants**, including Joseph Félix Badio, Vitel'Homme Innocent, Byron Sherrod Rainer, seventeen Colombian nationals, Samir Handal and Ashkard Pierre, pleaded as members of a single conspiracy from June 2020 to July 31, 2021. The Government itself told the jury in the Ortiz trial that the principals abandoned Mr. Sanon in June 2021 and pursued a different candidate. Pleading one continuous conspiracy that includes those later participants changes the defense Mr. Sanon must present and multiplies the declarants whose statements the Government may seek to offer under Fed. R. Evid. 801(d)(2)(E).

- **Two new conspiracies that do not name Mr. Sanon but are woven into his counts.** Count 4 (§ 1349) alleges that pandemic-relief fraud proceeds were diverted "to further the fraud scheme and the violations set forth in Counts 1-3," and Count 5 (§ 1956(h)) names §§ 956 and 2339A as specified unlawful activity. The pandemic-relief loan background and the fraud-related entities and individuals are pleaded in ¶¶ 1–77, which are re-alleged into each count against Mr. Sanon.

- **Redacted charging language.** On the copy produced to the defense, substantial portions of ¶¶ 2 through 10, portions of other paragraphs, and all of ¶¶ 57, 59, 61 and 62 are blacked out. Every one of those paragraphs is re-alleged into every count against Mr. Sanon.

- **Renumbering.** The counts against Mr. Sanon are now Counts 1, 2, 3, 6, 7, 8, 9 and 10, in place of Counts 1 through 6, 8 and 9 of the Fifth. Every pending motion, proposed instruction and verdict form must be conformed.

The Government filed its updated exhibit list (DE 1867), listing more than 490 exhibits, and its updated witness list (DE 1868), listing 57 witnesses, on September 9, 2026. The exhibit list includes records and cooperating witnesses — among them two cooperators whose own cases were filed in 2026 — that bear directly on the new fraud and financing allegations.

## ARGUMENT

### I. Rojas-Contreras directs the Court to the ends-of-justice continuance when a superseding indictment prejudices the defendant.

The Speedy Trial Act provides that, absent the defendant's written consent, "the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel." 18 U.S.C. § 3161(c)(2). In *Rojas-Contreras* the Supreme Court held that this thirty-day period runs from the first appearance through counsel and does not begin anew with a superseding indictment: "The statute clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment." 474 U.S. at 234.

The Court did not leave defendants without a remedy. It explained that the district court's authority to grant an ends-of-justice continuance "should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *Id*. at 236. Justice Blackmun, concurring, stated the standard plainly: "To avoid prejudicing a defendant, a continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense." *Id*. at 241. (Blackmun, J., concurring).

Mr. Sanon therefore does not contend that the Sixth Superseding Indictment automatically entitles him to a new thirty-day period. He contends that it prejudices him, that it

requires far more than "an alteration or adjustment in the planned defense," and that the relief *Rojas-Contreras* contemplates is warranted.

**II. The Sixth Superseding Indictment requires a material change in the planned defense.**

The changes set out above are not cosmetic. Each goes to the three counts that carry life imprisonment, and each requires specific additional preparation that could not have been undertaken before August 27, 2026:

- **The new post-July 7 period and "concealment of an escape" object.** The defense has prepared to meet a conspiracy that, as charged, ended on July 7, 2021. The Government may now argue that Mr. Sanon's communications on and after July 8, 2021 are acts within the charged conspiracy rather than after it. That requires new investigation of the post-assassination period, new evidentiary objections, and new proposed instructions.

- **The new forms of material support.** The defense has prepared to contest whether Mr. Sanon provided "personnel" or "services" to a conspiracy to kill or kidnap. The Sixth permits the Government to argue that property, funds, lodging and transportation facts the defense has so far had to meet only in the export and Neutrality Act counts are themselves the life-count offense. The defense's analysis of the Government's financial summary exhibits, its cross-examination of the Government's financial and cooperating witnesses, and its proposed instructions on the elements of Counts 1 and 2 must be redone.

- **The June 2020 start date and the fraud conspiracies.** The Sixth extends the charged period eight months before any conduct by Mr. Sanon alleged in any prior charging document, and ties pandemic-relief fraud by others to Counts 1 through 3. The defense must now prepare to meet and to seek to limit evidence of fraud schemes in which Mr. Sanon is not charged, involving borrowers, brokers and cooperating witnesses whose involvement was not part of the case the parties prepared to try.

- **The single enlarged conspiracy.** A central question for the jury is whether Mr. Sanon was a member of any agreement to kill or kidnap President Moïse, or whether

he was part of an earlier political effort from which he was excluded before any such agreement was formed. By pleading one conspiracy that runs from June 2020 through July 31, 2021 and includes Badio, Innocent and more than twenty others, the Sixth changes that question, enlarges the universe of alleged co-conspirator statements, and requires new briefing on multiple conspiracies, variance and Rule 801(d)(2)(E).

- **New general allegations and aliases.** Paragraph 36 is the first charging allegation that Mr. Sanon "worked directly with… Colombian mercenaries" and participated in a "planned killing or kidnapping." The new aliases "Mr. President" and "P" are prejudicial on their face. These require motions to strike surplusage under Fed. R. Crim. P. 7(d) and for a bill of particulars under Rule 7(f), which Mr. Sanon will file separately and which cannot be briefed and resolved in the time remaining.
- **Redacted allegations.** Mr. Sanon cannot prepare to meet paragraphs he has not been permitted to read. See Part IV below.

Each of these is precisely the "meaningful possibility" of "an alteration or adjustment in the planned defense" that *Rojas-Contreras* identifies. Here it is not a possibility; it is a certainty.

**III. The statutory ends-of-justice factors support a continuance.**

Section 3161(h)(7)(A) excludes delay resulting from a continuance granted at the defendant's request where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Each of the relevant statutory factors applies:

- **Miscarriage of justice, § 3161(h)(7)(B)(i).** Proceeding to trial on life counts whose time period, objects and means have been materially enlarged thirty-two days earlier, without time to prepare against them, risks a miscarriage of justice.
- **Complexity, § 3161(h)(7)(B)(ii).** The case is unusual and complex "due to the number of defendants, the nature of the prosecution, [and] the existence of novel questions of fact or law." The Sixth names at least thirty defendants, alleges conduct in the United States, Haiti, Ecuador and Colombia, and adds fraud and money-

laundering conspiracies to a prosecution under §§ 2339A, 956 and 960 arising from the assassination of a foreign head of state.

- **Time for effective preparation, § 3161(h)(7)(B)(iv).** Failing to grant a continuance "would deny counsel for the defendant… the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Undersigned counsel has exercised diligence: the defense was prepared to try the Fifth Superseding Indictment on September 28. The Government's decision to supersede on the eve of trial, not any lack of diligence by the defense, creates the need for additional time.

The public interest in a speedy trial does not outweigh these considerations. The Government controlled the timing of the Sixth Superseding Indictment. The pandemic-relief fraud on which the new counts rest dates to 2020; the Government's own exhibits show that one of the cooperating witnesses involved in that fraud entered into a cooperation plea agreement in a separate case filed in 2022 (No. 22-60173-CR-RS). The information supporting most of the new allegations was available to the Government long before August 27, 2026. All the while Mr. Sanon awaits trial in custody since July of 2021.

Mr. Sanon requests a continuance of not less than thirty (30) days from the date of his arraignment on the Sixth Superseding Indictment. Thirty days is the period Congress determined, in § 3161(c)(2), to be the minimum reasonable time to prepare for trial after a defendant first appears through counsel on a charge. While that provision does not by its own force apply to a superseding indictment, *Rojas-Contreras*, 474 U.S. at 234, it is a sound measure of the minimum time needed to prepare against a charging instrument that, as to the life counts, is materially new.

## IV. The Court should order the Government to provide an unredacted copy of every paragraph re-alleged against Mr. Sanon.

At arraignment, the Court must ensure "that the defendant has a copy of the indictment." Fed. R. Crim. P. 10(a)(1). The Sixth Amendment guarantees an accused the right "to be informed

of the nature and cause of the accusation." U.S. Const. amend. VI. The copy of the Sixth Superseding Indictment produced to the defense redacts substantial portions of ¶¶ 2 through 10, portions of other paragraphs, and all of ¶¶ 57, 59, 61 and 62 and every one of those paragraphs is "re-alleged and incorporated fully" into each count against Mr. Sanon. Whatever legitimate interest the Government may have in withholding the identities of sealed codefendants from the public, it cannot try Mr. Sanon on allegations his counsel has not been permitted to read. At a minimum, the Court should order that the unredacted paragraphs be produced to defense counsel, subject to an appropriate protective order if necessary, forthwith.

**V. Alternatively, if the Court keeps the September 28 trial date, the Government should be required to proceed on the Fifth Superseding Indictment.**

Mr. Sanon has a strong interest in a prompt trial, and he should not be forced to choose between that right and adequate time to prepare against a charging instrument the Government chose to file on the eve of trial. The Fifth Superseding Indictment remains pending. It is the instrument on which Mr. Sanon's codefendants were tried, on which the Government built its exhibit and witness lists, and on which the defense has prepared.

If the Court is inclined to hold the September 28 trial date, the fair way to do so without prejudice to Mr. Sanon is to require the Government either (a) to proceed to trial against Mr. Sanon on the Fifth Superseding Indictment, or (b) to accept a continuance as set out above. The Government should not be permitted both to keep the trial date and to try Mr. Sanon on a materially broader theory of the life counts that he has had no fair opportunity to meet. *Rojas-Contreras* places the remedy for a prejudicial superseding indictment in this Court's discretion, 474 U.S. at 236, and conditioning the trial date on the Government's election is a measured exercise of that discretion.

In the further alternative, if the Court holds the trial date and permits the Government to proceed on the Sixth Superseding Indictment, Mr. Sanon requests that the Court limit the Government, as to Counts 1 through 3, to the time period (February 2021 through July 7, 2021) and the forms of material support (personnel and services) charged in the Fifth Superseding Indictment, so that he is tried on the case he has prepared to meet.

## CONCLUSION

For these reasons, Mr. Sanon respectfully requests that the Court:

1. if the Court maintains the September 28, 2026 trial date, require the Government to proceed to trial against Mr. Sanon on the Fifth Superseding Indictment, or, in the further alternative, limit the Government as to Counts 1 through 3 to the time period and forms of material support charged in the Fifth Superseding Indictment;
2. continue the trial for a period of not less than thirty (30) days following his arraignment on the Sixth Superseding Indictment, and exclude that period under 18 U.S.C. § 3161(h)(7)(A) upon the findings set out above;
3. order the Government to provide defense counsel, before trial, an unredacted copy of every paragraph of the Sixth Superseding Indictment re-alleged against Mr. Sanon, subject to a protective order if the Court deems one necessary; and
4. set a schedule for the motions to strike surplusage and for a bill of particulars directed to the Sixth Superseding Indictment.

## REQUEST FOR HEARING

Mr. Sanon requests a hearing on this motion at the Court's earliest convenience, and in any event before the September 28, 2026 trial date.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel conferred with AUSA Sean McLaughlin on September 21, 2026, who opposes the omnibus motion.

Dated: September 21, 2026

Respectfully submitted,

/s/ *Humberto R. Dominguez*
Humberto R. Dominguez, PA
9100 S. Dadeland Blvd
Suite 1500
Miami, Florida 33156
Tel: 305-373-6400
Bert@hdominguezlaw.com
CJA Counsel for Christian Emmanuel Sanon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notice of electronic filing to all counsel of record.

/s/ *Humberto R. Dominguez*
Humberto R. Dominguez, PA
9100 S. Dadeland Blvd
Suite 1500
Miami, Florida 33156
Tel: 305-373-6400
Bert@hdominguezlaw.com
CJA Counsel for Christian Emmanuel Sanon