**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_______________________________________/

**DEFENDANT SANON'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT INEXTRICABLY INTERTWINED EVIDENCE (DE 1859), WITH INCORPORATED REQUEST FOR LEAVE TO RESPOND OUT OF TIME**

Defendant Christian Sanon, through undersigned counsel, responds in opposition to the Government's Motion to Admit Inextricably Intertwined Evidence (DE 1859), and requests leave to file this response out of time. The Government asks to present "Defendant Christian Sanon's and cooperating witness Frederick Bergmann's financial history" reaching back to 2004, to show Mr. Bergmann's motive for joining the charged conspiracy and "the Defendant's need to pay back those he owed, including Bergmann." DE 1859 at 1. The motion rests on a theory of who funded the operation, and why, that the Government no longer charges. In support, Mr. Sanon states as follows:

**REQUEST FOR LEAVE TO RESPOND OUT OF TIME**

Mr. Sanon did not initially respond to DE 1859, which was filed on August 31, 2026. No response was filed as the Defense had no objection to the evidence at the time, when Mr. Sanon was fighting against the Fifth Superseding Indictment. The motion appeared to concern only the Government's presentation of a cooperating witness's own motive.

The Court may extend a deadline after it has expired "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Good cause exists. The Government's theory of how the operation was financed, and at whose direction the Colombian nationals acted, has been set out in a Sixth Superseding Indictment returned on August 27, 2026.

At the time the Government filed their motion on August 31, 2026, they were building their case and their new theory against Sanon under their new indictment. But, they failed to notify Sanon and the undersigned counsel that a new indictment was returned, that their theory changed. The Government went as far as proceeding to a calendar call on September 15, 2026 and never once mentioned that a new indictment was returned against Sanon. The undersigned learned of the new indictment a week before the scheduled trial. The response is filed before trial, and the Government suffers no prejudice from the Court's considering it.

**ARGUMENT**

**I. The evidence is offered to complete a story the Government no longer tells**

The Government's only basis for admission is that the financial history is "necessary to complete the story of the crime for the jury." DE 1859 at 2. Evidence admitted on that basis must complete the story the Government is actually presenting. DE 1859 presents Mr. Sanon as the man who hired the Colombians and solicited funders, and Mr. Bergmann as a funder motivated by repayment. The Sixth Superseding Indictment presents CTU and the Worldwide Group as the companies that recruited, hired and paid for the Colombians, with pandemic-relief loan proceeds, for their own business reasons, and it presents the Colombians as acting at those companies' direction.

The Government cannot tell the jury both stories. If CTU and the Worldwide Group financed and directed the operation in exchange for future contracts, then Mr. Bergmann's hope of

recovering investments he made in Mr. Sanon's businesses beginning in 2004 does not "complete" that story. It supplies a competing one, built on Mr. Sanon's past business failures and debts, and the Government offers it for the very inference the Sixth Superseding Indictment no longer supports: that Mr. Sanon was the source and center of the operation. The inconsistency is itself the best evidence that the financial history is not necessary to the Government's account.

The conclusion of DE 1859 also announces a new motive theory against Mr. Sanon: "the Defendant's need to reimburse Bergmann for the funds owed." DE 1859 at 4. The body of the motion offers no support for it, and the Sixth Superseding Indictment does not allege it. A defendant's indebtedness offered to explain why he would commit a crime is evidence about the defendant, not about the witness, and it must meet the rules that govern such evidence.

**II. Seventeen years of failed business ventures are not intrinsic to the charged offenses**

The Eleventh Circuit treats evidence of uncharged conduct as intrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (quoting *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005)). Such evidence "is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Id.* (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)).

None of those conditions is met. Investments beginning in 2004 in business ventures that had nothing to do with Haiti's government are not "linked in time and circumstances" with a conspiracy the Government now says began in June 2020. They are separate transactions, separated by as much as sixteen years. They do not form part of any witness's account of the

charged offenses; they form part of Mr. Bergmann's account of why he was frustrated with Mr. Sanon. And the Government's own description of the evidence (ventures "none of which bore fruit," "millions of dollars" lost, a friend left "financially overextended and desperate") shows what the jury would take from it: that Mr. Sanon is a failed businessman who took his friend's money and did not pay it back. That is an inference about character, and Rule 404(b)(1) bars it: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

Labeling the evidence intrinsic does not avoid Rule 404(b)(3). If the Government intends to argue that Mr. Sanon's debts gave him a motive to join the conspiracy, it must provide written notice that articulates "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

**III. Even if intrinsic, the evidence fails Rule 403**

"[E]vidence of criminal activity other than the charged offense, whether inside or outside the scope of Rule 404(b), must still satisfy the requirements of Rule 403." *Edouard*, 485 F.3d at 1344. Rule 403 permits exclusion when probative value "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

The probative value is slight. Mr. Bergmann's motive is not an element of any offense charged against Mr. Sanon. If the Government believes the jury needs to know why Mr. Bergmann

participated, he can say in a sentence that he hoped to benefit financially if Mr. Sanon became president. The history of what he invested, in what, beginning when, and how much he lost adds nothing to that sentence except prejudice to Mr. Sanon.

The prejudice and confusion are substantial. The Government's assurance that it will not offer "detailed records of the prior business ventures" or "delve into why they failed" (DE 1859 at 3) does not help Mr. Sanon: once Mr. Bergmann tells the jury he lost millions of dollars on Mr. Sanon's ventures, Mr. Sanon must either leave that account unanswered or rebut it venture by venture, turning a murder-conspiracy trial into a trial about unrelated business disputes going back to 2004. And the evidence would invite the jury to adopt the funding narrative of DE 1859 over the one in the Sixth Superseding Indictment.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully request that this Honorable Court grant this Motion and for all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

By: */s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No. 23707

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

By: */s/Humberto R. Dominguez*
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 22, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:__________________________________
Zeljka Bozanic
Florida Bar No. 23707