UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION TO DISMISS COUNTS 6 THROUGH 10 OF THE SIXTH SUPERSEDING INDICTMENT AS BARRED BY THE STATUTE OF LIMITATIONS, 18 U.S.C. § 3282(a)**

Defendant Christian Sanon, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), moves to dismiss Counts 6 through 10 of the Sixth Superseding Indictment. Every act alleged in those counts occurred on or before July 31, 2021. The grand jury returned the Sixth Superseding Indictment on August 27, 2026, five years and twenty-seven days later. The general federal limitations period is five years. 18 U.S.C. § 3282(a). Those counts are therefore untimely on the face of the charging document unless they relate back to the Fifth Superseding Indictment, and they do not, because the Sixth Superseding Indictment did not simply renumber them. It rewrote what they allege. The Government then held that Indictment for twenty-five days before bringing Mr. Sanon, who has been in federal custody across the street from this courthouse, before the Court to be arraigned on it. He will be tried seven days after his first appearance on the new Indictment.

**COUNTS CHARGED IN THE SIXTH SUPERSEDING INDICTMENT**

Each of Counts 6 through 10 alleges conduct that ended more than five years before August 27, 2026.

| **Count** | **Last act alleged** | **Limitations period expired** |
|---|---|---|
| Count 6 (18 U.S.C. § 371) | July 31, 2021 | July 31, 2026 |
| Count 7 (18 U.S.C. § 960) | July 31, 2021 | July 31, 2026 |
| Count 8 (18 U.S.C. § 371) | June 10, 2021 | June 10, 2026 |
| Count 9 (18 U.S.C. § 554) | June 10, 2021 | June 10, 2026 |
| Count 10 (13 U.S.C. § 305) | June 10, 2021 | June 10, 2026 |

The latest overt act alleged anywhere in Counts 6 through 10 is July 7, 2021. No act alleged in any of those counts falls within five years of the return of the Sixth Superseding Indictment. That is true of the original allegations, and it is equally true of every allegation the Government added.

Mr. Sanon does not make this motion as to Counts 1 through 3. Those counts charge offenses under 18 U.S.C. §§ 2339A and 956(a)(1), both listed in 18 U.S.C. § 2332b(g)(5)(B), and the Government alleges that death resulted. Section 3286(b) permits an indictment for a listed offense whose commission "resulted in, or created a forseeable risk of, death or serious bodily injury to another person" to be found "at any time without limitation." 18 U.S.C. § 3286(b).

Counts 6 through 10 are different. Title 18, United States Code, Sections 371, 960 and 554, and Title 13, United States Code, Section 305, are not listed in § 2332b(g)(5)(B). Section 3286 does not reach them, and they are governed by the ordinary five-year period of § 3282(a).

The Fifth Superseding Indictment was returned on February 13, 2024 [DE 552]. It charged five defendants in nine counts, and it contained no general allegations at all. Each count began with its own charging paragraph.

The Sixth Superseding Indictment charges twenty six named defendants and at least four more whose paragraphs are redacted on the copy produced to the defense, and it opens with seventy-seven paragraphs of general allegations. The counts Mr. Sanon faces were renumbered as follows:

| Fifth Superseding | Sixth Superseding | Charge |
|---|---|---|
| Count 4 | Count 6 | Conspiracy to commit offenses against the United States, 18 U.S.C. § 371 (object: § 960) |
| Count 5 | Count 7 | Expedition against friendly nation, 18 U.S.C. §§ 960, 2 |
| Count 6 | Count 8 | Conspiracy to commit offenses against the United States, 18 U.S.C. § 371 (objects: § 554; 13 U.S.C. § 305) |
| Count 8 | Count 9 | Smuggling goods from the United States, 18 U.S.C. §§ 554, 2 |
| Count 9 | Count 10 | Submitting false or misleading export information, 13 U.S.C. § 305 |

Count 4 of the Fifth Superseding Indictment charged a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 960, and it alleged a single overt act: that on April 4, 2021, Joseph Joel John travelled from Haiti to the Southern District of Florida to meet with co-conspirators.

That Count 4 now became Count 6 of the Sixth Superseding Indictment charges the same statute over the same period and alleges ten overt acts. Nine of them are new.

| Count 4, Fifth Superseding | Count 6, Sixth Superseding |
|---|---|
| Overt act 1- April 4, 2021 J. J. John travelled from Haiti to the Southern District of Florida to meet with co-conspirators. | Overt act 3- The same allegation, with Byron Sherrod Rainer added to the persons met. |

| Count 4, Fifth Superseding | Count 6, Sixth Superseding |
| --- | --- |
| None. | Overt act 4- April 30, 2021 Worldwide Capital Lending Group provided CTU a $175,000 line of credit to finance CTU's support of Mr. Sanon. |
| None. | Overt act 5- May 17, 2021 Mr. Sanon signed a “Consultant Agreement” with CTU. |
| None. | Overt act 6- May 21, 2021 Mr. Sanon and Antonio Intriago transported ballistic vests aboard a private flight to Haiti. |
| None. | Overt act 7- June 2, 2021 Walter Veintemilla paid $9,145.00 to fund the travel of approximately eighteen Colombian nationals with military training to Haiti. |
| None. | Overt act 8- June 3, 2021 Veintemilla wired $15,000 to James Solages to fund the acquisition of ammunition. |
| None. | Overt act 9- June 10, 2021 Mr. Sanon, Intriago and Frederick Bergmann, Jr. caused a shipping company to export ballistic vests to Haiti. |
| None. | Overt act 10- June 28, 2021 Solages flew to Florida to deliver a purported Haitian immunity agreement. |
| None. | Overt act 11- July 1, 2021 Solages returned to Haiti to participate in the operation against President Moise. |
| None. | Overt act 12.- July 7, 2021 — Solages, Joseph Vincent, German Alejandro Rivera Garcia, Mario Antonio Palacios Palacios and other conspirators travelled in a convoy of vehicles to President Moise's residence to conduct the operation against President Moise. |

The first issue is the financing. Overt acts 4, 7 and 8 allege a line of credit, a travel payment and an ammunition payment, allegations that exist in the Sixth Superseding Indictment because of the new general allegations describing the CTU and Worldwide companies as having operated with “PPP and EIDL loan proceeds” and having “recruited, hired, and otherwise materially provided for Colombian mercenaries” “[i]n exchange for future infrastructure and security

contracts." None of that was in the Fifth Superseding Indictment in any form. The second is overt act 12. The Government has moved the assassination of President Moise into a § 371 count where, under the Fifth Superseding Indictment, the only overt act was a meeting in Florida three months earlier. A defendant preparing to defend Count 4 of the Fifth Superseding Indictment was preparing to defend an allegation about a meeting. A defendant preparing to defend Count 6 of the Sixth is preparing to meet an allegation about a killing.

Every count of the Sixth Superseding Indictment begins with the sentence: "Paragraphs 1-77 of the General Allegations section of this Sixth Superseding Indictment are re-alleged and incorporated fully herein by reference." Counts 6, 7, 8, 9 and 10 each begin that way. The Fifth Superseding Indictment had no general allegations to incorporate, and none of its counts incorporated anything.

Those seventy-seven paragraphs are not a restatement of what was charged before. Eleven of them describe the CARES Act, the Paycheck Protection Program and Economic Injury Disaster Loans, and define "PPP and EIDL brokers" and "PPP and EIDL borrowers" as persons who "fraudulently obtained and used" loan proceeds. Others add twenty five defendants, describe seventeen Colombian nationals as "operating at the direction of the CTU and Worldwide Group companies," and support two entirely new counts, Counts 4 and 5, charging a bank and wire fraud conspiracy and a money laundering conspiracy. Paragraph 36 describes Mr. Sanon for the first time as a "purported pastor and medical doctor" who "participated in a planned coup d'état in Haiti, including the planned killing or kidnapping of President Moise," and adds the aliases "Mr. President" and "P." All of this is a new part of the ballistics vests counts.

The dates alleged in Counts 6 through 10 are the same as the dates alleged in their predecessors. That does not help the Government; it is the reason the counts are time-barred. The

Government will say that identity of overt acts establishes relation back as to Count 8. But overt acts are not the measure. The measure is the factual allegations on which the Government relies to prove the offense, and Count 8 now rests on seventy-seven paragraphs of allegations that did not exist when those overt acts were first alleged.

The grand jury returned the Sixth Superseding Indictment on August 27, 2026. Mr. Sanon was not arraigned on it until September 21, 2026, twenty-five days later, and seven days before the trial date. He has been detained in the custody of the United States throughout these proceedings, at the federal detention facility across the street from this courthouse. He was available to be produced on any of those twenty-five days.

| **Date** | **Event** | **Days to trial** |
|---|---|---|
| August 27, 2026 | Grand jury returns the Sixth Superseding Indictment. | 32 |
| August 27- September 21, 2026 | Mr. Sanon remains in federal custody. He is not brought before the Court on the new charges. | |
| September 21, 2026 | Mr. Sanon is arraigned on the Sixth Superseding Indictment. | 7 |
| September 28, 2026 | Trial is set to begin. | 0 |

Of the thirty-two days between the return of the Sixth Superseding Indictment and the trial date, the Government took twenty-five days.

## MEMORANDUM OF LAW

### I. Counts 6 Through 10 Are Untimely on the Face of the Sixth Superseding Indictment

Section 3282(a) provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been

committed." 18 U.S.C. § 3282(a). The Sixth Superseding Indictment alleges no act in Counts 6 through 10 later than July 31, 2021, and it was returned on August 27, 2026. On its face it is outside the period for every one of those counts.

**II. Relation Back Is Measured by the Factual Allegations**

The Eleventh Circuit recognizes "two ways for a superseding indictment to be timely under a statute of limitations. First, it may allege charges that are independently timely, that is, the alleged charges occurred within the applicable statute of limitations based on the date the superseding indictment was returned. Second, it may make new allegations that 'relate back' to an earlier indictment because the new charges do 'not broaden or substantially amend the original [timely] charges.'" *United States v. Rivera*, 136 F.4th 1284, 1288 (11th Cir. 2025) (quoting *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990)). Counts 6 through 10 are not independently timely, so the Government must rely on the second route. Relation-back analysis "comes into play only if the superseding indictment is 'brought after' the statute of limitations." This is such a case. See also *United States v. Ratcliff*, 245 F.3d 1246, 1253 (11th Cir. 2001).

Under *Italiano*, "[a] superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." 894 F.2d 1282. Three features of that test decide this motion. First, the comparison is not between statutory citations: "the charges in the superseding indictment are defined not simply by the statute under which the defendant is indicted, but also by the factual allegations that the government relies on to show a violation of the statute." *Id.* Second, the purpose of the test is notice: "Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has

been placed on notice of the charges against him." *Id.* at 1283. Third, the limitations bar exists to protect a defendant from "having to defend [himself] against charges when the basic facts may have become obscured by the passage of time." *Id.* at 1282 (quoting *Toussie v. United States*, 397 U.S. 112, 114-15 (1970)).

**III. Farias and Ratcliff Analysis**

The Eleventh Circuit has applied this test at both ends. In *United States v. Farias*, 836 F.3d 1315 (11th Cir. 2016), the court held that a superseding indictment related back where it *narrowed* the case: it omitted substantive counts, narrowed the timeframe of the conspiracy, and omitted one overt act. Both indictments alleged the very same object of the conspiracy, and the superseding indictment carried forward the same overt acts as the original, less the one it dropped. It added none. On that record the charges had not been broadened or substantially amended, and the untimely indictment was saved.

*Ratcliff* is the other end, and it is the closer case. There the original indictment charged a conspiracy spanning roughly six or seven months and a single smuggling episode involving five co-conspirators. The superseding indictment, returned after the limitations period had run, charged a conspiracy "[b]eginning in 1980 and continuing through 1993", "a change which expanded the length of the conspiracies by at least twelve years", and alleged at least eight separate smuggling ventures rather than one, fifteen or more co-conspirators rather than five, and roughly 6,800 pounds of marijuana rather than at most 1,500. The Eleventh Circuit held that the superseding indictment had materially broadened and substantially amended the conspiracy charges, vacated the judgment, reversed the denial of the motion to dismiss, and remanded with instructions to dismiss the conspiracy counts. *Ratcliff*, 245 F.3d at 1253-54.

*Ratcliff* did not turn on any single factor. It looked at what the superseding indictment did to the size and shape of the conspiracy the defendant had to meet: how long it ran, how many discrete ventures it comprised, how many people were in it. Measured against those same factors, the Sixth Superseding Indictment did to Count 6 what the superseding indictment in *Ratcliff* did to Counts I and II. It multiplied the transactions from one to ten. It multiplied the persons alleged to be in the conspiracy from five named defendants to twenty-six named defendants and at least four more the defense cannot read. It did all of this in a charging instrument returned five years after the conduct ended. Mr. Sanon is in the position of the defendant in *Ratcliff*, not the defendant in *Farias*. Nothing was narrowed, nothing was dropped, and nine overt acts were added.

**IV. Measured by the Factual Allegations,**
**These Counts Were Broadened and Substantially Amended**

In Count 6, the Government added nine overt acts to a count that had one. It added a line of credit, two payments funding the travel and arming of Colombian nationals, a vest shipment, an immunity-agreement delivery, a return flight to Haiti, and the convoy that carried the men who killed President Moise to his residence. A count whose only alleged overt act was an April meeting now alleges the killing itself. That is a definition of broadening a charge. Each of those nine acts is independently time-barred: the latest, July 7, 2021, is more than five years before August 27, 2026. The Government did not merely restate a timely charge, it added untimely allegations to it.

In Count 7, the substantive § 960 count was charged in the Fifth Superseding Indictment against five defendants and is charged in the Sixth against Mr. Sanon alone, supported now by seventy-seven paragraphs describing a loan-fraud scheme, a mercenary-financing arrangement and a characterization of Mr. Sanon's own identity and role that did not previously exist. The statutory text of the count is the same, but the theory of the case behind it is not.

In Counts 8, 9 and 10: The export counts now name Mr. Sanon alone and incorporate the seventy-seven paragraphs. The Government may attempt to argue that the overt acts of Count 8 are identical to those of its predecessor and will invoke *Farias*. The answer does not hold. In *Farias* the superseding indictment took things away and added nothing. It omitted substantive counts, narrowed the conspiracy's timeframe, and dropped an overt act. Here the Government dropped nothing from these counts and added seventy-seven paragraphs of allegations about a pandemic-relief loan fraud, twenty-five additional defendants and a mercenary-financing arrangement, then incorporated all of it into Counts 8, 9 and 10. *Farias* describes an indictment that got smaller. This one got larger in every dimension *Ratcliff* measured. The Government's position must be that those paragraphs are mere background that changes nothing about what these counts charge. It cannot hold that position and also incorporate them. A charging document means what it says, and what the Sixth Superseding Indictment says is that paragraphs 1 through 77 are "re-alleged and incorporated fully" into Counts 8, 9 and 10. Under *Italiano*, the charges are defined by the factual allegations the Government relies on. The Government has told the Court, in the indictment itself, which allegations it relies on.

**V. The Government's Twenty-Five-Day Delay Is Inconsistent With the Notice Premise**

Relation back is not a technicality. It is a notice doctrine, and the Eleventh Circuit has said so in terms: "Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him." *Italiano*, 894 F.2d at 1283. The doctrine tolerates an untimely superseding indictment only because of that assumption.

Mr. Sanon does not argue that the delay in arraigning him lengthened or shortened the limitations period. The period is measured from the date the indictment was found. 18 U.S.C. § 3282(a). He argues that the delay is evidence of how the Government itself understood these charges, and that it is irreconcilable with the position the Government must now take. The Government's position must be that Counts 6 through 10 charge the same offenses, on substantially the same facts, as the counts they replaced. The Government added nine overt acts to one count and incorporated seventy-seven paragraphs of allegations that had no counterpart in the Fifth Superseding Indictment. Mr. Sanon was entitled to notice of the difference, and the Government held that notice for twenty five days while he was detained at the Federal Detention Center in Miami, across the street. They did not have to locate him or transport him from another country. He sat across the street and the Government did nothing for twenty five days. The government even appeared at the calendar call on September 15, 2026 and said nothing about the new Indictment. Mr. Sanon was present in court and the Government kept quiet and announced ready for trial. They decided not to inform the Court, Mr. Sanon or his counsel of the new Indictment.

A defendant in custody a short walk from the courthouse is the easiest defendant in the district to arraign. The Government treated these charges as urgent enough to present to a grand jury five weeks before trial and not urgent enough to bring before the Court for twenty-five days, even though trial was set within a month. It cannot now ask this Court to assume that Mr. Sanon has had the notice the limitations period exists to guarantee.

The Court "may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; . . . or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). Both subsections are implicated. The allegations now supporting Counts 6 through 10 were presented to a grand jury more than five years after the conduct ended, on evidence the

Government does not claim was unavailable. The resulting indictment was then held for twenty-five days before a detained defendant was brought before the Court on it. Rule 48(b) commits the remedy to this Court's discretion, and a defendant in continuous federal custody, arraigned on a rewritten indictment one week before jury selection, is the circumstance the rule exists to address.

**VI. The Government Has Already Informed This Court That Context Is Not Surplus**

In its motion to admit evidence of Mr. Sanon's financial history with the cooperating witness Frederick Bergmann [DE 1859], the Government argues that context, motive and the "complete story" of the charged offenses are necessary to the jury's understanding of this case. It cannot be true that surrounding context is essential when the Government wants to put it before the jury and immaterial when Mr. Sanon points out that it was added after the limitations period ran. If the seventy-seven paragraphs are as central to these counts as the Government's own filings say context is, then the counts were substantially amended and do not relate back. If the paragraphs are not part of the charges at all, they had no business being incorporated into them and should be stricken.

**CONCLUSION**

Counts 6 through 10 should be dismissed as time-barred, and independently under Federal Rule of Criminal Procedure 48(b). In the alternative, if the Court concludes that some part of those counts relates back to the Fifth Superseding Indictment, the Court should hold the Government to the charges as they existed there: strike paragraphs 1 through 77 from Counts 6 through 10, strike overt acts 4 through 12 of Count 6, and try the counts that were timely returned rather than the counts the Government wrote five years after the conduct ended.

**WHEREFORE,** the Defendant, CHRISTIAN SANON, respectfully requests that this Honorable Court dismiss Counts 6 through 10 of the Sixth Superseding Indictment as barred by

the statute of limitations, 18 U.S.C. § 3282(a), and under Federal Rule of Criminal Procedure 48(b), or in the alternative strike the incorporated general allegations and the added overt acts from those counts, and grant all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

By: */s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No. 23707

By: */s/Humberto R. Dominguez*
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 23, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

By: */s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No. 23707