UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_________________________________________/

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF BRADY MATERIAL, CO-DEFENDANTS' STATEMENTS AND GRAND JURY TESTIMONY**

Defendant Christian Sanon, through undersigned counsel, moves to compel production of Brady material that has not been disclosed, co-defendants' statements and grand jury testimony. The Government has not produced any reports of investigation or statements of the co-defendants charged in the Sixth Superseding Indictment. On September 21, 2026, at Mr. Sanon's arraignment, the Court entered a Brady order. The Court's order provides:

"It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence - that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court."

The Fifth Superseding Indictment charged five defendants. The Sixth Superseding Indictment, returned August 27, 2026, charges twenty-six named defendants and at least four more whose paragraphs remain redacted. Among those charged for the first time are Joseph Felix Badio, Vitel'homme Innocent, Byron Sherrod Rainer, Samir Handal, Ashkard Pierre, Jameela Ammara Simmons, Marcel Williamson, Travis Barrett Nave, and seventeen Colombian nationals.

Most of them were not at liberty here. They were brought to the United States from Haiti, where the Colombian nationals and others had been held in a Haitian prison. A few were already in this country. Ashkard Pierre was allegedly arrested in Canada. The United States negotiated and effected those transfers, transported these men, and took them into custody on arrival.

It is reasonable to presume that at least some of these individuals have been interviewed. That presumption is not speculation. The Government has told this Court that the redactions in the Sixth Superseding Indictment were preserved "in light of the ongoing investigation of this matter." DE 1906 at 12. An investigation that is ongoing is an investigation in which people are being interviewed. What any of them said is known to the Government and not disclosed to Mr. Sanon as of today, five days before his scheduled trial.

No statement of any newly charged defendant has been produced. Their conduct is not collateral: paragraphs 1 through 77 of the Sixth Superseding Indictment are re-alleged into every count Mr. Sanon faces, and those paragraphs describe the Colombian nationals as "operating at the direction of the CTU and Worldwide Group companies." The Government's response filed this week states instead that Mr. Sanon "recruited and gathered the group of conspirators." DE 1906 at 5. What these men told investigators about who recruited, paid and directed them bears directly on that dispute, and any statement supporting the indictment's version is favorable to Mr. Sanon.

## MATERIAL REQUESTED

As to each defendant first charged in the Sixth Superseding Indictment, Mr. Sanon requests:

(a) Every statement made to any law enforcement officer or prosecutor: post-arrest statement, proffer, debriefing or interview — and every agent's report or summary of any such statement, including FBI 302s and equivalent reports of other agencies.

(b) The agents' rough or handwritten notes, wherever they contain anything material that does not appear in the finished report.

(c) Any statement obtained from, taken by, or shared with a foreign authority, including Haitian and Canadian authorities.

(d) Any grand jury testimony.

(e) If the Government should add any of them to its witness list: all plea, cooperation, proffer and immunity agreements, every promise or benefit discussed or conferred, criminal history, and any prior inconsistent statement.

The undersigned also requests any and all other Brady materials that have not yet been produced to the Defense.

Mr. Sanon further requests that the Court direct the Government to state, as to each defendant first charged in the Sixth Superseding Indictment, (i) whether he has been interviewed by or in the presence of any agent or attorney of the United States, and if so when and where, and (ii) whether he has entered into or is negotiating any agreement to cooperate. Neither question asks for work product; each asks for a fact. If none of these defendants has been interviewed, the Government can say so in a sentence and this motion is resolved. If any has been, the reports exist, they have not been produced, and whatever in them is favorable to Mr. Sanon or bears on the

credibility of a Government witness falls within the order this Court entered on September 21, 2026.

Pursuant to Local Rule 88.9, the undersigned has contacted the Government regarding their position on this motion and has not heard back as of the time of the filing of this motion.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully requests that this Honorable Court grant this Motion and order the Government to produce the material described above.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

*/s/Zeljka Bozanic*
By:________________________________
Zeljka Bozanic
Florida Bar No. 23707

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

*/s/Humberto R. Dominguez*
By:________________________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 23, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:________________________________
Zeljka Bozanic
Florida Bar No. 23707