UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION TO EXCLUDE THE LATE-PRODUCED COLLEGE RECORDS**

Defendant Christian Sanon, through undersigned counsel, under Fed. R. Crim. P. 16 and Fed. R. Evid. 401, 403 and 404(b), moves to exclude the Medgar Evers College Records, along with the Business Records Certification, that the Government produced on September 23, 2026. In support, Mr. Sanon states as follows:

**BACKGROUND**

On September 23, 2026, the Government produced Medgar Evers College Records and the Business Records Certification. Nothing in the production suggests the Government could not have obtained these records earlier. Mr. Sanon was indicted in 2023, and the Government has been assembling credential-related exhibits for months.

On September 16, 2026, the Government produced additional medical license records, and Mr. Sanon moved to exclude that material [DE 1884]. Before that motion has been resolved, the Government has produced 264 more pages on the same subject on September 22, 2026 and Mr. Sanon moved to exclude those records on the same day [DE 1903].

**ARGUMENT**

**I. The production is untimely, and exclusion is the appropriate remedy**

Rule 16(a)(1)(E) requires the Government, on request, to permit inspection of documents within its possession, custody or control that are material to preparing the defense or that the Government intends to use in its case-in-chief. Rule 16(c) imposes a continuing duty: “A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court.” Fed. R. Crim. P. 16(c). When a party fails to comply, the Court “may: (A) order that party to permit the discovery or inspection . . . ; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.” Fed. R. Crim. P. 16(d)(2).

The Government’s late production makes it impossible for Mr. Sanon to prepare for trial.

**II. The records are irrelevant to every count in the Fifth and Sixth Superseding Indictment**

Evidence is relevant only if it has “any tendency to make a fact more or less probable than it would be without the evidence” and “the fact is of consequence in determining the action.” Fed. R. Evid. 401.

The counts against Mr. Sanon are a material support conspiracy and substantive count under 18 U.S.C. § 2339A, a conspiracy to kill or kidnap a person outside the United States under 18 U.S.C. § 956(a)(1), a conspiracy and substantive offense under 18 U.S.C. §§ 371 and 960, and export offenses concerning ballistic vests under 18 U.S.C. § 554 and 13 U.S.C. § 305.

The Government seems to be on a mission to introduce prior bad acts, medical license records and now college grades in order to somehow prove their theory that Mr. Sanon engaged in a conspiracy to kidnap or kill the President of Haiti. That is exactly the type of character evidence that Rule 404(b)(1) forbids: “Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance

with the character." Fed. R. Evid. 404(b)(1). If the Government intends to offer the records for a permitted purpose, Rule 404(b)(3) required written notice before trial articulating "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

**III. Any conceivable probative value is substantially outweighed by unfair prejudice and delay**

Fed. Rule 403 permits exclusion where probative value "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Evidence of uncharged conduct, "whether inside or outside the scope of Rule 404(b), must still satisfy the requirements of Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

These records, just like the records that the Government has been producing in the last few days are irrelevant and highly prejudicial.

**WHEREFORE,** the Defendant, CHRISTIAN SANON, respectfully requests that this Honorable Court grant this Motion, exclude the college records and its attachements, and any testimony, exhibit, summary or argument based on them, and grant all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.

Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

*/s/Zeljka Bozanic*
By:________________________________
Zeljka Bozanic
Florida Bar No. 23707

*/s/Humberto R. Dominguez*
By:________________________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 23, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:________________________________
Zeljka Bozanic
Florida Bar No. 23707