UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_______________________________________/

**DEFENDANT'S OBJECTION TO THE GOVERNMENT'S FIFTH SUPPLEMENTAL NOTICE OF INTENT TO SEEK ADMISSION OF SELF-AUTHENTICATING RECORDS [DE 1979] AND MOTION TO STRIKE**

Defendant Christian Sanon, through undersigned counsel, objects to the Government's Fifth Supplemental Notice of Intent to Seek Admission of Self-Authenticating Records [DE 1979], filed September 23, 2026, five days before trial, and moves to strike it as to the exhibits identified below. The notice adds twenty-four certifications, numbered Exhibits 169 through 192. Two of them identify no records at all. One purports to authenticate foreign records under a rule that does not apply in criminal cases, and it consists of two letters the Government has held since February. Six more are noticed for records the Government concedes it does not yet have.

## ARGUMENT

### I. Two of the Certifications Identify No Records

Rule 902(11) permits self-authentication of a domestic record "as shown by a certification of the custodian or another qualified person." Fed. R. Evid. 902(11). A certification that does not say what it certifies authenticates nothing. The form the Government used makes the point itself: paragraph 2 of each certification directs the declarant to identify the records "[p]rint or type description in space below."

Exhibit 192, the Medgar Evers College certification signed by Norma Goodman on September 17, 2026, leaves that space blank. The paragraph contains only the printed instruction and nothing else: no record, no date range, no description, no Bates reference. It does not certify anything.

Exhibit 188, the ECFMG certification signed by Francine Halushka Katz on September 22, 2026, fills the space with six words: "Records kept in ordinary place of business." That is a restatement of one of the foundational elements; it is not an identification of any record. It does not name Mr. Sanon. It does not describe the sixteen files the Government produced, the database screens, or the 264-page archived paper file. The contrast with Exhibit 189 is instructive: the New Jersey certification, signed by Howard Pine on September 18, 2026, identifies its records as "New Jersey Division of Consumer Affairs' Temporary Emergency Reciprocity Licensure records for Christian Sanon." That is what Rule 902(11) contemplates. Exhibits 188 and 192 do not do it.

Neither exhibit can be cured by argument at trial. The certification is the substitute for a live custodian, and a certification that identifies no records cannot substitute for anything.

**II. The Dominican Republic Exhibit is not Self-authenticating in a Criminal Case**

Exhibit 190 is offered to authenticate GX 4E-8, described on the exhibit list as "Christian Sanon Certified Dominican Republic UTESA Records & Translation." It consists of two letters on the letterhead of Universidad Tecnológica de Santiago, each bearing a stamp and an illegible signature. Neither is accompanied by any certification.

The Government's notice invokes Rule 902(12). That rule does not apply. By its own terms, Rule 902(12) governs certified foreign records "[i]n a civil case." Fed. R. Evid. 902(12). This is a criminal case. Foreign records of regularly conducted activity are admissible in a criminal proceeding under 18 U.S.C. § 3505, and that is the provision the Eleventh Circuit applies. See

*United States v. Ross*, 33 F.3d 1507, 1515 (11th Cir. 1994) (foreign business records were introduced "pursuant to 18 U.S.C.A. § 3505," which "allows the admission of foreign records of regularly conducted activity if supported by an affidavit meeting specifically delineated standards"). Section 3505 requires a "foreign certification" — defined as "a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country." 18 U.S.C. § 3505(c)(2). No such declaration accompanies Exhibit 190. There is no attestation under penalty of Dominican law, and nothing establishing the four matters § 3505(a) requires.

Nor does Rule 902(3) supply the missing foundation. That rule governs foreign public documents and requires a "final certification" of the genuineness of the signature and official position of the signer, or a chain of such certificates. Fed. R. Evid. 902(3). Exhibit 190 has none. Universidad Tecnológica de Santiago is a private university, and the two letters are signed by a human resources lawyer and a campus director of registration. The Government evidently knows what Rule 902(3) requires: Exhibit 191, the Haiti exhibit, is accompanied by an Attachment A certificate of authenticity executed by the Minister of Justice of the Republic of Haiti. Exhibit 190 has no counterpart.

Section 3505(b) independently requires that notice be given "[a]t the arraignment or as soon after the arraignment as practicable." 18 U.S.C. § 3505(b). The Government's notice represents that it "recently received" Exhibits 169 through 192. As to Exhibit 190 that is not correct. The two UTESA letters are dated on their face February 2, 2026 and February 3, 2026. The Government has held them for nearly eight months. It disclosed them two days before trial.

**III. What Exhibit 190 Actually Says is not What the Notice Describes**

The notice lists Exhibit 190 under the heading "Dominican Republic — Certified medical records or lack thereof for: 1. Christian Sanon." Neither letter is a medical record or a certification regarding one.

The first letter, dated February 3, 2026, is signed by Alba Salado, Esq., of the "Human Resources Department, Santo Domingo." It states: "We hereby certify that Mr. Christian Enmanuel Sanon is not listed in our database of administrative staff and faculty." It certifies that Mr. Sanon was not an employee of the university. No count in this case, and no allegation in the Sixth Superseding Indictment, concerns whether Mr. Sanon was employed by a Dominican university. The letter is irrelevant on any view of the case. Fed. R. Evid. 401, 402.

The second letter, dated February 2, 2026, is signed by Somalia Superví Bello, M.A., Director of Registration, and states that Mr. Sanon "is not enrolled as a student, whether active or inactive, nor is he listed as a graduate of this institution." That proposition is unremarkable, because Mr. Sanon has never claimed to have attended that institution. The ECFMG credential file the Government itself produced on September 22, 2026 records his medical school as Universidad Eugenio María de Hostos. A certification that he did not attend a different school proves nothing and invites the jury to draw an inference the document does not support. Fed. R. Evid. 403.

**IV. The Government Has Noticed Records It Does not yet Have**

The first entry in the notice is marked with an asterisk. It identifies the "U.S. Department of War" and lists certifications of employment or lack thereof for six individuals: Samir Handal, Dumel Joseph, Richard Weiner, Paul Richardson, David Alexis and Parnell Duverger. The notice explains the asterisk: "The Government awaits subpoena returns and certifications marked with an asterisk. Once received, this notice will be amended accordingly."

A notice under Rule 902(11) must be accompanied by making "the record and certification available for inspection, so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11). The Government cannot make available what it does not possess, and Mr. Sanon cannot challenge a certification that has not been written. Five days before trial, these six items are not a notice. They are a placeholder for evidence that may or may not arrive during the trial itself.

**V. The Notice Misidentifies the Exhibits it Purports to Authenticate**

Exhibit 191 (Haiti) and Exhibit 192 (Medgar Evers) are both assigned to "GX 4E9." They cannot both be that exhibit. The Government's own exhibit list [DE 1904] identifies the Medgar Evers records as GX 4H.

The purpose of the notice is to tell the defense which certification supports which exhibit so that the defense can evaluate and, if warranted, challenge it. A notice that assigns one exhibit number to two different sets of records does not serve that purpose.

**CONCLUSION**

Mr. Sanon asks the Court to strike DE 1979 as to Exhibits 188, 190 and 192, and as to the six asterisked items for which no certification exists, and to preclude the Government from offering GX 4E-7, GX 4E-8 and GX 4H as self-authenticating records. If the Government wishes to offer those records it should be required to do so through a sponsoring witness, subject to cross-examination, and subject to Mr. Sanon's pending objections on other grounds. As to Exhibit 190, Mr. Sanon asks in the alternative that GX 4E-8 be excluded under Federal Rules of Evidence 401, 402 and 403 for the reasons stated in Part III.

Pursuant to the Local Rule 88.9, the defense counsel contacted AUSA Sean McLaughlin, who objects to this motion.

**WHEREFORE,** the Defendant, CHRISTIAN SANON, respectfully requests that this Honorable Court sustain this objection, strike the Government's Fifth Supplemental Notice [DE 1979] as to the exhibits identified above, preclude the admission of those records as self-authenticating, and grant all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

*/s/Zeljka Bozanic*
By:__________________________________
Zeljka Bozanic
Florida Bar No. 23707

*/s/Humberto R. Dominguez*
By:__________________________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 23, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:__________________________________
Zeljka Bozanic
Florida Bar No. 23707