**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
**_____________________________________/**

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**MOTION TO DISMISS SIXTH SUPERSEDING INDICTMENT (DE 1938)**

Defendant Christian Sanon asks the Court to dismiss Counts 6 through 10 of the Sixth Superseding Indictment (DE 1850) on statute-of-limitations grounds. Yet as Sanon acknowledges, the Sixth Superseding Indictment inherits the Fifth Superseding Indictment's timeliness, under the relation-back doctrine, unless the disputed counts broaden or substantially amend the charges. Counts 6 through 10 do not broaden the corresponding charges from the Fifth Superseding Indictment. Sanon is facing the same charges, the same evidence, and the same core theory of the case that the Government has always advanced. And he is wrong about his most critical allegation that the Sixth Superseding Indictment adds nine new overt acts to Count 6; all those overt acts are alleged in Count 4, the predecessor to that charge, in the Fifth Superseding Indictment. In sum, all the charges are timely, and the Court should deny his motion to dismiss (DE 1938).

## LEGAL STANDARD

"A superseding indictment can satisfy the five-year statute of limitations in one of two ways." *United States v. Gomez Rivera*, 136 F.4th 1284, 1291 (11th Cir. 2025). "First, it can be independently timely—that is, it alleges that a crime took place within five years of the date the indictment was returned." *Id.* "Second, it can relate back to a timely prior indictment—that is,

even if the superseding indictment is brought outside the five-year period, it satisfies the statute of limitations by relying on the timeliness of a prior indictment whose charges the superseding indictment does not broaden or substantially amend." *Id.* (quotation marks omitted). Through this second avenue, a superseding indictment is treated as if returned on the date of the prior operative indictment. Here, for instance, all charges in the Sixth Superseding Indictment, which do not broaden or substantially amend analogous charges in the Fifth Superseding Indictment, would be treated as if returned in February 2024 (the date of the Fifth Superseding Indictment, DE 552), well within 18 U.S.C. § 3282's five-year limitations period.

A superseding indictment charges the same crime when it relies on "approximately the same facts." *United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990) (citation modified). Importantly, supplying "additional underlying details" to an existing charge does not broaden or substantially amend that charge. *United States v. Lash*, 937 F.2d 1077, 1082 (6th Cir. 1991); *see also United States v. McMillan*, 600 F.3d 434, 447 (5th Cir. 2010) (same). "When a superseding indictment does no more than specify the exact mechanics of a defendant's participation in a previously charged offense, it does not represent a material broadening or substantial amendment of the original indictment." *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993). In the same vein, adding more overt acts that occurred within the same charged conspiracy does not broaden or substantially amend that charge when those overt acts "simply flesh out or provide more detail about the originally charged crime." *United States v. Salmonese*, 352 F.3d 608, 622-23 (2d Cir. 2003) (citing more cases); *see also United States v. Pearson*, 340 F.3d 459, 465 (7th Cir. 2003) (applying relation-back doctrine to superseding indictment that "modified the end date of the conspiracy from February 1996 to September 2000 and added three overt acts which

occurred during that time"), *judgment vacated on unrelated sentencing grounds by Hawkins v. United States*, 543 U.S. 1097 (2005).[1]

## ARGUMENT

### I. Counts 6 and 7 of the Sixth Superseding Indictment Are Timely Under the Relation-Back Doctrine Because They Do Not Broaden or Substantially Amend Counts 4 and 5 from the Fifth Superseding Indictment.

Sanon primarily focuses on the two 18 U.S.C. § 960 charges in the Sixth Superseding Indictment, Counts 6 and 7. The Fifth Superseding Indictment charged Sanon with, and gave him notice of, the same crimes in Counts 4 and 5. According to Sanon, the new Counts 6 and 7 somehow broaden the old Counts 4 and 5. But they are essentially identical.

To start with, although not dispositive, Counts 6 and 7 charge Sanon with violating the same statutes—conspiring under 18 U.S.C. § 371 to violate § 960, and violating § 960. He faces the same punishment that he did under the prior indictment. And the charged conspiracy periods are identical: "[b]eginning in or around February of 2021, and continuing through on or about July 31, 2021." *Compare* (DE 1850:39), *with* (DE 552:5). The core allegations also descend verbatim from the Fifth Superseding Indictment: that Sanon "did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit any offense against the United States, that is, to knowingly begin and set on foot, and provide and prepare a means for, and furnish the money for, and take part in, a military expedition and enterprise to be carried on from the United States against the territory and dominion of a foreign state, namely the country of Haiti, with which the United States is at peace." *Compare* (DE

---

[1] In contrast, dramatically expanding a conspiracy period could broaden or substantially amend a charge, breaking the relation-back link. *See, e.g.*, *United States v. Ratcliff*, 245 F.3d 1246, 1253-54 (11th Cir. 2001) (finding that a superseding indictment broadened or substantially amended a drug conspiracy charge by "expand[ing] the length of the conspiracies by at least twelve years"); *Gomez Rivera*, 136 F.4th at 1288-89 (expanding a drug conspiracy by nearly six years).

1850:39), *with* (DE 552:5). The same comparison points—the charging statute, punishment, offense period, and operative language—are all identical for Count 7, the substantive § 960 violation, as well. *Compare* (DE 1850:41-42), *with* (DE 552:7-8).

Despite being near-mirror images, Sanon insists that Counts 6 and 7 are dramatically different for two reasons: new overt acts, and the incorporation of general allegations that describe in greater detail Sanon's plan to violently depose Haitian President Moise and seize power in Haiti.

The first argument, concerning overt acts, suffers from two fatal flaws. As a factual matter, it completely misreads the Fifth Superseding Indictment. And as a legal matter, adding overt acts that "simply flesh out or provide more detail about the originally charged crime" does not broaden or substantially amend a charge. *Salmonese*, 352 F.3d at 622-23.

Sanon stakes much of his argument on the false claim that the Fifth Superseding Indictment's Count 4 alleges a single overt act, while the Sixth Superseding Indictment's Count 6 alleges nine new overt acts (DE 1938:3-4). But the Fifth Superseding Indictment's Count 4 alleges the same ten overt acts found in the Sixth Superseding Indictment's Count 6. To prove the point, here is what those allegations look like in the Fifth Superseding Indictment:

1. On or about April 4, 2021, JOSEPH JOEL JOHN travelled from Haiti to the Southern District of Florida to meet with coconspirators, including **ARCANGEL PRETEL**

5

ıse 1:22-cr-20104-JEM Document 552 Entered on FLSD Docket 02/14/2024 Page 6 of 29

**ORTIZ, ANTONIO INTRIAGO, WALTER VEINTEMILLA, JAMES SOLAGES, CHRISTIAN SANON**, and others.

2. On or about April 30, 2021, Worldwide Capital Lending Group ("Worldwide"), whose principal was **WALTER VEINTEMILLA**, provided CTU with a $175,000 line of credit to finance CTU's support of **CHRISTIAN SANON**, which transaction was executed by **ANTONIO INTRIAGO** and **VEINTEMILLA**, with **ARCANGEL PRETEL ORTIZ** signing as a witness.

3. On or about May 17, 2021, **CHRISTIAN SANON** signed a "Consultant Agreement" with CTU. Pursuant to the agreement, CTU would provide **SANON** with, among other things, ballistic vests for his "private military" forces in Haiti.

4. On or about May 21, 2021, **CHRISTIAN SANON** and **ANTONIO INTRIAGO** transported a small number of the ballistic vests aboard a private flight from the Southern District of Florida to Haiti.

5. On or about June 2, 2021, **WALTER VEINTEMILLA**, as principal of Worldwide, paid $9,145.00 to fund the travel of approximately 18 Colombian nationals with military training to Haiti.

6. On or about June 3, 2021, **WALTER VEINTEMILLA**, as principal of Worldwide, wired $15,000 to **JAMES SOLAGES** to fund the co-conspirators' acquisition of ammunition.

7. On or about June 10, 2021, **ANTONIO INTRIAGO, CHRISTIAN SANON,** and FREDERICK JOSEPH BERGMANN, Jr. caused a shipping company to export CTU's ballistic vests from the Southern District of Florida to Haiti.



8. On or about June 28, 2021, **JAMES SOLAGES** flew from Haiti to the Southern District of Florida to deliver a purported Haitian immunity agreement to **ARCANGEL PRETEL ORTIZ, ANTONIO INTRIAGO**, and **WALTER VEINTEMILLA**.

9. On or about July 1, 2021, **JAMES SOLAGES** returned to Haiti to participate in the operation against President Moise.

10. On or about July 7, 2021, **JAMES SOLAGES**, JOSEPH VINCENT, GERMAN ALEJANDRO RIVERA GARCIA, MARIO ANTONIO PALACIOS PALACIOS, and other conspirators travelled in a convoy of vehicles to President Moise's residence to conduct the operation against President Moise.

(DE 552:5-7). Thus, to borrow Sanon's formulation but to reframe it with an accurate view of the prior indictment, a "defendant preparing to defend Count 4 of the Fifth Superseding Indictment" should always have been "preparing to defend an allegation about a meeting" and "an allegation about a killing" (DE 1938:5).

The only minor addition to the overt acts charged in Count 6 of the Sixth Superseding Indictment is that the list of participants in the April 4, 2021, meeting now includes new defendant Byron Rainer. *See* (DE 1850:40). That addition, however, does not meaningfully broaden or amend the charge. The previous charge already alleged that Sanon conspired with other persons known and unknown to the grand jury, and it can be no surprise to him—as an attendee of that meeting—that not every conspirator present on April 4 was listed in the Fifth Superseding Indictment. Naming another conspirator who participated in that overt act merely supplies "additional underlying detail[]" that does not broaden or substantially amend that charge. *Lash*, 937 F.2d at 1082; *see also O'Bryant*, 998 F.2d at 24-25 (adding more detail to an overt act allegation did not broaden or substantially amend a charge).

Notably, in the trial of Sanon's former co-defendants on the Fifth Superseding Indictment, the Government introduced ample evidence and testimony concerning these exact same overt acts and conduct. For instance, although Sanon protests that the CTU-Worldwide line of credit, travel payment, ammunition funding, and the July 7 kill operation are novelties in Count 6 of the Sixth Superseding Indictment (DE 1938:4-5), they were all proven at the prior trial—since, as shown above, all were overt acts alleged expressly in Count 4 of the Fifth Superseding Indictment. *See* (GX 96B5) (CTU & Worldwide $175,000 line of credit); (GX96B6:15) ($9,145 travel payment, also reflected in GX 79A:17 and GX 92B); (GX96B6:17) ($15,000 ammunition payment, also reflected in GX79A:17 and GX92B); (GX 137) (IBC Airways records for the June 10, 2021,

ballistic vest shipment); GX96B22 (purported immunity agreement); (GX 162 & 165) (drone footage of the group, led by Sanon's accomplices including Solages, that attacked President Moise's house and killed him).

Turning to Sanon's second argument, he claims that incorporating the Sixth Superseding Indictment's general allegations (Paragraphs 1-77) into each count of the indictment somehow broadens or substantially amends those charges. But he does not cite a single case that holds that adding more factual detail to an indictment through general allegations somehow makes that indictment broader. In fact, the case law says the opposite. "When a superseding indictment does no more than specify the exact mechanics of a defendant's participation in a previously charged offense, it does not represent a material broadening or substantial amendment of the original indictment." *O'Bryant*, 998 F.2d at 25. The Eleventh Circuit relied on similar reasoning in *Freeman v. United States*, where the Court concluded that the relation-back doctrine linked a superseding indictment to its predecessor even though the superseding indictment "set forth additional factual allegations about Freeman's possession of the funds deposited into the bank account … and about Freeman's concealment of the bank account." 789 F. App'x 134, 135 (11th Cir. 2019). Here, the Sixth Superseding Indictment's general allegations "provided more explicit detail" about Sanon's role in the conspiracy, as well as that of his accomplices, and "[t]his specificity fleshed out the mechanism" or tactics "by which the defendants carried out the scheme." *McMillan*, 600 F.3d at 446-47. None of that broadens or substantially amends the charge. As to those counts, Sanon faces the same core factual allegations that he always has; that he conspired to launch, and participated in, a military expedition against Haiti—i.e., hiring and sending a CTU-organized team to the country to instigate a violent coup against its lawful leader, President Jovenel Moise. Thus, Counts 6 and 7 are timely under the relation-back doctrine.

## II. For Similar Reasons, Counts 8, 9, and 10 Also Relate Back.

Although Sanon devotes less attention to Counts 8, 9, and 10 of the current indictment, he appears to concede that they are substantively identical to Counts 6, 8, and 9 of the Fifth Superseding Indictment aside from the incorporated general allegations. *See* (DE 1938:10) (acknowledging that even "the overt acts of Count 8 are identical to those of its predecessor).

The charged statutes, and hence the punishment that Sanon faces, are undisputably the same. *Compare* (DE 1850:42-47), *with* (DE 552:8-13). So too are the alleged time periods: February 2021 through on or about June 10, 2021, for Count 8 (formerly Count 6), and on or about June 10, 2021, for Counts 9 and 10 (formerly Counts 8 and 9). Nothing has changed in the operative charging language, aside from cutting out convicted co-conspirator Antonio Intriago.

As explained above, the new general allegations merely "provide[] more explicit detail" about the overall facts of the case; they do not change what this case is, and always has been, about. *McMillan*, 600 F.3d at 446-47. In the final section of his motion, Sanon tries to cast this situation as a Catch-22; either the Government admits that the general allegations are surplusage, or the Government concedes that they are important, thereby expanding the scope of the charge. *See* (DE 1938:12). But those are not the only options. The general allegations are neither surplusage, nor do they broaden the charge. They are "additional underlying details" that the Government of course intends to prove at trial, but which do not change the fundamental nature of those charges. *Lash*, 937 F.2d at 1082. By way of analogy, consider a lawyer who begins her research by reading the synopsis of a Supreme Court case. When she turns to the full opinion, she naturally will discover additional underlying details about the Court's reasoning. But the specific details found in the opinion neither broaden nor substantially amend the decision's core holding; nor are they surplusage. The same holds true for the contested charges and the general allegations in the Sixth

Superseding Indictment. Because Counts 8, 9, and 10 rely on "the same facts" as their predecessors, they too are timely under the relation-back doctrine. *Italiano*, 894 F.2d at 1283.[2]

## CONCLUSION

For these reasons, the Court should deny Sanon's motion to dismiss (DE 1938).

Respectfully submitted,

JASON REDING QUIÑONES
United States Attorney

By: */s Sean T. McLaughlin*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

/s *Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
Altanese.Phenelus@usdoj.gov

[2] Sanon also faults the Government for the fact that he was not arraigned on the Sixth Superseding Indictment immediately after its return (DE 1938:10-12), but the timing of his arraignment has no bearing on the statute-of-limitations analysis and was, in any event, a necessary byproduct of the Court order sealing the Sixth Superseding Indictment.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I filed the foregoing document through CM/ECF and thus served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney