UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_______________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 6 THROUGH 10 OF THE SIXTH SUPERSEDING INDICTMENT [DE 1938]**

Defendant Christian Sanon, through undersigned counsel, replies to the Government's Response in Opposition [DE 1982] and states as follows:

The Government asks the Court to resolve this motion by comparing four things: the charging statutes, the maximum penalties, the conspiracy dates, and the operative charging sentence. DE 1982 at 3-4. It says that because those four things are the same, the counts are the same. The Eleventh Circuit has held that this is not the inquiry. The question is whether the Sixth Superseding Indictment gave Mr. Sanon notice of the case the Government intends to try on Monday. It did not, and the Government's own trial preparation over the past four weeks proves it.

## ARGUMENT

### I. The Government Applies a Test the Eleventh Circuit Has Rejected

The Government's first argument is that Counts 6 and 7 "are essentially identical" to Counts 4 and 5 because they "charge Sanon with violating the same statutes," because "[h]e faces the same punishment," because "the charged conspiracy periods are identical," and because the charging language "descend[s] verbatim" from the Fifth Superseding Indictment. DE 1982 at 3-4.

That is precisely the comparison the Eleventh Circuit has said a court may not stop at. "In determining whether a defendant had notice of the charges against him, we do not confine our inquiry to the statutes under which the defendant was charged." *United States v. Ratcliff*, 245 F.3d 1246, 1253 (11th Cir. 2001). Rather, "[f]or purposes of the statute of limitations, the 'charges' in the superseding indictment are defined not simply by the statute under which the defendant is indicted, but also by the factual allegations that the government relies on to show a violation of the statute." *United States v. Italiano*, 894 F.2d 1280, 1282-83 (11th Cir. 1990). "Notice to the defendant is the central policy underlying the statutes of limitation." *Id.* at 1283. Notice "so that [defendants] can adequately prepare their defense, is the touchstone in determining whether a superseding indictment has broadened the original indictment." *Ratcliff*, 245 F.3d at 1253 (citation omitted).

In *Ratcliff* the Eleventh Circuit vacated a conviction and ordered two counts dismissed even though "the initial indictment put defendant on notice of the statutes under which he was to be convicted," because nothing in that indictment indicated he would have to defend the case the Government ultimately tried. The Government's four identities, statute, penalty, period, charging sentence, were present in *Ratcliff* too. They did not save the counts. What the Court must compare is the body of factual allegations the Government relies on, and it is there that these two indictments part company.

**II. The Fifth Superseding Indictment Contained No General Allegations at All**

The single most important fact in this motion is not in dispute and the Government's response never mentions it. The Fifth Superseding Indictment has no general allegations section. None. DE 552 runs twenty-nine pages. It opens with the caption, states "The Grand Jury charges that:", and proceeds directly to Count 1. The only re-alleging or incorporating language anywhere

in the document appears in the forfeiture allegations. No count of the Fifth Superseding Indictment incorporates anything.

The Sixth Superseding Indictment runs fifty-three pages. Pages 3 through 24 consist of seventy-seven numbered paragraphs of general allegations. Every count Mr. Sanon faces opens with the same sentence: “Paragraphs 1-77 of the General Allegations section of this Sixth Superseding Indictment are re-alleged and incorporated fully herein by reference.”

| | **Fifth Superseding Indictment (DE 552)** | **Sixth Superseding Indictment (DE 1850)** |
|---|---|---|
| Total length | 29 pages | 53 pages |
| General allegations | None | 77 paragraphs, pages 3-24 |
| Incorporated into the counts | Nothing | Paragraphs 1-77, into every count |
| Defendants named | 5 | 26 named, plus redacted paragraphs |

The Government's answer is that these seventy-seven paragraphs “provided more explicit detail” and are “additional underlying details.” DE 1982 at 7-8. Twenty-two pages of factual allegations added to a document that previously contained zero pages of them, naming more than twenty people who were not named in the prior indictment, and expressly incorporated into every count, are not a detail. They are the Government's theory of the case, reduced to writing for the first time in August 2026 and made part of the charge.

The Government also says Mr. Sanon “does not cite a single case that holds that adding more factual detail to an indictment through general allegations somehow makes that indictment broader.” DE 1982 at 7. Neither party has found a case on the precise facts, because the precise

facts are unusual: the Government does not ordinarily take a five-defendant indictment with no general allegations, add twenty-two pages of them naming twenty-one new conspirators, incorporate them into every count, and return the result four and a half years after the last alleged act and five weeks before trial. The absence of a case addressing that maneuver is not an endorsement of it. *Ratcliff* and *Italiano* supply the governing standard, and the standard asks about notice, not about labels.

**III. The Government's Own Preparation Proves the Broadening**

If the general allegations added nothing but detail about a previously charged offense, the Government's preparation for trial would look the same before and after August 27, 2026. It does not. In the four weeks since the Sixth Superseding Indictment was returned, the Government assembled and disclosed an entirely new body of documentary proof concerning Mr. Sanon's education and medical credentials, drawn from three countries.

On September 22, 2026, six days before trial, the Government filed a final exhibit list [DE 1904] adding four credential exhibits that appear nowhere on its August 20, 2026 exhibit list or its September 9, 2026 exhibit list [DE 1867]: Christian Sanon Certified ECFMG Records (GX 4E-7); Christian Sanon Certified Dominican Republic UTESA Records and Translation (GX 4E-8); Christian Sanon Certified Haiti Medical License Records and Translation (GX 4E-9); and Christian Sanon Certified Medgar Evers College Records (GX 4H).

On the same day it filed a final witness list [DE 1905] adding, as witnesses 53 and 54, Howard Pine of the New Jersey Attorney General's Office, Division of Consumer Affairs, and Kara Oleyn, Executive Director of the Educational Commission for Foreign Medical Graduates. Neither appears on the August 20, 2026 list [DE 1834] or the September 9, 2026 list [DE 1868].

On September 23, 2026, five days before trial, the Government filed its Fifth Supplemental Notice of Intent to Seek Admission of Self-Authenticating Records [DE 1979], noticing certifications from the Educational Commission for Foreign Medical Graduates, the New Jersey Division of Consumer Affairs, Universidad Tecnológica de Santiago in the Dominican Republic, the Ministry of Public Health and Population of the Republic of Haiti, and Medgar Evers College.

The Government did not subpoena a records custodian in Santo Domingo, obtain a certificate of authenticity from the Minister of Justice of the Republic of Haiti, and fly the Executive Director of ECFMG to Miami in order to prove "the exact mechanics of a defendant's participation in a previously charged offense." *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993). It did so because the Sixth Superseding Indictment charges a case about who Mr. Sanon claimed to be, and the Fifth Superseding Indictment did not.

The Court can test the point with a single question. The Government should be asked to identify the sentence in the Fifth Superseding Indictment that told Mr. Sanon he would have to defend his medical education at trial. There is none. Under *Ratcliff* that ends the inquiry: a defendant preparing to defend Count 4 of the Fifth Superseding Indictment had no way to know he would be called to account for a 1987 credentialing file, a New Jersey emergency licensure application, or the enrollment records of a private Dominican university.

**IV. Freeman Is Unpublished and Is Not What the Government Says It Is**

For the proposition that adding factual allegations cannot broaden a charge, the Government offers exactly one decision of this Circuit: *Freeman v. United States*, 789 F. App'x 134 (11th Cir. 2019). DE 1982 at 7. Three things about *Freeman* bear mention.

First, it is unpublished and non-binding. It was decided on the Non-Argument Calendar and carries the notice governing citation to unpublished opinions under Federal Rule of Appellate

Procedure 32.1. Second, it is not a direct appeal from a denied motion to dismiss. It is an appeal from the denial of a petition for a writ of error coram nobis under 28 U.S.C. § 1651, brought by a former probationer, in which the relation-back question arose only through the lens of *Strickland*: the holding was that counsel "was not ineffective for failing to move to dismiss the superseding indictment." That a lawyer was not constitutionally deficient for declining to file a motion is not a holding that the motion would have failed. Third, the additional allegations in *Freeman* concerned one bank account and the defendant's concealment of it. They were not seventy-seven paragraphs naming twenty-one new conspirators across two countries.

Every other authority the Government relies on for this proposition, *Lash*, *O'Bryant*, *Salmonese*, *Pearson*, *McMillan*, comes from the Sixth, First, Second, Seventh and Fifth Circuits. None binds this Court, and the Eleventh Circuit has already told district courts how far *O'Bryant* reaches. In *Ratcliff* the panel cited *O'Bryant* and then distinguished it: "This is not a case in which 'the superseding indictment contains slightly more detail in terms of overt acts.'" 245 F.3d at 1253-54 (quoting *O'Bryant*, 998 F.2d at 24). *O'Bryant* marks the floor of what is permissible. It does not establish that anything short of a new statute is permissible.

**V. Gomez Rivera Did Not Hold What the Government's Footnote Says It Held**

The Government's footnote 1 offers *Gomez Rivera* as an example of a superseding indictment that broadened a charge by "expanding a drug conspiracy by nearly six years," and uses it to suggest that only a dramatic expansion of a conspiracy period can break the relation-back link. DE 1982 at 3 n.1. That is not the decision. The Eleventh Circuit held that the superseding indictment there was *independently* timely, and that relation-back analysis was therefore unnecessary: its precedents "only require relation back analysis for superseding indictments brought outside the limitations period." *United States v. Rivera*, 136 F.4th 1284 (11th Cir. 2025).

The court affirmed. It never decided whether the expansion broadened the charge, and it announced no rule that the conspiracy period is the only thing that matters.

The Government cannot have *Gomez Rivera* both ways. It relies on the case for the two-part framework at page 1291, DE 1982 at 1-2, and that framework is correct. But the first branch of the framework, independent timeliness, is unavailable here. The last act alleged anywhere in Counts 6 through 10 is July 7, 2021. The Sixth Superseding Indictment was returned August 27, 2026, more than five years later. These counts live or die on relation back alone.

**VI. The Government's Response Confirms the Paragraphs Are Not Needed**

The Government tells the Court that the overt acts supporting Count 6 were all alleged in the Fifth Superseding Indictment and that "they were all proven at the prior trial." DE 1982 at 6. It then lists the exhibits by number, GX 96B5, GX 96B6, GX 79A, GX 92B, GX 137, GX 96B22, GX 162 and GX 165, and states that this evidence established the line of credit, the travel payment, the ammunition funding, the vest shipment, the immunity agreement and the operation against President Moïse. Mr. Sanon accepts that representation.

It has a consequence. If the Government could and did prove each of these overt acts on the allegations contained in the Fifth Superseding Indictment, then the seventy-seven paragraphs of general allegations are not required to prove Counts 6 through 10. The Government's alternative is the one it says it does not accept: that the paragraphs are surplusage. DE 1982 at 8. The Government answers that they are "neither surplusage, nor do they broaden the charge," and offers the analogy of a lawyer reading a case synopsis and then the full opinion. The analogy proves Mr. Sanon's point. A synopsis and a full opinion are not the same document, one cannot prepare a cross-examination from a synopsis, and a lawyer handed the synopsis in February 2024 and the opinion one week before trial has not been given notice of the opinion.

**VII. The Arraignment Delay**

The Government's footnote 2 states that the twenty-five days between the return of the Sixth Superseding Indictment and Mr. Sanon's arraignment "was, in any event, a necessary byproduct of the Court order sealing the Sixth Superseding Indictment." DE 1982 at 9 n.2. The footnote does not say when the seal was lifted, and it does not explain why the seal required the Government to leave a man already in federal custody, in a facility across the street from this courthouse, uninformed of new charges for three and a half weeks. Sealing was sought by the Government. It was not an act of nature. Whatever the sealing order required as to the public docket, it did not require the Government to withhold from Mr. Sanon the fact that he had been charged anew, and the Government has never said that it did.

**CONCLUSION**

The Government's response never engages with the fact that the Fifth Superseding Indictment contained no general allegations, never identifies anything in that indictment that gave Mr. Sanon notice he would have to defend his medical credentials, and never reconciles its position with *Ratcliff*'s instruction that the inquiry is not confined to the charging statute. Counts 6 through 10 rest on a body of factual allegations that did not exist in the timely indictment, and on proof the Government itself did not gather until after the Sixth Superseding Indictment was returned. They do not relate back, and they were returned outside the five-year period of 18 U.S.C. § 3282.

**WHEREFORE,** the Defendant, CHRISTIAN SANON, respectfully requests that this Honorable Court grant his Motion to Dismiss Counts 6 through 10 of the Sixth Superseding Indictment [DE 1938], or in the alternative strike from Counts 6 through 10 the incorporation of paragraphs 1 through 77 of the General Allegations, and grant all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

*/s/Zeljka Bozanic*
By:______________________________
Zeljka Bozanic
Florida Bar No. 23707

*/s/Humberto R. Dominguez*
By:______________________________
Humberto R. Dominguez
Florida Bar No. 837903

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY certify that on September 24, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

*/s/Zeljka Bozanic*
By:______________________________
Zeljka Bozanic
Florida Bar No. 23707