**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**
**BYRON SHERROD RAINER,**
**JOSEPH FELIX BADIO,**
**CARLOS GIOVANNI GUERRERO TORRES,**
**VICTOR ALBEIRO PINEDA CARDONA,**
**JUAN CARLOS YEPES CLAVIJO,**
**NAISER FRANCO CASTANEDA,**
**ANGEL MARIO YARCE SIERRA,**
**JHEYNER ALBERTO CARMONA FLORES,**
**EDWIN ENRIQUE BLANQUICET RODRIGUEZ,**
**MANUEL ANTONIO GROSSO GUARIN,**
**JHON JAIRO RAMIREZ GOMEZ,**
**FRANCISCO ELADIO URIBE OCHOA,**
**ALEJANDRO GIRALDO ZAPATA,**
**NEIL CACERES DURAN,**
**JHON JADER ANDELA,**
**ENALBER VARGAS GOMEZ,**
**JOHN JAIRO SUAREZ ALEGRIA,**
**GERSAIN MENDIVELSO JAIMES,**
**ALEX MIYER PENA,**
**SAMIR HANDAL,**
**JAMEELA AMMARA SIMMONS,**
**MARCEL WILLIAMSON, and**
**TRAVIS BARRETT NAVE.**

**Defendants.**
_______________________________________/

## UNOPPOSED MOTION FOR A REVISED PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States of America respectfully moves for a revised Protective Order to ensure that all parties, particularly parties newly added to this case, maintain the appropriate protections against dissemination of the

discovery materials and the sensitive information contained therein, which will be disclosed in the above-captioned matter. A substantial majority of the defendants charged in the Sixth Superseding Indictment (DE 1850) have now been arraigned and the Standing Discovery Order has been issued (DE 1963, 1989, 1996, 2009, 2011, 2016, 2017, 2020, 2021, 2027, 2037, 2044, 2052, 2053, 2058, 2059, 2063, 2075, 2077, and 2089). Under those Standing Discovery Orders, the Government anticipates beginning to produce material to the new defendants by no later than October 9, 2026. Pursuant to Local Rule 88.9, on October 6, 2026, the Government solicited the position of all current counsel of record with respect to the proposed limitations on the dissemination and use of discovery. A substantial majority have responded, and none has objected to the language set forth in the proposed Protective Order (Exhibit A).[1]

**INTRODUCTION & RELIEF SOUGHT**

The Government seeks protections (Exhibit A) that will not impede the defendants' ability to prepare for their defense but merely protect against the improper dissemination or use of sensitive information. The equities, especially considering the defendants' charged offense conduct, number of co-conspirators, and sheer volume of discovery, favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials. The proposed protective order is substantially similar to earlier protective orders entered

[1] When this motion refers to the defendants, that term means defendants Christian Sanon, Byron Sherrod Rainer, Joseph Felix Badio, Carlos Giovanni Guerrero Torres, Victor Albeiro Pineda Cardona, Juan Carlos Yepes Clavijo, Naiser Franco Castaneda, Angel Mario Yarce Sierra, Jheyner Alberto Carmona Flores, Edwin Enrique Blanquicet Rodriguez, Manuel Antonio Grosso Guarin, Jhon Jairo Ramirez Gomez, Francisco Eladio Uribe Ochoa, Alejandro Giraldo Zapata, Neil Caceres Duran, Jhon Jader Andela, Enalber Vargas Gomez, John Jairo Suarez Alegria, Gersain Mendivelso Jaimes, Alex Miyer Pena, Samir Handal, Jameela Ammara Simmons, Marcel Williamson, and Travis Barrett Nave.

in this matter, which have governed all discovery produced under earlier indictments. *E.g.*, (DE 26, 789).

As set forth in the Sixth Superseding Indictment (DE 1850), this case involves allegations that the defendants and other co-conspirators orchestrated and executed a scheme to kill or kidnap the President of Haiti, Jovenel Moise, which culminated in President Moise's July 7, 2021, assassination. Most defendants are charged with conspiring to kill or kidnap a person in a foreign country, in violation of 18 U.S.C. § 956(a)(1), along with conspiring to provide, and actually providing, material support to that plan, in violation of 18 U.S.C. § 2339A. Other defendants are charged with orchestrating and carrying out a scheme to commit bank and wire fraud, in violation of 18 U.S.C. § 1349, and with conspiring to launder funds, in violation of 18 U.S.C. § 1956(h), in relation to the material support and kill-or-kidnap charges. This case is the product of a multi-year investigation involving forensic phone searches, grand jury materials, search warrants, and other investigative techniques. Discovery will involve voluminous sensitive, personal identifying information of the defendants and other third parties, such as financial account data, social security numbers, birth dates, phone numbers, email addresses, and residential addresses, among other items.

Given the matters involved and the scope and size of the discovery, it is not practical for the Government to redact all sensitive information from the voluminous materials that will be provided. Moreover, any such redactions would unnecessarily render the discovery difficult for the defense to efficiently understand and digest and delay orderly resolution on this case before the Court. In order to properly protect this sensitive information in the discovery materials, the Government proposes that the following restrictions be placed on that information as set forth in Exhibit A.

**ANALYSIS AND MEMORANDUM OF LAW**

Courts "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* FED. R. CRIM. P. 16(d)(1). The Government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or any Standing Discovery Order requires. *See, e.g.*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) ("[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the Government only seeks to facilitate discovery, while protecting against the improper disclosure or use of personal identifying information. The proposed Protective Order, attached as Exhibit A, would have no effect on the defendants' ability to prepare their defense and would properly protect the unredacted personal identification information of the defendants and numerous third parties.

"Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). It is entirely appropriate for any protective order to strictly advise the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See* *United States v. Gangi*, No. 97-CR-1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386,

390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case").

The Government's proposed Protective Order (Exhibit A) is well precedented, including in this very matter. All discovery in this case has taken place under the auspices of successive protective orders. *E.g.*, (DE 26, 789). To date, the Government has produced discovery pursuant to these protective orders. That discovery has included thousands of financial records, interview reports, and photographs, with an embedded watermark marked as "Restricted Material" (defined within the above-referenced protective order) and communications between and amongst co-defendants and co-conspirators watermarked as "Restricted Material 3500." In other instances, the Government's Responses to the Standing Discovery Order have clarified that produced material without watermarks nonetheless should be treated as "Restricted Material." *See, e.g.*, (DE 1999). The productions have also included over 150 electronic devices recovered from the defendants, their co-conspirators, or other individuals that included chats in their original format (WhatsApp, etc.). The sheer volume of discovery, and the variety of materials at issue, including full Cellebrite reports of digital device extractions, render it impossible to redact personally identifiable information contained in that material.

District courts in the Southern District of Florida have historically and routinely entered protective orders, especially in multi-defendant cases, in order to regulate the production and use of discovery materials and safeguard the sensitive and personal and identifying information contained therein. *See, e.g.*, *United States v. Terazon*, 21-20218-CR-SINGHAL; *United States v. Souffranc*, 21-60069-CR-ALTMAN; *United States v. Crespo*, 21-20005-CR-GAYLES; *United States v. Suarez*; 17-20780-CR-COOKE; *United States v. Muho*, 16-20390-CR-BLOOM; *United States v. De La Rua*, 16-20136-CR-SCOLA.

In this case, the Sixth Superseding Indictment has added more than twenty additional defendants. To provide these defendants access to the preexisting discovery, as well as to facilitate future productions, the Government proposes the attached protective order, which is similar in substance to the prior protective order in this matter. This revised version makes changes that will streamline the production process, while still safeguarding any confidential, sensitive, or personally identifiable information contained in those records. The proposed Revised Protective Order is attached to this motion as Exhibit A.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

JASON REDING QUIÑONES
United States Attorney

By: /s Sean T. McLaughlin
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

/s Jason Wu
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

/s Altanese Phenelus
Altanese Phenelus
Assistant United States Attorney

FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
altanese.phenelus@usdoj.gov

**Certificate of Service**

I hereby certify that on October 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney