# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**
**BYRON SHERROD RAINER,**
**JOSEPH FELIX BADIO,**
**CARLOS GIOVANNI GUERRERO TORRES,**
**VICTOR ALBEIRO PINEDA CARDONA,**
**JUAN CARLOS YEPES CLAVIJO,**
**NAISER FRANCO CASTANEDA,**
**ANGEL MARIO YARCE SIERRA,**
**JHEYNER ALBERTO CARMONA FLORES,**
**EDWIN ENRIQUE BLANQUICET RODRIGUEZ,**
**MANUEL ANTONIO GROSSO GUARIN,**
**JHON JAIRO RAMIREZ GOMEZ,**
**FRANCISCO ELADIO URIBE OCHOA,**
**ALEJANDRO GIRALDO ZAPATA,**
**NEIL CACERES DURAN,**
**JHON JADER ANDELA,**
**ENALBER VARGAS GOMEZ,**
**JOHN JAIRO SUAREZ ALEGRIA,**
**GERSAIN MENDIVELSO JAIMES,**
**ALEX MIYER PENA,**
**SAMIR HANDAL,**
**JAMEELA AMMARA SIMMONS,**
**MARCEL WILLIAMSON, and**
**TRAVIS BARRETT NAVE.**

**Defendants.**
______________________________________________/

PROPOSED REVISED PROTECTIVE ORDER

The United States of America, having applied to this Court for a protective order regulating the handling and disclosure of material to be provided by the Government pursuant to Rule 16 of the Federal Rules of Criminal Procedure and later pursuant to Title 18, United States Code, Section

3500, *Brady v Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959), and their progeny (collectively "Restricted Material"), and the Court finding good cause therefore, it is HEREBY ORDERED:

1. The Government's Unopposed Motion for Revised Protective Order is GRANTED. The Government is authorized to disclose the discovery and sensitive information materials—i.e., any Restricted Material—in its possession as necessary to comply with its discovery obligations.

2. "Defense Counsel" is defined as an attorney who has filed a notice of appearance on behalf of the defendant, or has been duly appointed by the Court, and is admitted to practice in the Southern District of Florida ("SDFL"), or was admitted to the SDFL *pro hac vice* to represent the defendant. "Defense Counsel's Team" is defined as an attorney employed by Defense Counsel's law firm or organization who is assigned to assist in the preparation of the defense. Defense Counsel's Team also includes paralegals, investigators, translators, litigation support personnel, and secretarial staff employed by Defense Counsel's law firm or organization who are assigned to assist in the preparation of the defense. Defense Counsel's Team also includes those persons who are formally engaged to assist in the preparation of the defense, including Expert Witnesses and Proposed Expert Witnesses.[1] For the purposes of this order, the defendant is considered part of the Defense Counsel's Team. However, foreign nationals, including foreign attorneys who represented the defendant, or their family members, in another country, are **not** considered part of Defense Counsel's Team.

---

[1] An "Expert Witness" is defined as a person who has been retained by Defense Counsel to offer testimony at trial pursuant to Federal Rule of Evidence 702. A "Proposed Expert Witness" is someone with whom Defense Counsel is negotiating in anticipation of engaging that person to assist in the preparation of the defense.

3. The Government shall identify for Defense Counsel all Restricted Material, either by watermarking disclosed materials with that term or by notifying Defense Counsel at the time of production that those materials shall be treated as Restricted Material. Defense Counsel shall hold Restricted Material in strict confidence. Defense counsel shall restrict access to this discovery and shall disclose Restricted Material to Defense Counsel's Team only to the extent Defense Counsel believes is necessary to assist in the defense of this case and in a manner that will prohibit disclosure of this discovery to others not involved in the defense.

4. In addition, the Government shall further identify for Defense Counsel certain Restricted Materials that are classified as Section 3500 disclosures or disclosures under *Brady*, *Giglio*, *Napue* and their progeny, which the Government will label collectively as "3500." Defense Counsel shall hold 3500 material in strict confidence. Defense counsel shall restrict access to this discovery and shall disclose 3500 material to Defense Counsel's Team only to the extent Defense Counsel believes is necessary to assist in the defense of this case and in a manner that will prohibit disclosure of this discovery to others not involved in the defense. Furthermore, no defendant shall possess any of the 3500 material, either before, during, or after the trial, except when in the presence of attorneys from Defense Counsel's law office, or U.S.-based paralegals, investigators, or interpreters working for that office.

5. The Defense Counsel and Defense Counsel's Team shall not show or disseminate any of the Restricted Material, including 3500 material, to any foreign (non-U.S.) attorneys or other foreign individuals, including family members of the defendant or the defendant's foreign attorney, except as contemplated in paragraph 6, below. The Defense Counsel and Defense Counsel's Team shall not transport or transmit any of the Restricted Material outside of the United States unless the material is under their custody and control, which includes reasonable steps to

safeguard the Restricted Material such as password protecting electronic files and storing physical documents in a secure area (such as a hotel safe) when not in their physical possession.

6. Defense Counsel shall advise any person to whom Restricted Material or 3500 material is disclosed that such information shall be held in strict confidence and that further disclosure or dissemination without Defense Counsel's express written consent is prohibited. Such person may not retain duplicates of any of the Restricted Material. Defense Counsel shall obtain a certification from each person to whom Restricted Material or 3500 material is disclosed, in which the recipients must: (a) acknowledge the restrictions set forth in this Order; and (b) agree that they will not disclose or disseminate the information without defense counsel's express written consent. Defense counsel shall keep a copy of each certification to identify the individuals who received Restricted Material or 3500 material and the date on which that information was first disclosed.

7. Defense Counsel shall review the terms of this Protective Order with the defendant and members of the Defense Counsel's Team. Further, Defense Counsel shall have the defendant and every member of the Defense Counsel's Team sign an acknowledgement form affirming that they understand the terms of the Protective Order and consequences of violating the Protective Order prior to reviewing any of the Restricted Material.

8. Defense Counsel agrees that, when this case is over,[2] it will destroy (or return to the Government) the Restricted Material, including 3500 material, that it received.

[2] The case will be considered over should all charges be later dismissed—or at the conclusion of any appellate and § 2255 proceedings—or if the Defendant does not appeal or file a habeas petition, when the period for appealing or filing a habeas petition has expired.

9. Government personnel and Defense Counsel shall promptly report to the Court any known violations of this Order. A knowing or willful violation of this Order may be punishable by Contempt of Court, Federal Rule of Criminal Procedure 42, and 18 US.C. §§ 401, 402; and Obstruction of Justice and Court Orders, 18 U.S.C. §§ 1505. 1509, 1512, and 1513. The Court shall retain jurisdiction to address any violations or issues related to the Protective Order during and after the termination of the above-captioned case.

DONE AND ORDERED in chambers at Miami, Florida, this ____ day of October, 2026.

______________________________________
HONORABLE JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA