**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
___________________________________/

**GOVERNMENT'S TRIAL MEMORANDUM**
**SEEKING CLARIFICATION AS TO RULE 106 COMPLETENESS OBJECTIONS**

The Government respectfully requests clarification concerning the proper procedure for raising a Rule 106, rule-of-completeness objection and admitting material under that rule. Under Rule 106, when one party introduces "part of a statement," the "adverse party may require the introduction . . . of any other part—or any other statement—that in fairness ought to be considered at the same time," even "over a hearsay objection." Fed. R. Evid. 106. It is difficult to alert the Court to a specific Rule 106 objection, as opposed to some other type of objection. If permitted, the parties may specify this objection by stating, "Objection, 106," allowing the Court to call the parties to sidebar to ascertain whether the proffered material satisfies Rule 106.

**BACKGROUND**

During the cross-examination of Joseph Joel John, the defense attempted to impeach the witness with prior trial testimony that was not, in fact, inconsistent with his testimony at this trial. John testified at this trial that, at a June 8, 2021 meeting, he discussed with Windelle Coq the possibility of Sanon becoming her Prime Minister. The defense sought to impeach him with portions of his prior trial testimony:

> Q. Did you raise the issue of Christian Sanon with her during this meeting on June 8, 2021?
>
> A. I did not.

(DE 1758:44).

The defense also read an answer in which John stated:

> Mr. Gabriel, on the first days that James Solages informed him about the decision that was made and the first conversation also that he had with Badio, he let us know that he trusted Sanon and that Sanon had agreed on a series of projects for Haiti, so that the trust he had in Sanon he couldn't have it for Mrs. Coq because he didn't know her. He said that if he were to support Mrs. Coq to become the president, then Mrs. Coq would have to agree for me to be her prime minister.

(DE 1758:45).

The defense did not read, however, two later passages that shed substantial light on John's testimony. When asked again, "Now, Mr. John, during this meeting on June 8, did you discuss Sanon at all with her?" John replied, "Counsel, I'm going to tell you once *again*. I did not talk *to* Sanon about that issue" (DE 1758:46) (emphases added). John's answer reveals that there likely was a translation issue; John believed both questions to be asking whether he talked *to* Sanon about the June 8, 2021, meeting, not whether he spoke *about* Sanon with Coq.

Next, the Government then asked John, "What was your plan in terms of dealing with Sanon now that you're supporting Ms. Coq?" And John responded: "My plan was to talk to Mrs. Coq, that once she would start negotiating with the political circles, the political class, if she perhaps could negotiate *for Sanon to become the prime minister*" (*id.*) (emphasis added).

In sum, John did speak to Coq about naming Sanon as Prime Minister—which he recounted at the first trial and repeated in this one.

During John's redirect examination, the Court sustained objections to the Government asking John to read his answers from page 46. The Government acknowledges that it did not seek

a sidebar during that portion of the defense cross-examination nor did it, before redirect examination, alert the Court that it planned to admit that material under Rule 106.

## **DISCUSSION**

"If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. "Rule 106 permits introduction . . . of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *United States v. Macrina*, 109 F.4th 1341, 1348 (11th Cir. 2024) (quotation marks omitted).

This Rule applies to prior testimony. In *United States v. Holland*, for example, a prosecutor rehabilitated a witness, whom the defense attempted to impeach by "showing that the witness's trial testimony conflicted with prior grand jury testimony," by "showing that he expressly corrected his grand jury testimony in a later appearance." 526 F.2d 284, 285 (5th Cir.), *revised on reh'g on a different issue*, 537 F.2d 821 (5th Cir. 1976).[1] As the *Holland* Court explained, "[t]he doctrine of testimonial completeness . . . , allowing a witness impeached by a prior inconsistency to explain it away if he can, permits introduction of a statement made in the same proceeding to correct an earlier misstatement." *Id.*

Although "[t]he rule retains the language that completion is made at the time the original portion is introduced," "many courts have held that the trial court has discretion to allow completion at a later point." Fed. R. Evid. 106, advisory committee's note (2023) (citing *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995)).

[1] Pre-October 1, 1981 Fifth Circuit decisions are binding precedent in this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

If this issue arises again with other witnesses, the Government requests permission for the adverse party to object by stating, "Objection, 106." The Court could then allow a sidebar to ascertain whether the proffered material satisfies Rule 106—at which point, the witness could either read the additional relevant statements at the same time or, at the Court's discretion, the witness could read those statements later during cross or redirect examination.

Respectfully submitted,

JASON REDING QUIÑONES
United States Attorney

By: *_/s Sean T. McLaughlin_*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

/s *Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
Altanese.Phenelus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I filed the foregoing document through CM/ECF and thus served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney