UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO EXCLUDE IMPROPER TESTIMONY FROM THOMAS PULLEN [DE 2208]**

Defendant Christian Sanon, through undersigned counsel, responds in opposition to the Government's Motion to Exclude Improper Testimony from Proffered Expert Witness Thomas Pullen [DE 2208]. In support, Mr. Sanon states as follows:

**BACKGROUND**

On October 28, 2026, the defense furnished the Government with Mr. Pullen's expert report. The Government does not move to exclude his testimony. It states that it "does not object to Mr. Pullen's qualifications, nor to him testifying about his opinions regarding those phones," and that although it disputes his conclusions, "he is entitled to testify about his analysis of those device reports." DE 2208 at 2. The motion is directed at one discrete thing: pages 3 through 14 of the report and the source material reproduced there. DE 2208 at 1.

The Government's objection to those pages is that the passages quoted in them speak to the legal effect of forensic error rather than to forensic technique, and that one of the reproduced sources, an article concerning wrongful convictions, is irrelevant and prejudicial. DE 2208 at 2-3, 6.

Mr. Pullen has revised his report. The revised report, served on the Government with this response, removes that section from the body of the report altogether. The article concerning wrongful convictions has been withdrawn in its entirety and appears nowhere in the revised report. The body of the revised report makes no reference to the admissibility of any evidence, to the suppression or exclusion of any evidence, or to the consequences of forensic error for any prosecution. It is confined to the documented custody sequence of the three telephones, the changes recorded on them during law enforcement custody, the deletion of files and log data during that custody, and the recorded use of those devices while they were in law enforcement hands.

The federal technical publications on which Mr. Pullen relies have been moved to a separate appendix. Appendix A reproduces the covers and the pertinent passages of four of them: the FBI Regional Computer Forensics Laboratory's Mobile Forensics guide; the National Domestic Communications Assistance Center's Best Practices for the Collection and Seizure of Mobile Devices for Investigators; the National Institute of Standards and Technology's Guidelines on Mobile Device Forensics, SP 800-101 Rev. 1; and the National Institute of Justice's Forensic Examination of Digital Evidence: A Guide for Law Enforcement. Each describes how digital evidence is to be documented, preserved, and examined.

## ARGUMENT

### I. The Material the Government Challenges Is No Longer in the Report

The relief the Government seeks has already been given. The Government asks the Court to exclude pages 3 through 14 of the report and the source material reproduced there. That section is gone from the body of the revised report, and the wrongful-convictions article is gone from the report entirely. There is nothing left for the Court to strike.

Mr. Sanon does not ask the Court to revisit its own rulings, and he does not offer Mr. Pullen for that purpose. Mr. Pullen will not testify that any exhibit is inadmissible, that any evidence should have been suppressed or excluded, or that any ruling of this Court was wrong. Admissibility is for the Court, and Mr. Sanon does not contend otherwise. To the extent the Government asks for an order confirming that limitation, Mr. Sanon does not oppose it.

## II. The Technical Standards in Appendix A Are the Bases of Mr. Pullen's Opinions

What remains in Appendix A is not legal argument. It is the federal guidance that defines the practices Mr. Pullen applied in his examination. His opinions concern what the records show about how these devices were documented, preserved, and handled, and an opinion of that kind cannot be given without reference to the practice against which the handling is measured. The Rules contemplate exactly that. An expert may base an opinion on facts or data he has been made aware of or personally observed, Fed. R. Evid. 703, and may be required to disclose those bases on direct examination, Fed. R. Evid. 705. Where a learned treatise, periodical, or pamphlet is relied upon by an expert, Rule 803(18) governs its use.

The four publications in Appendix A are guidance issued or sponsored by the Federal Bureau of Investigation, the National Domestic Communications Assistance Center, the National Institute of Standards and Technology, and the National Institute of Justice. They describe the documentation of custody, the recording of changes made during examination, the preservation of devices in their original state, and the handling of mobile devices. The Government does not contend that those practices are not the practices, and it does not contend that Mr. Pullen is unqualified to speak to them. DE 2208 at 2.

## III. The Government's Remaining Objections Go to Weight

The Government's substantive answer to Mr. Pullen is that its own witnesses found no manipulation of the devices extracted in Haiti, and it cites testimony to that effect. DE 2208 at 5 (quoting DE 2178:43-44). That is a disagreement about what the records show. The Government concedes that the weight of the digital evidence is a question the jury may consider, DE 2208 at 6, and it concedes that Mr. Pullen may testify to his analysis of the device reports notwithstanding that it disputes his conclusions, DE 2208 at 2. A dispute between examiners is resolved by cross-examination and by the jury, not by excluding one side's examiner.

**CONCLUSION**

Mr. Pullen will not opine on the admissibility of evidence, and the material the Government identified has been removed from his report. What remains is a technical examination of the custody, alteration, deletion, and use of three telephones while they were in law enforcement custody, measured against federal guidance on how such devices are to be handled, offered by a witness whose qualifications the Government does not dispute.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully requests that this Honorable Court deny the Government's Motion to Exclude Improper Testimony from Proffered Expert Witness Thomas Pullen as moot, and for all other and further relief deemed just and appropriate.

Respectfully submitted,

BOZANIC LAW, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

/s/Zeljka Bozanic

HUMBERTO R. DOMINGUEZ, P.A.
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

/s/Humberto R. Dominguez

By:___________________________________
Zeljka Bozanic
Florida Bar No. 23707

By:___________________________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 31, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

/s/Zeljka Bozanic
By:___________________________________
Zeljka Bozanic
Florida Bar No. 23707