**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-CR-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
_________________________________/

**REVISED PROPOSED JURY INSTRUCTIONS & VERDICT FORM**

Pursuant to the Court's trial order (DE 1824), and after conferral between the parties, the United States of America submits the parties' revised proposed jury instructions, updated to reflect the Government's agreements with certain instructions proposed by the defense on November 8, 2026 (DE 2271). An editable copy has also been transmitted to Chambers via email.

Respectfully submitted,

YARA LORENZO KLUKAS
Acting United States Attorney

By: */s Sean T. McLaughlin*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

/s *Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
Altanese.Phenelus@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby served all counsel of record.

*s/ Jason Wu*
Jason Wu
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-cr-20104-JB

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
______________________________/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.[1]

---

[1] Consistent with the Court's statement that it "intends to model the jury instructions to align with those of the co-defendants unless the evidence in this case requires a change" (DE 1824:2), these proposed instructions are largely adapted from the final jury instructions in *United States v. Arcangel Pretel Ortiz, Antonio Intriago, Walter Veintemilla, and James Solages* (DE 1666), modified to reflect that Christian Sanon is the only defendant in this trial or based on the parties' mutual agreement. The Government has also deleted instructions inapplicable to this trial, such as the other defendants' theory-of-defense instructions. Where the Government or Mr. Sanon has added a complete instruction not used in the prior trial, the proposing party has footnoted the source of that proposed instruction. Per the Court's instructions (DE 1824:1-2), all disputed instructions are in bold, with the Government's proposals underlined and Mr. Sanon's proposals in italics. Consistent with the Court's original formatting, the Count numbers (e.g., Count 1) are also in bold.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove their innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

When a person is beyond the subpoena power of the parties and the Court in a criminal case, the person may be deposed, and the deposition may be used at trial. A deposition is a witness' sworn testimony. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration as live testimony and you must judge it in the same way as if the witness was testifying in court.

The Government must prove beyond a reasonable doubt that the Defendant is the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?
- How much time did the witness have to observe the person?
- How close was the witness?
- Did anything affect the witness's ability to see?
- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made plea and cooperation agreements with certain Co-Defendants in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than that Co-Defendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Summary testimony by several witnesses, and charts or summaries prepared or relied upon by those witnesses, have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony, charts, or exhibits correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.[2]

[2] Fifth Circuit Pattern Jury Instructions, General and Preliminary Instruction No. 1.53 (2024) (modified to reflect multiple summary witnesses and charts). After conferring, the parties have agreed to use this instruction in lieu of earlier proposals.

You'll see that the Sixth Superseding Indictment ("the Indictment") charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Where a statute specifies multiple alternative ways in which an offense may be committed, the Indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

The Indictment charges eight (8) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the Indictment to refer to during your deliberations.

**Count 1** charges the Defendant with conspiracy to provide material support and resources to carry out a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to kill and kidnap a person outside of the United States—in this case, the President of Haiti, Jovenel Moise—which resulted in death, in violation of Title 18, United States Code, Section 2339A.

**Count 2** charges the Defendant with providing material support and resources to carry out a conspiracy to kill and kidnap a person outside of the United States, resulting in death, in violation of Title 18, United States Code, Sections 2339A and 2.

**Count 3** charges the Defendant with conspiracy to kill and kidnap a person outside the United States, in violation of Title 18, United States Code, Section 956(a)(1).

**Count 6** charges the Defendant with conspiring to begin, fund, and take part in a military expedition and enterprise to be carried on from the United States against Haiti, in violation of Title 18, United States Code, Section 371.

**Count 7** charges the Defendant with beginning, funding, and taking part in a military expedition and enterprise to be carried on from the United States against Haiti, in violation of Title 18, United States Code, Sections 960 and 2.

**Count 8** charges the Defendant with a conspiracy to commit offenses against the United States, namely:

(1) exporting and sending ballistic vests from the United States to Haiti contrary to any law or regulation of the United States, and receiving, concealing, and in any manner facilitating the transportation or concealment of the ballistic vests, prior to exportation, knowing the same were intended for exportation contrary to any law or regulation of the United States, in violation of Title 18, United States Code, Section 554; and

(2) failing to file export information, directly or indirectly, to the U.S. Government in connection with the export of the ballistic vests, in violation of Title 13, United States Code, Section 305.

**Count 9** charges the Defendant with smuggling the ballistic vests from the United States, in violation of Title 18, United States Code, Sections 554 and 2.

Finally, **Count 10** charges the Defendant with failing to file export information, directly or indirectly, to the U.S. Government, in violation of Title 13, United States Code, Sections 305 and 2.

**Counts 2, 7, 9,** and **10** charge that the Defendant committed what are called "substantive offenses." I will explain the law governing the substantive offenses in a moment. But first note that the Defendant is not charged in **Counts 1, 3, 6**, and **8** with committing a substantive offense—the Defendant is charged with conspiring to commit an offense. I will also give you specific instructions on conspiracy.

In **Count 1**, the Defendant is charged with violating Title 18, United States Code, Section 2339A. Title 18, United States Code, Section 2339A, makes it a crime for anyone to conspire to provide material support or resources, or to conceal or disguise the nature, location, source, and ownership of material support or resources, knowing or intending that they are to be used in preparation for, in carrying out, or the concealment of an escape from a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to kill and kidnap a person outside of the United States.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

As to **Count 1**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First: Two (2) or more people in some way agreed to try to accomplish a shared and unlawful plan to provide material support or resources to a conspiracy to kill or kidnap a person outside the United States, or to conceal or disguise the nature, location, source, or ownership of such material support or resources; and

Second: **The Defendant voluntarily joined in the plan**, ***The Defendant knew the unlawful purpose of the plan and willfully joined in it***, knowing or intending that the material support or resources were to be used to prepare for, carry out, or conceal an escape from a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to kill or kidnap a person outside of the United States.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one (1) occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't, standing alone, establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The term "material support or resources" **means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safe houses, false documentation or identification, communications equipment, facilities, weapons, lethal substances,**

**<u>explosives, personnel (one or more individuals who may be or include oneself), and transportation.</u>** ***means property, services, financial services, lodging, training, expert advice and assistance, safehouses, false documentation and identification, communications equipment, facilities, weapons, lethal substances, personnel including themselves, and transportation.*** Medicine or religious materials are not included.

"Murder" is the unlawful killing of a human being with "malice aforethought." To kill with "malice aforethought" is to intend to take someone else's life deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. It doesn't matter whether the Defendant or a conspirator hated the victim, or felt any ill will toward the victim at the time. But the Government must prove beyond a reasonable doubt that the Defendant or a conspirator intended to kill or willfully acted with callous and wanton disregard for the consequences, knowing that a serious risk of death or serious bodily harm would result.

"Kidnapping" is the forcible and unlawful holding, keeping, detaining, and/or confining of a person against that person's will. Involuntariness or coercion related to taking and keeping the person is an essential part of kidnapping. The Government doesn't have to prove that the kidnapping was for ransom or any kind of personal financial gain. It only has to prove that the Defendant or a conspirator intended to gain some benefit from the kidnapping.

**<u>"Conceal" has its ordinary sense of "to hide" or "to prevent</u>**

**<u>recognition" of something.</u>**[3]

"Outside the United States" means any place outside the states of the United States, the District of Columbia, and the territories and possessions of the United States, including the territorial sea and the overlying air space. The country of Haiti is a place "outside the United States."

[3] 11th Cir. Pattern Jury Instruction O2 (defining "conceal").

***Section 956(a) makes it a crime for a person within the jurisdiction of the United States to conspire with one or more other persons to commit, at any place outside the United States, an act that would constitute the offense of murder or kidnapping if committed in the special maritime and territorial jurisdiction of the United States, and requires that at least one of the conspirators commit an act within the jurisdiction of the United States to effect an object of the conspiracy. Unless you find that the*** material support or resources ***were to be used to prepare for or carry out a conspiracy having each of those characteristics, you must find the Defendant not guilty.***

***Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.***

***You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.***

***But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.***

***So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.***[4]

[4] 11th Cir. Pattern Jury Instruction O13.3 (Multiple Conspiracies).

If you have unanimously found that the Government has proven the first and second elements of **Count 1** beyond a reasonable doubt, then you have found the Defendant guilty of **Count 1**. You must then go on to consider whether Haitian President Jovenel Moise died as a result of acts committed in furtherance of the **Count 1** conspiracy and specify your finding as directed on the verdict form. Your decision on this issue must also be unanimous.

In deciding whether President Moise's death resulted from the **Count 1** conspiracy, the Government must prove beyond a reasonable doubt that President Moise died as a result of acts committed in furtherance of the **Count 1** conspiracy. The Government need not prove that the Defendant intended for President Moise to die or that acts of the Defendant or a conspirator was the sole cause of his death. The Government must prove, however, that acts of the **Count 1** conspiracy were a direct cause of President Moise's death, meaning that but for the acts committed in furtherance of the **Count 1** conspiracy, President Moise would not have died***, and that the death resulted from acts within the scope of the conspiracy the Defendant joined***. This can be proven even if one or more acts committed in furtherance of the **Count 1** conspiracy combined with other factors to cause President Moise's death, so long as the other factors alone would not have done so.

In **Count 2,** the Defendant is charged with violating Title 18, United States Code, Section 2339A. Title 18, United States Code, Section 2339A makes it a federal crime for anyone to provide material support or resources, or to conceal or disguise the nature, location, source, and ownership of material support or resources, knowing or intending that they are to be used to prepare for, to carry out, or to conceal an escape from a violation of Title 18, United States Code, Section 956(a), which prohibits conspiring to kill or kidnap a person outside the United States. As to **Count 2**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First: The Defendant provided material support or resources to a conspiracy to kill or kidnap a person outside the United States, or concealed or disguised the nature, location, source, or ownership of such material support or resources; and

Second: The Defendant did so knowing or intending that the material support or resources were to be used to prepare for, to carry out, or conceal an escape from a violation of 18 United States Code Section 956(a), which prohibits a conspiracy to kill or kidnap a person outside the United States.

The term "material support or resources" **means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safe houses, false documentation or identification,**

**communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation.** ***means property, services, financial services, lodging, training, expert advice and assistance, safehouses, false documentation and identification, communications equipment, facilities, weapons, lethal substances, personnel including themselves, and transportation.*** Medicine or religious materials are not included.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

"Murder" is the unlawful killing of a human being with "malice aforethought." To kill with "malice aforethought" is to intend to take someone else's life deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. It doesn't matter whether the Defendant or a conspirator hated the victim, or felt any ill will toward the victim at the time. But the Government must prove beyond a reasonable doubt that the Defendant or a conspirator intended to kill or willfully acted with callous and wanton disregard for the consequences, knowing that a serious risk of death or serious bodily harm would result.

"Kidnapping" is the forcible and unlawful holding, keeping, detaining, and/or confining of a person against that person's will. Involuntariness or coercion related to taking and keeping the person is an essential part of kidnapping. The Government doesn't have to prove that the kidnapping was for ransom or any kind of

personal financial gain. It only has to prove that the Defendant or a conspirator intended to gain some benefit from the kidnapping.

**"Conceal" has its ordinary sense of "to hide" or "to prevent recognition" of something.**[5]

"Outside the United States" means any place outside the states of the United States, the District of Columbia, and the territories and possessions of the United States, including the territorial sea and the overlying air space. The country of Haiti is a place "outside the United States."

[5] 11th Cir. Pattern Jury Instruction O2 (defining "conceal").

***Section 956(a) makes it a crime for a person within the jurisdiction of the United States to conspire with one or more other persons to commit, at any place outside the United States, an act that would constitute the offense of murder or kidnapping if committed in the special maritime and territorial jurisdiction of the United States, and requires that at least one of the conspirators commit an act within the jurisdiction of the United States to effect an object of the conspiracy. Unless you find that the*** material support or resources ***were to be used to prepare for or carry out a conspiracy having each of those characteristics, you must find the Defendant not guilty.***

If you have unanimously found that the Government has proven the first and second elements of **Count 2** beyond a reasonable doubt, then you have found the Defendant guilty of **Count 2**. You must then go on to consider whether Haitian President Jovenel Moise died as a result of acts committed in furtherance of the **Count 2** offense and specify your finding as directed on the verdict form. Your decision on this issue must also be unanimous.

In deciding whether President Moise's death resulted from the **Count 2** offense, the Government must prove beyond a reasonable doubt that President Moise died as a result of acts committed in furtherance of the **Count 2** offense. The Government need not prove that the Defendant intended for President Moise to die or that acts of the Defendant or a conspirator was the sole cause of his death. The Government must prove, however, that acts of the **Count 2** offense were a direct cause of President Moise's death, meaning that but for the acts committed in

furtherance of the **Count 2** offense, President Moise would not have died***, and that the death resulted from acts within the scope of the conspiracy the Defendant joined***. This can be proven even if one or more acts committed in furtherance of the **Count 2** offense combined with other factors to cause President Moise's death, so long as the other factors alone would not have done so.

**During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.**

**So regarding Counts 1 and 2, if you have first found the Defendant guilty of the crime of conspiracy as charged in Count 1, you may also find that Defendant guilty of the crime charged in Count 2 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:**

(1) **during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;**

(2) **the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and**

(3) **it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.**[6]

***the crime fell within the scope of the conspiracy the Defendant actually joined.***

[6] 11th Circuit Pattern Jury Instruction O13.5 (Pinkerton Instruction).

In **Count 3**, the Defendant is charged with violating Title 18, United States Code, Section 956. Title 18, United States Code, Section 956(a) makes it a federal crime for a person within the jurisdiction of the United States to conspire with one or more other persons, regardless of where such persons are located, to commit at any place outside the United States an act that would constitute the offense of murder or kidnapping if committed in the special maritime and territorial jurisdiction of the United States, so long as one of the conspirators commits an act within the United States.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

As to **Count 3**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

<u>First</u>: Two or more persons in some way agreed to try to accomplish a shared and unlawful plan to commit an act of murder or kidnapping outside the United States;

<u>Second</u>: At least one conspirator – **<u>not necessarily the Defendant</u>** – was

within the jurisdiction of the United States when the agreement to kidnap or kill was made;

Third: The Defendant knew the unlawful purpose of the plan and willfully joined in it;

Fourth: During the conspiracy, one of the conspirators – **not necessarily the Defendant** – knowingly committed one or more overt acts within the jurisdiction of the United States; and

Fifth: The act was committed for the purpose of carrying out or accomplishing a murder or kidnapping outside the United States.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that would be carried out in an effort to commit the intended crime. A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one (1) occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't, standing alone,

establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

"Murder" is the unlawful killing of a human being with "malice aforethought." To kill with "malice aforethought" is to intend to take someone else's life deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. It doesn't matter whether the Defendant or a conspirator hated the victim, or felt any ill will toward the victim at the time. But the Government must prove beyond a reasonable doubt that the Defendant or a conspirator intended to kill or willfully acted with callous and wanton disregard for the consequences, knowing that a serious risk of death or serious bodily harm would result.

"Kidnapping" is the forcible and unlawful holding, keeping, detaining, and/or confining of a person against that person's will. Involuntariness or coercion related to taking and keeping the person is an essential part of kidnapping. The Government doesn't have to prove that the kidnapping was for ransom or any kind of personal financial gain. It only has to prove that the Defendant or a conspirator intended to gain some benefit from the kidnapping.

"Outside the United States" means any place outside the states of the United States, the District of Columbia, and the territories and possessions of the United States, including the territorial sea and the overlying air space. The country of Haiti is a place "outside the United States."

The term "within jurisdiction of the United States" means within the territory

of the United States, the District of Columbia and the territories and possessions of the United States.

***Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.***

***You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.***

***But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.***

***So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.***[7]

---

[7] 11th Cir. Pattern Jury Instruction O13.3 (Multiple Conspiracies).

The conspiracy charged in **Count 3** is not a crime unless (1) there is an agreement, and (2) a conspirator performs an overt act. So, if a Defendant joins a conspiracy but later has a change of mind and withdraws from the conspiracy before any conspirator has committed an "overt act," the Defendant isn't guilty of conspiracy. But to find that a Defendant withdrew from a conspiracy, you must find that**: (1)** the Defendant took action to disavow or defeat the purpose of the conspiracy before any member of the conspiracy committed any overt act**; and (2) the Defendant either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities**. **A mere cessation of activity in the conspiracy is not sufficient to establish withdrawal.**

In **Count 6**, the Defendant is charged with violating Title 18, United States Code, Section 371. Title 18, United States Code, Section 371 makes it a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

As to **Count 6**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First: Two or more persons in some way agreed to try to accomplish a shared and unlawful plan to violate Title 18, United States Code, Section 960, which prohibits conducting a military expedition or enterprise to be carried on from the United States against a friendly foreign nation;

Second: The Defendant knew the unlawful purpose of the plan and willfully joined in it;

Third: During the conspiracy, one of the conspirators – **not necessarily the Defendant** – knowingly engaged in at least one overt act as described in the Indictment; and

Fourth: The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

The Government does not have to prove that the members planned together all the details of the plan or that one or more of the "overt acts" that the Indictment charges would be carried out in an effort to commit the intended crime. A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**"Military expedition or enterprise" means any combination of people that are organized and armed, or are intended to be organized and armed, for a warlike purpose. A warlike purpose means that the aim of the expedition or enterprise is to carry on armed hostilities against a foreign state, including a violent attempt to overturn an existing government. It is not necessary that the individuals in the military expedition or enterprise be members of any formal military body or that they had received any formal military training. No particular number of individuals is necessary to constitute a military expedition or enterprise.**

***A "military expedition or enterprise" is a journey or voyage by a***

***company or body of persons having the position or character of soldiers, undertaken for a specific warlike purpose, and includes that body and its outfit. The Government must prove a company or body of persons who had the position or character of soldiers and who undertook a journey or voyage for a specific warlike purpose. A plan or an intention to organize and arm persons at some future time is not a military expedition or enterprise.***

**A military expedition or enterprise is carried on from the United States if it is begun in the United States or if part of the planning, organization, or funding for the expedition or enterprise took place in the United States. It is not necessary to show that the attack on a foreign country was fully planned or completed at the time a member or members of the expedition or enterprise left the United States.**

***A military expedition or enterprise is carried on from the United States only if the expedition or enterprise itself was to proceed from the United States against the foreign nation. Planning, organizing or raising money in the United States for an expedition or enterprise to be carried on from somewhere else is not enough.***

**"Friendly foreign nation" means a foreign state with whom the United States is at peace. "At peace" means any time when the United States and another foreign country—here, the country of Haiti—are not at war or engaged in "open and notorious" military conflict with one another.**

***"Friendly foreign nation" means a foreign state with whom the United***

***States is at peace. The United States is at peace with a foreign nation when there is no war between them, whether declared or undeclared. The United States is not at peace with a foreign nation when it is involved in a declared war or active military operations against that nation.***

***Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.***

***You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.***

***But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.***

***So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.***[8]

[8] 11th Cir. Pattern Jury Instruction O13.3 (Multiple Conspiracies).

The conspiracy charged in **Count 6** is not a crime unless (1) there is an agreement, and (2) a conspirator performs an overt act. So, if a Defendant joins a conspiracy but later has a change of mind and withdraws from the conspiracy before any conspirator has committed an "overt act," the Defendant isn't guilty of conspiracy. But to find that a Defendant withdrew from a conspiracy, you must find that**: (1)** the Defendant took action to disavow or defeat the purpose of the conspiracy before any member of the conspiracy committed any overt act**; and (2) the Defendant either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities**. **A mere cessation of activity in the conspiracy is not sufficient to establish withdrawal.**

In **Count 7**, the Defendant is charged with violating Title 18, United States Code, Section 960. Title 18, United States Code, Section 960 makes it a crime for anyone to take part in any military expedition or enterprise against a friendly nation.

As to **Count 7**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First: The Defendant began or set on foot or provided or prepared a means for or furnished the money for, or took part in, any military expedition or enterprise to be carried on from the United States against the territory or dominion of a foreign state with whom the United States is at peace;

Second: The Defendant did so within the United States; and

Third: The Defendant did so knowingly.

**"Military expedition or enterprise" means any combination of people that are organized and armed, or are intended to be organized and armed, for a warlike purpose. A warlike purpose means that the aim of the expedition or enterprise is to carry on armed hostilities against a foreign state, including a violent attempt to overturn an existing government. It is not necessary that the individuals in the military expedition or enterprise be members of any formal military body or that they had received any formal military training. No particular number of individuals is necessary to constitute a military expedition or enterprise.**

***A "military expedition or enterprise" is a journey or voyage by a***

***company or body of persons having the position or character of soldiers, undertaken for a specific warlike purpose, and includes that body and its outfit. The Government must prove a company or body of persons who had the position or character of soldiers and who undertook a journey or voyage for a specific warlike purpose. A plan or an intention to organize and arm persons at some future time is not a military expedition or enterprise.***

**A military expedition or enterprise is carried on from the United States if it is begun in the United States or if part of the planning, organization, or funding for the expedition or enterprise took place in the United States. It is not necessary to show that the attack on a foreign country was fully planned or completed at the time a member or members of the expedition or enterprise left the United States.**

***A military expedition or enterprise is carried on from the United States only if the expedition or enterprise itself was to proceed from the United States against the foreign nation. Planning, organizing or raising money in the United States for an expedition or enterprise to be carried on from somewhere else is not enough.***

**"Friendly foreign nation" means a foreign state with whom the United States is at peace. "At peace" means any time when the United States and another foreign country—here, the country of Haiti—are not at war or engaged in "open and notorious" military conflict with one another.**

***"Friendly foreign nation" means a foreign state with whom the United***

***States is at peace. The United States is at peace with a foreign nation when there is no war between them, whether declared or undeclared. The United States is not at peace with a foreign nation when it is involved in a declared war or active military operations against that nation.***

**During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.**

**So regarding Counts 6 and 7, if you have first found the Defendant guilty of the crime of conspiracy as charged in Count 6, you may also find that Defendant guilty of the crime charged in Count 7 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:**

(1) **during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;**

(2) **the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and**

(3) **it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.**[9]

***the crime fell within the scope of the conspiracy the Defendant actually joined.***

[9] 11th Circuit Pattern Jury Instruction O13.5 (Pinkerton Instruction).

In **Count 8**, the Defendant is charged with violating Title 18, United States Code, Section 371. Title 18, United States Code, Section 371 makes it a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

As to **Count 8**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First: Two or more persons in some way agreed to try to accomplish a shared and unlawful plan or plans, which I will describe momentarily;

Second: The Defendant knew the unlawful purpose of the plan or plans and willfully joined in the plan or plans;

Third: During the conspiracy, one of the conspirators – **not necessarily the Defendant** – knowingly engaged in at least one overt act as described in the Indictment; and

<u>Fourth</u>: The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

The Government does not have to prove that the members planned together all the details of the plan or that one or more of the "overt acts" that the Indictment charges would be carried out in an effort to commit the intended crime. A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one (1) occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't, standing alone, establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

As to **Count 8**, the Indictment charges that the Defendant conspired to (1) knowingly smuggle certain goods from the United States; and (2) knowingly fail to file export information in connection with the export of the ballistic vests. In other

words, the Defendant is charged with conspiring to commit two separate substantive crimes.

The first substantive crime relates to smuggling goods from the United States in violation of Title 18, United States Code, Section 554. This substantive crime is charged in **Count 9**, which makes it a crime to fraudulently or knowingly export or send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, or receive, conceal, or facilitate the transportation or concealment of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States. The elements of this crime are as follows:

First: The Defendant fraudulently and knowingly exported or sent any merchandise, article, or object, or that defendant received, concealed, or in any manner facilitated the transportation or concealment of such merchandise, article, or object prior to exportation***, knowing the same to be intended for exportation contrary to any law or regulation of the United States***;

Second: The Defendant's exportation, sending, receiving, concealing, or facilitating the transportation or concealment of the merchandise, article, or object was contrary to a law or regulation of the United States; and

Third: The Defendant did so knowing that exportation, sending,

receiving, concealing, or facilitating the transportation or concealment of the merchandise, article, or object was contrary to law or regulation.

The second substantive crime relates to failing to file export information, directly or indirectly, with the U.S. Government, in violation of Title 13, United States Code, Section 305, including as charged in **Count 10**. The elements of this crime are as follows:

First: The Defendant failed to file export information through the Automated Export System ("AES"); and

Second: The Defendant did so knowingly, meaning that the act was done voluntarily and intentionally and not because of a mistake or by accident.

The Government does not have to prove that the Defendant willfully conspired to commit both crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit one of those crimes. But to return a verdict of guilty as to **Count 8**, you must all unanimously agree on which crimes the Defendant conspired to commit.

***Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.***

***You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.***

***But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.***

***So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.***[10]

[10] 11th Cir. Pattern Jury Instruction O13.3 (Multiple Conspiracies).

The conspiracy charged in **Count 8** is not a crime unless (1) there is an agreement, and (2) a conspirator performs an overt act. So, if a Defendant joins a conspiracy but later has a change of mind and withdraws from the conspiracy before any conspirator has committed an "overt act," the Defendant isn't guilty of conspiracy. But to find that a Defendant withdrew from a conspiracy, you must find that**: (1)** the Defendant took action to disavow or defeat the purpose of the conspiracy before any member of the conspiracy committed any overt act**; and (2) the Defendant either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities**. **A mere cessation of activity in the conspiracy is not sufficient to establish withdrawal.**

**Count 9** charges the Defendant with violating Title 18, United States Code, Section 554. Title 18, United States Code, Section 554 makes it a crime to fraudulently or knowingly export or send from the United States any merchandise, article, or object contrary to any law or regulation of the United States, or receive, conceal, or in any manner facilitate the transportation or concealment of such merchandise, article, or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

As to **Count 9**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First: The Defendant fraudulently or knowingly exported or sent from the United States ballistic vests, or received, concealed, or in any manner facilitated the transportation or concealment of the ballistic vests, prior to exportation, knowing the same to be intended for exportation***, contrary to any law or regulation of the United States***;

Second: The Defendant's exportation, sending, receiving, concealing, or facilitating the transportation or concealment of the ballistic vests was contrary to **Unlawful Export Information Activities (Title 13, United States Code, Section 305)** ***the export-information requirements of Title 13, United States Code, Chapter 9 and Title 15, Code of Federal Regulations, Part 30, as charged in the Indictment***; and

<u>Third</u>: The Defendant did so knowing that the exportation, sending, receiving, concealing, or facilitating the transportation or concealment of the ballistic vests was contrary to law or regulation.

"Merchandise" means goods, wares, and chattels of every description and includes merchandise the exportation of which is prohibited**.**

To "export" means to send or carry from the United States to another country.

As to the first element, to act "fraudulently" means to deceive or cheat by using false pretenses, representations, omissions, or promises relating to a material fact. The Government must prove beyond a reasonable doubt that the Defendant himself acted with the specific intent to deceive or defraud the United States. Good faith on the part of the Defendant, or honest reliance on the representations of another person, is a complete defense to **Count 9.** It doesn't matter whether only the most gullible could have been deceived. Also, another's negligence, or lack of effort, in failing to discover the Defendant's conduct is not a defense. A statement, representation, or omission is "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement, representation, or omission may be "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud. A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't

matter whether the decision-maker actually relied on the statement, representation, or omission or knew or should have known that the statement, representation, or omission was false.

As to the second element, which requires that the exportation, sending, receiving, concealing, or facilitating the transportation or concealment of the ballistic vests be contrary to a law or regulation of the United States, the Government is alleging a violation of Title 13, United States Code, Section 305, including as charged in **Count 10**. The elements of this crime are as follows:

First: The Defendant failed to file export information through the Automated Export System ("AES"); and

Second: The Defendant did so knowingly, meaning that the act was done voluntarily and intentionally and not because of a mistake or by accident.

**Count 10** charges the Defendant with violating Title 13, United States Code, Section 305. Title 13, United States Code, Section 305 makes it a crime to knowingly fail to file export information to the U.S. Government through the Shippers Export Declaration, or any successor document, including the Electronic Export Information ("EEI"), or the Automated Export System.

**Count 10** charges that the Defendant, on or about June 10, 2021, knowingly failed to file export information through **<u>the EEI or</u>** the Automated Export System in connection with the export of the ballistic vests.

As to **Count 10**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

<u>First</u>: The Defendant failed to file export information through the **<u>Electronic Export Information ("EEI") or</u>** the Automated Export System; and

<u>Second</u>: The Defendant did so knowingly, meaning that the act was done voluntarily and intentionally and not because of a mistake or by accident.

**<u>The EEI is information that must be filed through the Automated Export System for goods shipped from the United States to a foreign country when the value of the commodities shipped is greater than $2,500 or an export license is required to export the commodity.</u>**

***Export information must be filed through the Automated Export System for goods shipped from the United States to a foreign country. Filing is not***

***required where the value of the commodities shipped from one United States Principal Party in Interest to one ultimate consignee on a single exporting conveyance, classified under an individual Schedule B number or HTSUSA commodity classification code, is $2,500 or less.***

***The obligation to file export information rests on the United States Principal Party in Interest or its authorized agent. A person on whom the regulations place no obligation to file cannot have knowingly failed to file.***

**During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.**

**So regarding Counts 8, 9, and 10, if you have first found the Defendant guilty of the crime of conspiracy as charged in Count 8, you may also find that Defendant guilty of any of the crimes charged in Counts 9 and 10 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:**

(1) **during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;**

(2) **the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and**

(3) **it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.**[11]

***the crime fell within the scope of the conspiracy the Defendant actually joined.***

[11] 11th Circuit Pattern Jury Instruction O13.5 (Pinkerton Instruction).

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime. ***For each count that charges a conspiracy, you must find the particular agreement charged in that count. You may not find the Defendant guilty on one conspiracy count based on a finding that he joined a different agreement charged in another count. Evidence that the Defendant associated with persons who later formed a different or additional agreement is not proof that the Defendant joined that later agreement.***

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

Keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[The Court explained the verdict form.]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-cr-20104-JB

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
_________________________________/

## VERDICT

1. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 1** of the Indictment:

NOT GUILTY ____ GUILTY ____

*If you find the Defendant Not Guilty of* ***Count 1****, please skip 1(a). However, if you find the Defendant Guilty as to* ***Count 1****, please answer Question 1(a) below:*

1(a). We, the Jury, having found the Defendant Guilty of **Count 1**, further unanimously find that **the Count 1 offense resulted in Jovenel Moise's death** ***the death of Jovenel Moise resulted from acts committed in furtherance of the Count 1 conspiracy and within the scope of the conspiracy the Defendant joined***:

NO ____ YES ____

2. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 2** of the Indictment:

NOT GUILTY ____ GUILTY ____

*If you find the Defendant Not Guilty of **Count 2**, please skip 2(a). However, if you find the Defendant Guilty as to **Count 2**, please answer Question 2(a) below:*

2(a). We, the Jury, having found the Defendant guilty of **Count 2**, further unanimously find that **the Count 2 offense resulted in Jovenel Moise's death** ***the death of Jovenel Moise resulted from acts committed in furtherance of the Count 2 offense and within the scope of the agreement the Defendant joined***.

NO ____ YES ____

3. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 3** of the Indictment:

NOT GUILTY ____ GUILTY ____

4. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 6** of the Indictment:

NOT GUILTY ____ GUILTY ____

5. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 7** of the Indictment:

NOT GUILTY ____ GUILTY ____

6. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 8** of the Indictment:

NOT GUILTY _____ GUILTY _____

*If you find the Defendant Not Guilty of **Count** 8, please skip 6(a). However, if you find the Defendant Guilty as to **Count** 8, please answer Question 6(a)(i) and 6(a)(ii) below:*

6(a). We, the Jury, having found the Defendant guilty of the offense charged in **Count 8**, further unanimously find with respect to **Count 8** that the object of the conspiracy was (place an X in the applicable box):

(i) A violation of Title 18, United States Code, Section 554, including **Count 9**, that is, fraudulently or knowingly exporting or sending from the United States any merchandise, article, or object contrary to any law or regulation of the United States, or receiving, concealing, or in any manner facilitating the transportation or concealment of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States.

NO ____ YES ____

(ii) A violation of Title 13, United States Code, Section 305, including **Count 10,** that is, failing to file export information.

NO ____ YES ____

***You must answer YES to at least one object in order to return a verdict of guilty on Count 8.***

7. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 9** of the Indictment:

NOT GUILTY ____ GUILTY ____

8. We, the Jury, unanimously find the Defendant, **CHRISTIAN SANON**, as to **Count 10** of the Indictment:

NOT GUILTY _____ GUILTY _____

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this _____ day of ___________, 2026.

__________________________ ________________________

Foreperson's Signature Foreperson's Printed Name