**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**
**BYRON SHERROD RAINER,**
**JOSEPH FELIX BADIO,**
**PHENIL GORDON DESIR,**
**CARLOS GIOVANNI GUERRERO TORRES,**
**VICTOR ALBEIRO PINEDA CARDONA,**
**JUAN CARLOS YEPES CLAVIJO,**
**NAISER FRANCO CASTANEDA,**
**ANGEL MARIO YARCE SIERRA,**
**JHEYNER ALBERTO CARMONA FLORES,**
**EDWIN ENRIQUE BLANQUICET RODRIGUEZ,**
**MANUEL ANTONIO GROSSO GUARIN,**
**JHON JAIRO RAMIREZ GOMEZ,**
**FRANCISCO ELADIO URIBE OCHOA,**
**ALEJANDRO GIRALDO ZAPATA,**
**NEIL CACERES DURAN,**
**JHON JADER ANDELA,**
**ENALBER VARGAS GOMEZ,**
**JOHN JAIRO SUAREZ ALEGRIA,**
**GERSAIN MENDIVELSO JAIMES,**
**ALEX MIYER PENA,**
**SAMIR HANDAL,**
**JAMEELA AMMARA SIMMONS,**
**MARCEL WILLIAMSON, and**
**TRAVIS BARRETT NAVE.**

**Defendants.**
_______________________________________/

## GOVERNMENT'S SECOND RESPONSE TO THE STANDING DISCOVERY ORDERS

The United States hereby files this additional response to the Standing Discovery Orders entered as to defendants Byron Sherrod Rainer, Francisco Eladio Uribe Ochoa, Joseph Felix Badio, and Phenil Gordon Desir (DE 2202, 2245, 2251, 2280). This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. The Government has routinely communicated with defense counsel—via email,

phone, and in person—regarding discovery. Because of the procedural history of this matter, the Government has made this first discovery production on November 5, 2026, by facilitating defense counsel's access to material already produced to previous defendants via a Coordinating Discovery Attorney ("CDA"), appointed by this Court on October 13, 2026 (DE 2130). Under the prior parties' nomenclature, this material encompasses Productions 1 through 30, which are described in the Government's previous responses to other defendants' standing discovery orders. *See* (DE 41, 52, 78, 92, 173, 174, 324, 326, 327, 425, 591, 667, 777, 812, 985, 1025, 1072, 1131, 1158, 1272, 1298, 1448, 1493, 1863, 1999, and 2136). Given the voluminous nature of the prior discovery—which includes thousands of financial records, interview reports, and photographs, along with over 150 digital forensic reports of the full contents of seized digital devices—access to the CDA is the only feasible method for providing this discovery to the new defendants. This production, like all future and prior productions, remains subject to the Court's discovery protective order, entered on October 13, 2026 (DE 2131).

A. 1. The first discovery production includes the following, among other items associated with this case: banking and financial records; forensic cell phone/computer/other digital device extraction and parsing analysis; transcripts and translations for applicable items in French, Spanish, and Haitian Creole; MLAT results; domestic search warrant results; domestic law enforcement reports and records; ballistic testing results, autopsy results, medical records; video and photographic evidence; and various public and business corporation, driver's license, and employment records. To assist the defendants with reviewing this material, the Government has provided indices that describe the discovery, including a log of all digital device extraction reports produced in discovery to date.

2. Written records and/or recordings containing the substance of oral statements made by any defendant before or after arrest in response to interrogation or interview questioning by a person then known to the defendant to be a Government agent are included within this production and noted in the discovery index or digital evidence log, labeled by the last name of the interview subject.

3. No defendant testified before the Grand Jury.

4. The NCIC records of any U.S. resident defendants are also included in this production.

5. Aside from the items described in A.1, books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial to prove its case-in-chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, HIDTA, 11200 NW 20th Street, Suite 101, Miami, FL 33172. Please contact the undersigned via email to set up a date and time that is convenient to both parties.

The items produced to the CDA, and made available to the defendants via this discovery response, are not necessarily copies of all the books, papers, documents, etc., that the Government may intend to introduce at trial.

6. Other than as set forth below, and as contained within the items described in A.1, the undersigned is not aware of any other completed or pending physical or mental examinations or scientific tests or experiments made in connection with this case.

This production includes a report (and translation of that report) of the autopsy of President Jovenel Moise conducted by the Haitian authorities, along with certain photographs taken during the medical examination and autopsy. *See* (USA000000749, USA000039514, USA000097747-97766, USA000098681-99049).

This production also includes a report of firearms tool mark testing conducted by the Federal Bureau of Investigation on recovered projectiles and firearms. *See* (USA000378111-378210).

Finally, this production includes over 150 Cellebrite or similar reports generated by various government agency digital forensic examiners, or persons holding comparable titles, which reflect their extraction and parsing of various digital devices seized as part of the investigation of this matter. Some of those devices belong to defendants or former defendants in this matter and, thus, include those defendants' written statements relevant to this matter. The Government has provided a digital evidence log to the defendants, along with access to all reports in the CDA's control or custody, to identify those reports.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1 and 2 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The Government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The Government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. Prior conviction records of any alleged co-conspirator(s), accomplice(s) or informant(s) who will testify for the Government will be provided as

required.

F. To the extent that any defendant was identified in a lineup, show up, photo array or similar identification proceedings, this information is included in this production.

G. The Government has advised its agents and officers involved in this case to preserve all rough notes.

H. The Government will timely advise any defendant, to the extent applicable, of its intent to introduce—during its case-in-chief—proof of any other evidence pursuant to FRE 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter or production, may be offered in the trial of this cause, under FRE 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. None of the defendants are an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance with regards to this case.

J. The Government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the Government at the trial of this cause.

K. The Government is unaware of any alleged contraband which is the subject of this indictment which would necessitate independent chemical analysis.

L. The Government is not aware any automobile, vessel, or aircraft allegedly used in the commission of the charged offenses that is currently in the Government's possession.

M. The Government is currently not aware of any latent fingerprints or palm prints which have been identified by a Government expert as those of the defendants.

To date, the Government has not received a request for disclosure of the subject-matter of expert testimony that the Government reasonably expects to offer at trial. At trial, the Government expects to offer expert testimony. Any expert report(s) and CV(s) not already provided in this production will be provided upon receipt. The defendants are advised to refer to the Government's prior expert disclosures, provided to previous defendants in this matter, which describe the expert testimony elicited at the prior trials in this proceeding. *See, e.g.*, (DE 1367, 1869). The Government reserves the right to engage additional experts, besides those identified in prior notices, and will fulfill its obligations under Rule 16 with respect to any

such experts.

N. The Government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at any discovery conference. At any discovery conference scheduled in Section A.5, above, the Government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The Government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Please contact the undersigned Assistant United States Attorney with any questions and/or if any items/attachments are missing.

Respectfully submitted,

YARA LORENZO KLUKAS
Acting United States Attorney

By: */s Sean T. McLaughlin*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

*/s Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney

FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
altanese.phenelus@usdoj.gov

**Certificate of Service**

I hereby certify that on November 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney