**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_________________________________/

**DEFENDANT'S REQUEST UNDER RULE 16(a)(1)(G) FOR THE STATEMENT OF OPINIONS AND REPORT OF THE GOVERNMENT'S REBUTTAL EXPERT BRYAN JORDAN**

Defendant Christian Sanon, through undersigned counsel, requests under Federal Rule of Criminal Procedure 16(a)(1)(G) that the Government disclose in writing the information required by Rule 16(a)(1)(G)(iii) for the expert testimony of Bryan Jordan, whom the Government has stated it intends to call in rebuttal. In support, Mr. Sanon states as follows:

## BACKGROUND

Mr. Sanon disclosed his expert witnesses, including Thomas Pullen, on October 13, 2026. The Government moved to exclude or limit that testimony [DE 2184]. The Court directed Mr. Sanon to produce a written report setting out Mr. Pullen's opinions, and Mr. Sanon served that report. Mr. Pullen has testified on November 10 and November 12, 2026.

The Government has stated that it intends to call Bryan Jordan as a rebuttal expert to counter Mr. Pullen's testimony. Mr. Jordan previously testified in the Government's case-in-chief.

Mr. Sanon has received no written disclosure of the opinions Mr. Jordan will offer in rebuttal, their bases and reasons, or the other information Rule 16(a)(1)(G)(iii) requires. The Government has provided one demonstrative exhibit to the defense.

Mr. Sanon requests that the Government disclose in writing, as to Mr. Jordan, each of the following:

1. A complete statement of all opinions that the Government will elicit from Mr. Jordan in its rebuttal to counter the testimony of Mr. Pullen. Fed. R. Crim. P. 16(a)(1)(G)(iii).

2. The bases and reasons for each of those opinions, including identification of the devices, extractions, reports, software versions, logs, notes and other materials Mr. Jordan relied on, and of any examination, testing or re-examination he performed in connection with the rebuttal opinions.

Mr. Sanon requests that this disclosure be made in writing and in advance of Mr. Jordan being called.

Rule 16(a)(1)(G)(i) provides: "At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C)."

The same rebuttal language appears again in subparagraph (iii), which requires "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C)."

Mr. Sanon served his expert disclosure after being ordered to do so by the Court. Mr. Sanon also produced to the Government a written report of Mr. Pullen's opinions. A defendant whose expert disclosure was adequate enough to support the testimony the Government now wishes to rebut has necessarily satisfied the predicate for the Government's reciprocal obligation.

Rule 16(a)(1)(G)(iv) permits the Government to refer to a report previously provided under Rule 16(a)(1)(F) rather than repeat its contents, but only if that report contains the information Rule 16(a)(1)(G)(iii) requires. A prior forensic examination report that sets out what an examiner did is not a statement of the opinions the Government will elicit in rebuttal, the bases and reasons for them, the publications list, or the prior-testimony list.

To the extent the Government takes the position that Mr. Jordan will not offer opinion testimony at all, Mr. Sanon requests that it say so in writing, so that the scope of his rebuttal examination is fixed before he takes the stand and he is not permitted to offer opinions under the guise of fact testimony.

WHEREFORE, the Defendant, CHRISTIAN SANON, respectfully requests that the Government provide the written disclosure required by Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) and (v) as to Bryan Jordan in advance of his being called in rebuttal, and grant all other and further relief deemed just and appropriate.

Respectfully submitted,

**BOZANIC LAW, P.A.**
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

/s/Zeljka Bozanic
By:______________________
Zeljka Bozanic
Florida Bar No. 23707

**HUMBERTO R. DOMINGUEZ, P.A.**
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

/s/Humberto R. Dominguez
By:______________________
Humberto R. Dominguez
Florida Bar No. 837903

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 12, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

/s/Zeljka Bozanic
By:______________________
Zeljka Bozanic
Florida Bar No. 23707