Show Enhanced Docket Report

**727OBJ, ADV, CLOSED**

AO386-C
GOVERNMENT EXHIBIT
CASE NO. 22-CR-20104-JB
EXHIBIT NO. 4-I

# U.S. Bankruptcy Court
# Middle District of Florida (Tampa)
# Adversary Proceeding #: 8:14-ap-00702-MGW
**Internal Use Only**

*Assigned to:* Michael G. Williamson
*Lead BK Case:* 13-06282
*Lead BK Title:* Christian E. Sanon and Louise Marie Sanon
*Lead BK Chapter:* 7
*Demand:*
*Nature[s] of Suit:* 41 Objection / Revocation of Discharge - **727(c),(d),(e)**

*Date Filed:* 08/14/14
*Date Terminated:* 01/07/15

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK

***Plaintiff***
-----------------------

**United States Trustee - TPA7/13, 7**
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602
813-228-2000

represented by **Cynthia Burnette**
United States Trustee
Timberlake Annex, Ste. 1200
501 E. Polk Street
Tampa, FL 33602
813-228-2000
Fax : 813-228-2303
Email: Cindy.P.Burnette@usdoj.gov
*LEAD ATTORNEY*

V.

***Defendant***
-----------------------

**Christian E. Sanon**
PO Box 30224 / USF
Holly Drive
Tampa, FL 33620
SSN / ITIN: 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

represented by **Christie D Arkovich**
Law Offices of Christie D Arkovich PA
1520 West Cleveland St
Tampa, FL 33606
813-258-2808
Fax : 813-258-5911
Email: barbara@christiearkovich.com

***Defendant***
-----------------------

**Louise Marie Sanon**
PO Box 30224 / USF
Holly Drive
Tampa, FL 33620
SSN / ITIN: 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

represented by **Christie D Arkovich**
(See above for address)

Show Enhanced Docket Report
One Click Hearings
No Sua Sponte eOrders found for this case

| Filing Date | # | Docket Text |
|---|---|---|
| 08/14/2014 | 1 | Complaint by United States Trustee - TPA7/13 7 against Christian E. Sanon, Louise Marie Sanon. Filing Fee Not Required. Nature of Suit: [41 (Objection / Revocation of Discharge - 727(c),(d),(e))]. (Boatner, Theresa) (Entered: 08/14/2014) |
| 08/14/2014 | 2 | Summons Issued Summons Issued on Christian E. Sanon . Answer Due 09/15/2014; Louise Marie Sanon . Answer Due 09/15/2014. If one or more defendants are the United States or an officer or agency thereof, add an additional five days to the Answer Due date. (Boatner, Theresa) (Entered: 08/14/2014) |
| 08/18/2014 | 3 | Order Scheduling Pretrial Conference. Mailed to the Plaintiff for Service on Parties. . Pre-Trial Conference set for 10/14/2014 at 09:30 AM at Tampa, FL - Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue. Service Instructions: Clerks Office to serve. (Valencia, Dianna) (Entered: 08/18/2014) |
| 09/22/2014 | 4 | Motion to Extend Time *to Respond to Complaint* Filed by Christie D Arkovich on behalf of Defendants Christian E. Sanon, Louise Marie Sanon (related document(s) 2 ). (Arkovich, Christie) (Entered: 09/22/2014) [Granting by #5] |
| 09/24/2014 | | (private) Remarks: *Order Requested Per Chambers* (related document(s)4). (Scanlon, Ryan) (Entered: 09/24/2014) |
| 09/25/2014 | | (private) Remarks: *otc* (related document(s)4). (Kerkes, Deborah) (Entered: 09/25/2014) |
| 09/30/2014 | 5 | Order Granting Motion to Extend Time *to Respond to Complaint to October 10, 2014* (Related Doc # 4). Service Instructions: Christie Arkovich is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Kerkes, Deborah) (Entered: 09/30/2014) |
| 10/01/2014 | 6 | Proof of Service of Order Granting Defendants' Motion for Extenstion of Time to Respond to Complaint. *(Doc. No. 5)* Filed by Christie D Arkovich on behalf of Defendants Christian E. Sanon, Louise Marie Sanon (related document(s)5). (Arkovich, Christie) (Entered: 10/01/2014) |
| 10/09/2014 | 7 | Notice of Appearance and Request for Notice on Behalf of the Debtor Filed by Christie D Arkovich on behalf of Defendants Christian E. Sanon, Louise Marie Sanon. (Arkovich, Christie) (Entered: 10/09/2014) |
| 10/14/2014 | 8 | Consent of Christian E. Sanon and Louise Marie Sanon to Entry of Final Judgment Revoking Discharge Filed by Christie D Arkovich on behalf of Defendants Christian E. Sanon, Louise Marie Sanon. (Arkovich, Christie) (Entered: 10/14/2014) |
| 10/14/2014 | 9 | Hearing Proceeding Memo: Hearing Held - **APPEARANCES:** Denise Barnett: Pltf Atty, Christie Arkovich: Def Atty **RULING:** Pretrial Conference - **Stip. revoking discharge to be submitted by Pltf** Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). **This docket entry/document is not an official order of the Court.** (Chap, Dkt) (Entered: 10/15/2014) |

| | | |
|---|---|---|
| 12/17/2014 | | (private) Remarks: *USTee to submit a Final Judgment. Once entered, enter order revoking (8revoke) in BK case, serving all creditors* (related document(s)8). (Norris, Jill) (Entered: 12/17/2014) |
| 12/18/2014 | | (private) Remarks: *F/J to chambers*. (Kerkes, Deborah) (Entered: 12/18/2014) |
| 12/19/2014 | 10 | Final Judgment in Favor of *the Plaintiff against the Defendants, Revoking the Discharge of Christian E. Sanon and Louise Marie Sanon* (related document(s)8). Service Instructions: Clerks Office to serve. (Kerkes, Deborah) (Entered: 12/19/2014) |
| 12/21/2014 | 11 | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 10)). Notice Date 12/21/2014. (Admin.) (Entered: 12/22/2014) |
| 01/07/2015 | | Adversary Case 8:14-ap-702 Closed. (Valencia, Dianna) (Entered: 01/07/2015) |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON, Case No. 8:13-bk-06282-MGW

Debtors.
____________________________________/

UNITED STATES TRUSTEE,

GUY G. GEBHARDT, Adv. No. 8:ap-14-

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.
____________________________________/

## COMPLAINT SEEKING REVOCATION OF DISCHARGE OF DEBTORS

The United States Trustee, by and through his undersigned counsel, files this complaint to revoke the discharge of the Chapter 7 debtors, Christian E. Sanon and Louise Marie Sanon, pursuant to 11 U.S.C. §§ 727(d)(1) and (e)(1).

**GENERAL ALLEGATIONS:**

1. This is a core proceeding to determine whether the debtors' discharge should be revoked under 11 U.S.C. §§ 727(d)(1) and (e)(1). This proceeding arises from the above styled Chapter 7 bankruptcy case of the debtors, Christian E. Sanon and Louise Marie Sanon. The Court has jurisdiction based upon 28 U.S.C. §§ 157 and 1334.

2. The debtors filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code on May 13, 2013.

3. The United States Trustee appointed Beth Ann Scharrer as the Chapter 7 trustee in this case.

4. The §341 meeting was held and concluded on June 13, 2013. At the §341 meeting, the debtors appeared under oath, and affirmed the truth and accuracy of their schedules.

5. The Schedule A filed by the debtors with their Chapter 7 petition listed one parcel of real property, identified as their homestead, at 1213 Belladonna Drive, Brandon, Florida, valued at $143,610.00.

7. The debtors' Schedule B listed personal property consisting generally of cash in the bank, household goods and furnishings, clothing and jewelry, and two automobiles. The aggregate value of the personal property listed on Schedule B was $41,997.92. The debtors did not list any interest in any incorporated or unincorporated businesses, partnerships, or joint ventures. Similarly, they did not list any equitable interests in property other than those listed on Schedule A.

8. The debtors' Schedule C claimed as exempt their bank account, household goods and furnishings, clothing and jewelry, and other miscellaneous personal property, all valued at $5,497.92.

9. The debtors' Schedule D listed a first mortgage on the homestead real property in the amount of $367,801.00. In addition, the Schedule D included two creditors with security interests in their two automobiles, with stated balances in excess of the value of the automobiles.

10. The debtors' Schedule F listed unsecured debt of $29,138.00.

11. On the Schedule I, the debtors listed the debtor husband's "[R]egular income from operation of a business or profession" as $5,000 per month, indicating he was a Physician/Director of Rome Foundation in Haiti, Dominican Republic. The debtors indicated the debtor wife had no income. The Schedule J filed by the debtors indicated that after expenses, the debtors had a deficit of $999.51 per month.

12. The debtors stated their intention to surrender the real property at 1213 Belladonna Drive, Brandon, Florida.

13. On the Statement of Financial Affairs, at paragraph 18, the debtors responded "None" to the question regarding whether they had held a position as an officer, director, partner, or managing executive of a corporation, partnership, or sole proprietorship, or whether they held an interest of 5% or more in any business in the last 6 years.

14. On August 16, 2013, the Court granted the debtors a general discharge.

15. After entry of the discharge, the chapter 7 trustee and the United States Trustee received information alleging the debtors owned interests in several undisclosed business entities and were, in their individual capacities, parties to a contract to sell acreage they owned in Haiti. The information and documentation received by the chapter 7 trustee and the United States Trustee included a draft copy of an agreement, referencing a blank date in January 2014, which stated the debtors, as "Sellers," agreed to transfer land in Haiti consisting of 14.25 hectars (35 acres) to an individual named Frantz Silface, the "Purchaser."

16. After the information and documentation regarding allegedly undisclosed assets was provided to the chapter 7 trustee and the United States Trustee, the debtors, on February 20, 2014,

and again on April 1, 2014, filed an amended Statement of Financial Affairs to include 7 businesses in which they had held a management position and/or equity within six years prior to filing, and which they had not previously disclosed, including businesses which owned a medical facility, a medical practice, and what appears to be a radio station, among other things. Also on April 1, 2014, the debtors amended their Schedule B to reflect ownership interests in 6 business entities, all of which they indicated had no net value in excess of corporate debt.

17. The records of the Florida Secretary of State reflect that the debtor husband, Christian E. Sanon, was an officer, director or owner of at least four additional entities within six years prior to and/or at the time of filing this chapter 7 case. The debtor's management positions and/or ownership interests in those four additional entities have never been disclosed.

**COUNT I-11 U.S.C. § 727(d)(1)**

18. The United States Trustee realleges the allegations contained in paragraphs 1 through 17, above.

19. On information and belief, at the time of the filing of the debtors' chapter 7 petition, the debtors owned interests in corporate or partnership entities which had substantial value, but which they failed to disclose on the schedules and statements filed under penalty of perjury in their bankruptcy case. It was not until the information regarding their interest in such entities was disclosed by a third party that they amended their Schedule B and their Statement of Financial Affairs to disclose some, but not all of the entities.

20. On information and belief, at the time of filing of the debtors' chapter 7 petition, the debtors owned an interest in land consisting of over 35 acres and located in Croix des Bouquets,

Haiti, which they intended to sell post-petition, but which they failed to disclose on the schedules and statements filed under penalty of perjury in their bankruptcy case.

21. The debtors knew that the interests in corporations or partnerships they owned were property of the bankruptcy estate. Therefore, the debtors, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property of the estate, transferred, removed, or concealed such property of the estate after the date of the filing of the petition.

22. The debtors knew the interest in the land which they appear to have intended to sell post-petition was property of the estate. Therefore, the debtors, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property of the estate, transferred, removed, or concealed such property of the estate after the date of the filing of the petition.

23. The debtors obtained the discharge granted by this Court through fraud in that the intentional failure to disclose various business entity interests, which they knew to be assets of the estate, constitutes fraud in fact.

24. The debtors obtained the discharge granted by this Court through fraud in that the intentional concealment of land, consisting of 35 acres and located in Croix des Bouquets, Haiti, which was an asset of the estate, constitutes fraud in fact.

25. The debtors obtained the discharge granted by this Court through fraud in that they made a false oath or account by failing to disclose real and personal property which they owned on the date of filing the chapter 7 petition.

26. The United States Trustee did not become aware of the fraud until after the granting of the discharge in this case.

27. As a result of the debtors' conduct, the discharge previously granted in this case should be revoked pursuant to 11 U.S.C. § 727(d)(1).

28. This action is timely filed pursuant to 11 U.S.C. § 727(e)(1) which provides for the filing of a complaint to revoke a discharge under 11 U.S.C. § 727(d)(1) within one year after such discharge is granted.

WHEREFORE, Plaintiff, the United States Trustee, respectfully requests that the discharge previously granted to the debtors be revoked pursuant to 11 U.S.C. §§ 727(d)(1) and (e)(1), and grant such other relief as the Court deems appropriate.

Respectfully submitted,

Guy G. Gebhardt
Acting United States Trustee, Region 21

By: Theresa M. Boatner
Theresa M. Boatner
Trial Attorney
FBN: 0449644
501 East Polk St., Ste. 1200
Tampa, FL 33602
(813) 228-2000



I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK

# U.S. Bankruptcy Court
# Middle District of Florida

In re:

Bankruptcy Case No. **8:13-bk-06282-MGW**

**CHRISTIAN E. SANON AND LOUISE MARIE SANON**
Debtor

Adversary Proceeding No. **8:14-ap-00702-MGW**

**UNITED STATES TRUSTEE - TPA7/13, 7**
Plaintiff
v.
**CHRISTIAN E. SANON**
**LOUISE MARIE SANON**
Defendant

## SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| Address of Clerk | |
|---|---|
| | **Clerk, U.S. Bankruptcy Court**<br>**Middle District of Florida**<br>**Sam M. Gibbons United States Courthouse**<br>**801 North Florida Avenue**<br>**Tampa, FL 33602** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | |
|---|---|
| | **Cynthia Burnette**<br>**Timberlake Annex, Ste. 1200**<br>**501 E. Polk Street**<br>**Tampa, FL 33602** |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK

U.S. BANKRUPTCY COURT ★ MIDDLE DISTRICT OF FLORIDA ★
Date Issued:
08/14/2014

***** Important Notice *****
Click here to receive the second page of the summons (certificate of service).
**This certificate must be filed with the court after service has been made on the parties.**

CSD 3007

[8advospc] [ORDER SCHEDULING PRE–TRIAL CONFERENCE]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No. 8:13–bk–06282–MGW
Chapter 7

Christian E. Sanon
Louise Marie Sanon

Debtor(s) /

United States Trustee – TPA7/13 7

Plaintiff(s)

Adv. Pro. No. 8:14–ap–00702–MGW

vs.

Christian E. Sanon

Defendant(s) /

ORDER SCHEDULING PRE–TRIAL CONFERENCE

THIS PROCEEDING came before the Court for purposes of setting a date for a Pre–Trial Conference and establishing other procedures necessary for its efficient administration. Accordingly, it is

**ORDERED**:

1. Pre–Trial Conference Scheduled. A Pre–Trial Conference will be held in Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602 on October 14, 2014 at 09:30 AM before the Honorable Michael G. Williamson , United States Bankruptcy Judge.

2. Pending Motions. All pending motions will be heard at the Pre–Trial Conference, except Motions for Summary Judgment.

3. Conduct of Hearing. The Court will not permit the introduction of testimony or documentary evidence at the Pre–Trial Conference. However, the Court will consider as part of the record affidavits that are offered without objection, uncontradicted proffers of evidence made by counsel, and judicial and evidentiary admissions made by the parties in open Court or in the papers and schedules filed with the Court. NOTICE IS HEREBY GIVEN to the parties that at the Pre–Trial Conference, the Court on its own motion may grant summary judgment in favor of the Plaintiff or Defendant as to all or part of the relief requested, if there is no genuine issue as to any material fact and some or all of the relief requested should be granted or denied as a matter of law.

4. Motion to Determine Whether Proceeding Core. Not later than the date first set for filing a motion or answer to the complaint, any party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding shall file with the court a motion requesting that this Court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. Failure of any party to file a

motion on or before the deadline provided in this paragraph shall be deemed consent by such party to this Court entering all appropriate final orders and judgments in this proceeding, subject to review under 28 U.S.C. § 158.

5. Page Limit. No motion, application, or memorandum filed with the court shall exceed 15 double–spaced pages exclusive of exhibits, absent prior leave of this Court.

6. Appropriate Attire. You are reminded that Local Rule 5072–1(b)(16) requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

7. Avoid Delays. You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure, a photo ID is required for entry into the Courthouse.

**8. Service of the Order. Counsel for the Plaintiff is directed to serve a copy of this Order on parties prescribed to be served in accordance with Fed. R. Bankr. P. 7004(b), and a certificate of service evidencing service of same shall be filed with the court.**

BY THE COURT

Dated: August 18, 2014

Michael G. Williamson
United States Bankruptcy Judge

The movant's attorney is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Case No.: 8:13-bk-06282-MGW

Debors.

---

UNITED STATES TRUSTEE,

GUY G. GEBHARDT,

Adv. No. 8:ap-14-

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.

---

**DEFENDANT'S MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO COMPLAINT**

We, CHRISTIAN E. SANON and LOUISE MARIE SANON, hereby file this Motion for Extension of Time to Respond to Complaint due to difficulty retaining counsel because of living in Haiti. We would aver that justice requires a twenty day extension of time and, therefore, respectfully requests this Court to grant such extension of time for Defendant(s) in the above-referenced matter and in support hereof states:

1. We presently live and work in Haiti. We are having a difficult time retaining counsel in Florida due to the proximity and request additional time, 20 days, to hire legal counsel on my behalf.

WHEREFORE, good cause exists to grant a twenty-day extension of time for Defendant to respond to the Complaint.

Respectfully submitted,

Christian E Sanon

Christian Sanon

Louise Marie C Sanon

Louise Sanon

3960 N 56th Street
Ft. Lauderdale, FL 33312

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by ~~regular U.S. Mail, postage prepaid~~ electronic mail/ECF this September 22 2014, to: Guy G. Gebhardt c/o Theresa M. Boatner, Esq., 501 East Polk St., Ste. 1200, Tampa, FL 33602;Chapter 7 Trustee, and to the Asst. US Trustee, Timberlake Annex, 501 E. Polk Street, Suite 1200, Tampa FL 33602-3949.

C Artwick

FBN: 0963690

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON, Case No.: 8:13-bk-06282-MGW

Debtors.
_________________________________/

UNITED STATES TRUSTEE,
GUY G. GEBHARDT,
Plaintiff, Adv. No. 8:14-ap-00702-MGW

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,
Defendants.
_________________________________/

**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

The Court having considered the Defendants' Motion For Additional Time Within Which To Respond to Complaint, finding the relief requested reasonable, it is therefore

ORDERED that the Defendants' Motion For Additional Time Within Which To Respond to Complaint should be, and is hereby, granted and Defendants shall have until October 10, 2014, to file their Response to Complaint in this matter.

DONE AND ORDERED at Tampa, Florida this September 30, 2014.

MGWilliamson
_________________________________
**MICHAEL G. WILLIAMSON**
**U.S. BANKRUPTCY JUDGE**

Attorney, Christie D. Arkovich, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the Order.

Cc: Christian and Louise Sanon, 3960 N. 56th St., Ft. Lauderdale, FL 33312
Christie D. Arkovich, Esq., 1520 W. Cleveland Street, Tampa, FL 33602

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
_________________________________
DEPUTY CLERK

Guy G. Gebhardt c/o Theresa Boatner, Esq., 501 E. Polk St., Ste 1200, Tampa, FL 33602
Asst. U.S. Trustee, Timberlake Annex Suite 1200, 501 E. Polk Street, Tampa FL 33602-3949

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Case No.: 8:13-bk-06282-MGW

Debors.

_______________________________/

UNITED STATES TRUSTEE,

GUY G. GEBHARDT,

Adv. No. 8:14-ap-00702-MGW

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.

_______________________________/

**PROOF OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Order Granting Defendants' Motion for Extension of Time to Respond to Complaint (Doc. No. 5) has been furnished by regular U.S. Mail, postage prepaid or electronically this October 1, 2014, to: Beth Ann Scharrer, Chapter 7 Trustee, P.O. Box 4550, Seminole, Florida 33775; Christian & Louise Sanon, 3960 N. 56th St, Ft. Lauderdale, FL 33312; Guy G. Gebhardt c/o Theresa Boatner, Esq. 501 E. Polk St., Ste 1200, Tampa, FL 33602; the United States Trustee, Timberlake Annex, 501 E. Polk Street, Suite 120, Tampa, FL 33602.

/s/ Christie D. Arkovich, Esq
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 582115
Primary E-mail:
cdalaw@tampabay.rr.com
Secondary E-mail:
cdalaw5@tampabay.rr.com;
cdalaw3@tampabay.rr.com
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
(813) 258-5911 (Facsimile)
Attorneys for Debtor(s)

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Case No.: 8:13-bk-06282-MGW

Debtors.

_______________________________/

UNITED STATES TRUSTEE,

GUY G. GEBHARDT,

Adv. No. 8:14-ap-00702-MGW

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.

_______________________/

**NOTICE OF APPEARANCE**

COMES NOW, the undersigned counsel and files this Notice of Appearance on behalf of the Defendant, CHRISTIAN E. SANON and LOUISE MARIE SANON, in the above styled cause. The undersigned requests that she be served with copies of all notices, pleadings, motions, orders and other documents filed in these proceedings.

Respectfully submitted,

/s/ Christie D. Arkovich, Esq
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 582115
Primary E-mail: cdalaw@tampabay.rr.com

Secondary E-mail: cdalaw5@tampabay.rr.com;
cdalaw3@tampabay.rr.com
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
(813) 258-5911 (Facsimile)
Attorneys for Debtor(s)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail, postage prepaid or electronically this October 9, 2014, to: Beth Ann Scharrer, Chapter 7 Trustee, P.O. Box 4550, Seminole, Florida 33775; Christian & Louise Sanon, 3960 N. 56th St, Ft. Lauderdale, FL 33312; Guy G. Gebhardt c/o Theresa Boatner, Esq. 501 E. Polk St., Ste 1200, Tampa, FL 33602; the United States Trustee, Timberlake Annex, 501 E. Polk Street, Suite 120, Tampa, FL 33602.

/s/Christie D. Arkovich
CHRISTIE D. ARKOVICH, ESQ.

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Case No. 8:13-bk-06282-MGW

Debtors.
___________________________________/

UNITED STATES TRUSTEE,

GUY G. GEBHARDT,

Adv. No. 8:ap-14-00702-MGW

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.
___________________________________/

**DEBTORS' CONSENT TO ENTRY OF FINAL JUDGMENT REVOKING DISCHARGE**

The Debtors/Defendants in the above styled case, Christian E. Sanon and Louse Marie Sanon, each consent to the entry of a final judgment revoking their discharge. The Debtors fully acknowledge that, if the Court enters a final judgment that revokes the previously entered discharge in their joint chapter 7 case pursuant to 11 U.S.C. § 727(d), Case No. 8:13-bk-06282-MGW, they each consent and agree to the following:

1. The Court has personal jurisdiction over each of the Debtors, who each acknowledge receipt of a copy of the summons and complaint in this Adversary Proceeding;

2. Although the Debtors have not filed an Answer to the Complaint, the Debtors hereby forfeit their right to a bench trial on the Complaint, do not contest the United States Trustee's Complaint, and agree to the entry of a judgment revoking their discharge(s) under 11 U.S.C. § 727(d);

3. The Debtors will not be discharged from any debt that was or could have been listed or scheduled in this chapter 7 case;

4. Any discharge either of the Debtors may receive in a future bankruptcy case filed under 11 U.S.C. §§ 727, 1141, 1228(a), 1228(b) or 1328(b), will not discharge any debt that was or could have been listed or scheduled in this case;

5. The Debtors each agree to execute written waivers of discharge which may be filed in the chapter 7 case, and approved by the Bankruptcy Court;

6. The entry of a Final Judgment Revoking Discharge, pursuant to 11 U.S.C. § 727(d) does not otherwise affect the administration of the bankruptcy case, and in no way limits the authority of the chapter 7 trustee to collect and reduce to money the property of the estate; and

7. The Bankruptcy Court shall retain jurisdiction over this case for purposes of enforcing this Consent and the Final Judgment in this Adversary Proceeding.

Under penalty of perjury, in accordance with 28 U.S.C. § 1746, the undersigned Debtors certify that the foregoing is true and correct.

Christian E. Sanon
3960 North 56th Street
Hollywood, FL 33620

Dated: 10/13/14

Louise Marie Sanon
3960 North 56th Street
Hollywood, FL 33620

Dated: 10/13/14

Christie D. Arkovich, Esq.
Counsel for Debtors
1520 W. Cleveland St.
Tampa, FL 33606

Dated: 10/14/14

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# PRO MEMO

10/14/2014 09:30 AM

COURTROOM 8A

HONORABLE MICHAEL WILLIAMSON

CASE NUMBER: FILING DATE:

**8:13-bk-06282-MGW** **Chapter 7** **08/14/2014**

**ADVERSARY: 8:14-ap-00702-MGW** **Pltf Atty:** Theresa M Boatner

**Dft Atty:** Christie D Arkovich

**DEBTOR:** Christian E. Sanon and Louise Marie Sanon

**HEARING:**

United States Trustee - TPA7/13, 7 v. Sanon et al

Pretrial Conference

**APPEARANCES::**
Denise Barnett: Pltf Atty, Christie Arkovich: Def Atty
**RULING:**
Pretrial Conference - Stip. revoking discharge to be submitted by Pltf
Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). Orders not submitted by the time of closing will result in motions/objections/applications being denied as moot. This docket entry/document is not an official order of the Court.

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:
CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Case No. 8:13-bk-06282-MGW

Debtors.
_________________________________/

UNITED STATES TRUSTEE,

GUY G. GEBHARDT,

Adv. No. 8:14-ap-702-MGW

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.
_________________________________/

**FINAL JUDGMENT REVOKING THE DISCHARGE**
**<u>OF CHRISTIAN E. SANON AND LOUISE MARIE SANON</u>**

This proceeding came before the Court upon the United States Trustee's ("Plaintiff's") complaint against Christian E. Sanon and Louise Marie Sanon ("Defendants") seeking the revocation of the Defendants' discharge pursuant to the provisions of 11 U.S.C. § 727(d). The Defendants have consented to the revocation of their discharges, pursuant to the Debtors' Consent to Entry of Final Judgment Revoking Discharge (Adv. Dkt. No. 8), filed in this adversary case no. 8:14-ap-702-MGW on

October 14, 2014. Accordingly, the Court finds that judgment should be entered in favor of the United States Trustee and against the Defendants. Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that:

1. Judgment is entered in favor of the Plaintiff and against the Defendants, Christian E. Sanon and Louise Marie Sanon, as to all counts alleged in the complaint in the above-styled adversary proceeding.

2. The discharge entered in favor of Christian E. Sanon and Louise Marie Sanon on August 16, 2013 (Dkt. No. 38), in case no. 8:13-bk-01362-MGW, is revoked pursuant to 11 U.S.C. § 727(d).

3. The obligations of Christian E. Sanon and Louise Marie Sanon are not discharged, and the Debtors shall remain liable for all such debts.

Done and Ordered December 19, 2014.

MGWilliamson

MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Copies furnished to:
Christian E. Sanon and Louise Marie Sanon, 9008 Paragon Way, Boynton Beach, FL 33472 AND PO Box 30224/USF, Holly Drive, Tampa, FL 33620
Christie D. Arkovich, Esq., 1520 West Cleveland St., Tampa, FL 33606
Theresa M. Boatner, Esq., Office of the US Trustee, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

United States Bankruptcy Court
Middle District of Florida

United States Trustee - TPA7/13, 7,
Plaintiff

Adv. Proc. No. 14-00702-MGW

Sanon,
Defendant

# CERTIFICATE OF NOTICE

District/off: 113A-8 User: kerked Page 1 of 1 Date Rcvd: Dec 19, 2014
Form ID: pdfdoc Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2014.

dft +Christian E. Sanon, PO Box 30224 / USF, Holly Drive, Tampa, FL 33630-3224
+Christian E. Sanon & Louise M. Sanon, 9008 Paragon Way, Boynton Beach, FL 33472-5133
dft +Louise Marie Sanon, PO Box 30224 / USF, Holly Drive, Tampa, FL 33630-3224

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

ust +E-mail/Text: ustpregion21.tp.ecf@usdoj.gov Dec 19 2014 23:03:41
United States Trustee - TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602-3949

TOTAL: 1

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2014 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2014 at the address(es) listed below:

Christie D Arkovich on behalf of Defendant Louise Marie Sanon cdalaw@tampabay.rr.com, cdalawign@tampabay.rr.com
Christie D Arkovich on behalf of Defendant Christian E. Sanon cdalaw@tampabay.rr.com, cdalawign@tampabay.rr.com
Theresa M Boatner on behalf of Plaintiff United States Trustee - TPA7/13, 7 Terry.M.Boatner@usdoj.gov
United States Trustee - TPA7/13, 7 USTPRegion21.TP.ECF@USDOJ.GOV

TOTAL: 4

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:
CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Case No. 8:13-bk-06282-MGW

Debtors.
_________________________________/

UNITED STATES TRUSTEE,

GUY G. GEBHARDT,

Adv. No. 8:14-ap-702-MGW

Plaintiff,

vs.

CHRISTIAN E. SANON,
LOUISE MARIE SANON,

Defendants.
_________________________________________________/

**FINAL JUDGMENT REVOKING THE DISCHARGE**
**OF CHRISTIAN E. SANON AND LOUISE MARIE SANON**

This proceeding came before the Court upon the United States Trustee's ("Plaintiff's") complaint against Christian E. Sanon and Louise Marie Sanon ("Defendants") seeking the revocation of the Defendants' discharge pursuant to the provisions of 11 U.S.C. § 727(d). The Defendants have consented to the revocation of their discharges, pursuant to the Debtors' Consent to Entry of Final Judgment Revoking Discharge (Adv. Dkt. No. 8), filed in this adversary case no. 8:14-ap-702-MGW on

October 14, 2014. Accordingly, the Court finds that judgment should be entered in favor of the United States Trustee and against the Defendants. Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that:

1. Judgment is entered in favor of the Plaintiff and against the Defendants, Christian E. Sanon and Louise Marie Sanon, as to all counts alleged in the complaint in the above-styled adversary proceeding.

2. The discharge entered in favor of Christian E. Sanon and Louise Marie Sanon on August 16, 2013 (Dkt. No. 38), in case no. 8:13-bk-01362-MGW, is revoked pursuant to 11 U.S.C. § 727(d).

3. The obligations of Christian E. Sanon and Louise Marie Sanon are not discharged, and the Debtors shall remain liable for all such debts.

Done and Ordered December 19, 2014.

MGWilliamson

MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Copies furnished to:
Christian E. Sanon and Louise Marie Sanon, 9008 Paragon Way, Boynton Beach, FL 33472 AND PO Box 30224/USF, Holly Drive, Tampa, FL 33620
Christie D. Arkovich, Esq., 1520 West Cleveland St., Tampa, FL 33606
Theresa M. Boatner, Esq., Office of the US Trustee, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602