**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_________________________________/

**DEFENDANT'S OBJECTION TO THE GOVERNMENT'S TENTH SUPPLEMENTAL NOTICE [DE 2294] AND MOTION TO EXCLUDE GX 4I, THE 2014 BANKRUPTCY CONSENT JUDGMENT AND PLEADINGS**

Defendant Christian Sanon, through undersigned counsel, objects to the Government's Tenth Supplemental Notice [DE 2294], filed November 13, 2026, and moves to exclude GX 4I. In support, Mr. Sanon states as follows:

## BACKGROUND

Trial began on September 28, 2026. In the seventh week of trial, the Government gave notice that it intends to offer the docket, complaint and final judgment from *United States Trustee v. Christian Sanon*, Adv. No. 8:14-ap-00702-MGW, an adversary proceeding in the United States Bankruptcy Court for the Middle District of Florida, as GX 4I. The Government asks that the records be "admitted without accompanying witness or custodian testimony." [DE 2294 at 1.]

On August 14, 2014, the United States Trustee filed a six-page *Complaint Seeking Revocation of Discharge of Debtors* against Mr. Sanon and his wife, Louise Marie Sanon, under 11 U.S.C. §§ 727(d)(1) and (e)(1). Its operative allegations of fraud were pleaded "On information and belief." [DE 2294-1 at 7-8 (Compl. ¶¶ 19-20).]

The Sanons never answered. Instead, on October 14, 2014, they filed a *Debtors' Consent to Entry of Final Judgment Revoking Discharge*, which states:

> Although the Debtors have not filed an Answer to the Complaint, the Debtors hereby forfeit their right to a bench trial on the Complaint, **do not contest** the United States Trustee's Complaint, and agree to the entry of a judgment revoking their discharge(s) under 11 U.S.C. § 727(d).

[DE 2294-1 at 22 (Consent ¶ 2).] The bankruptcy court's pretrial memorandum records the result in a single line: "Stip. revoking discharge to be submitted by Pltf." [DE 2294-1 at 24.]

The Final Judgment entered December 19, 2014 recites that "The Defendants have consented to the revocation of their discharges, pursuant to the Debtors' Consent to Entry of Final Judgment Revoking Discharge (Adv. Dkt. No. 8) . . . . Accordingly, the Court finds that judgment should be entered in favor of the United States Trustee and against the Defendants." [DE 2294-1 at 25-26.] It then revokes the discharge and declares the debts not discharged. It contains no findings of fact, resolves no disputed issue, and recites no evidence.

In short, the Government proposes to place before this jury a set of uncontested allegations and a judgment entered because they were uncontested, in a criminal prosecution over 10 years later, without a witness, and without ever stating why.

## ARGUMENT

### I. Consent Judgment

The Eleventh Circuit has held that "a consent judgment cannot constitute collateral estoppel unless the party pleading collateral estoppel proves from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue." *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir. 1986). The reason is that "parties often enter into consent judgments for reasons other than a disposition of

the issues in the case," and in that event "the consent judgment does not settle the issues for future litigation." *Id.* at 1527.

*Balbirer* rests on *United States v. International Building Co.*, 345 U.S. 502 (1953), which warned that giving conclusive effect to an unadjudicated consent judgment "would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits." *Id.* at 505-06, *quoted in Balbirer*, 790 F.2d at 1527. The former Fifth Circuit held the same: "When one party . . . concedes or stipulates the issue upon which the court bases its judgment, the issue is not conclusively determined . . . unless it is clear that the parties so intended." *Anderson, Clayton & Co. v. United States*, 562 F.2d 972, 992 (5th Cir. 1977), *quoted in Balbirer*, 790 F.2d at 1527-28; *see also Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 539 (5th Cir. 1978) (a court "should take into account the fact that it was rendered by consent and determine its impact by the issues actually intended to be precluded by the parties"); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

If a consent judgment is not enough to establish a fact between the parties who agreed to it, it cannot be substantive evidence of that same fact against a criminal defendant before a jury that will never hear how the judgment came about. The Sanons expressly "did not contest" the complaint and forfeited the bench trial. Nothing was litigated, nothing was found, and the judgment itself says only that judgment should enter because they consented.

## II. Rule 803(8) Does Not Admit Findings Against an Accused, and There Are No Findings

The Government invokes Rule 803(8). That rule admits a record or statement of a public office only if it sets out the office's activities; a matter observed under a legal duty to report, "but not including, in a criminal case, a matter observed by law-enforcement personnel"; or "in a civil

case or against the government in a criminal case, factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A).

The Advisory Committee explained the limitation: such reports "are admissible only in civil cases and against the government in criminal cases in view of the almost certain collision with confrontation rights which would result from their use against the accused in a criminal case." Fed. R. Evid. 803(8) advisory committee's note.

The point is doubly dispositive, because there are no factual findings to offer. A judgment entered on an uncontested consent contains no "factual findings from a legally authorized investigation." It contains a recital that the defendants consented.

## III. No Hearsay Exception

Rule 803(22) admits a final judgment of conviction, and then only where it followed a trial or guilty plea rather than a nolo plea, the offense was punishable by death or by imprisonment for more than a year, and the evidence is admitted to prove a fact essential to the judgment. Rule 803(23) admits a judgment to prove personal, family or general history, or boundaries.

The exclusion of nolo pleas from Rule 803(22) is instructive. The drafters withheld the hearsay exception from a disposition in which the party declined to contest the charge rather than admitting it. A consent judgment entered on an express statement that the defendants "do not contest" the complaint stands in precisely the same posture, and in a civil case at that.

The complaint is a pleading. Its allegations are the assertions of the United States Trustee, pleaded in material part "on information and belief," never answered, never tested, never proved. Offered for the truth of what it alleges, it is hearsay, and no exception in Rules 803, 804 or 807

admits it. That the clerk keeps the pleading in a public file proves that it was filed. It does not convert its allegations into evidence.

## IV. 404(b) Notice regarding Bankruptcy Filings

The evidence of a previous bankruptcy filing can do only one kind of work before this jury: suggest that Mr. Sanon is a man who conceals assets and makes false statements, and that he therefore did what the Government alleges here. There was no prior 404(b) notice filed regarding the bankruptcy documents.

Rule 404(b)(3) provides that in a criminal case the prosecutor must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

DE 2294 does not provide notice. It does not identify a purpose, articulates no reasoning, and was filed in the seventh week of trial rather than before it. The Government has neither sought nor attempted to show good cause to excuse the absence of pretrial notice.

## V. Rule 403

The probative value of a consent judgment proves that Mr. Sanon chose, twelve years ago and on his lawyer's advice, not to litigate a civil case against the United States Trustee. People settle for many reasons, which is exactly why *Balbirer* refuses to treat consent judgments as adjudications.

The prejudice, by contrast, is severe and obvious. The jury would learn that a federal court entered judgment against this Defendant on a complaint alleging fraud, concealment and false oath, including concealment of land in Haiti. It would have no way to learn that no one ever proved any of it. It would also learn of a judgment against Mr. Sanon's wife, who is not a party to this case and cannot answer here. The records would invite the jury to convict based on impermissible character evidence, and curing it would require a trial within a trial on a 2014 bankruptcy that would have to be tried in week seven of this trial.

**CONCLUSION**

Mr. Sanon asks the Court to strike the Tenth Supplemental Notice [DE 2294] as to GX 4I and to exclude GX 4I in its entirety under Federal Rules of Evidence 401, 402, 403, 404(b), 802 and 803(8); Mr. Sanon reserves all further objections, including under the Confrontation Clause.

Respectfully submitted,

**BOZANIC LAW, P.A.**
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

/s/Zeljka Bozanic
By:______________________
Zeljka Bozanic
Florida Bar No. 23707

**HUMBERTO R. DOMINGUEZ, P.A.**
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

/s/Humberto R. Dominguez
By:______________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 13, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

/s/Zeljka Bozanic
By:______________________
Zeljka Bozanic
Florida Bar No. 23707