**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN SANON,

Defendant.
_________________________________/

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S ORAL RULE 608(b) ARGUMENT AND REQUEST FOR LIMITS ON ANY CROSS-EXAMINATION CONCERNING THE 2014 BANKRUPTCY ADVERSARY PROCEEDING**

Defendant Christian Sanon, through undersigned counsel, responds to the Rule 608(b) argument the Government advanced orally after filing a Notice of Intent to Seek Admission of Self-Authenticating Records [DE 2294], after the Defense responded in DE 2295, and requests that the Court define the limits of any cross-examination it permits on that subject. In support, Mr. Sanon states as follows:

## BACKGROUND

The Government's written notice is titled "Government's Tenth Supplemental Notice of Intent to Seek Admission of Self-Authenticating Records." [DE 2294.] It states that it is filed "pursuant to the rules identified in its previously filed Motion in Limine to Pre-Admit Self-Authenticating Records (DE 1314)" and that the Government "intends to introduce into evidence at trial the following records under FRE 902 and 803." DE 2294 at 1. The notice does not mention FRE 608 or 404(b).

The Government then argued, for the first time at the podium, that Rule 608(b) permits it to question Mr. Sanon about alleged fraud in his bankruptcy.

## ARGUMENT

### I. Complaint is Only an Allegation

Rule 608(b) "generally prohibits the impeachment of witnesses by inquiry into specific bad acts of misconduct unless those acts resulted in a criminal conviction as described in Rule 609." *United States v. Crutchfield*, 26 F.3d 1098, 1102 n.4 (11th Cir. 1994) (citing *United States v. Cox*, 536 F.2d 65, 70 n.11 (5th Cir. 1976)).

The Advisory Committee stated that the extrinsic-evidence prohibition "bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act." Fed. R. Evid. 608 advisory committee note to 2003 amendment, *quoted in United States v. Wright*, 534 F. Supp. 3d 384, 392 (M.D. Pa. 2021). Applying that principle, the Third Circuit held that while the government could question a witness about the facts underlying prior incidents, it "cannot make reference to" the discipline he received or to the agency's finding that he had lied. The court concluded: "The government needs to limit its cross-examination to the facts underlying those events." *United States v. Davis*, 183 F.3d 231, 256-57 & n.12 (3d Cir. 1999), *amended by* 197 F.3d 662 (3d Cir. 1999), *quoted in Wright*, 534 F. Supp. 3d at 395. *Wright* held that permitting the inquiry would impermissibly "inject the views of a third person into the case to contradict the witness" and would "circumvent the no-extrinsic-evidence provision" of the rule. 534 F. Supp. 3d at 394-95.

A question that asks about an act Mr. Sanon himself performed, whether he omitted business interests from his bankruptcy schedules, asks about conduct, and Rule 608(b) is addressed to conduct. A question that asks about fraud, about an allegation or accusation of fraud, about a

claim the Trustee made, about what a court did with it, or about whether Mr. Sanon was found to have done anything, is someone else's assertion rather than his conduct.

*Crutchfield* drew the same line. The Eleventh Circuit held that "questions regarding the extent of the witness' personal use of marijuana may have been proper on cross examination," but "questions designed to implicate him as a large scale buyer or distributor of marijuana clearly were not." 26 F.3d at 1102. Conduct was fair ground but the characterization the prosecutor wanted the jury to draw from it was not.

## II. There Is No Evidence of Fraud

The Trustee's complaint asserts fraud. There are schedules, but there was no trial, testimony or anything else that proves fraud. The word comes entirely from a pleading.

The United States Trustee's operative fraud allegations are pleaded "on information and belief." [DE 2294-1 (Compl. ¶¶19-20).] That is a representation that the pleader does not assert personal knowledge.

There was no answer ever filed, no discovery was taken, no witnesses testified and no exhibits were introduced. The single hearing that occurred was a pretrial conference at which, by the Court's own scheduling order, "The Court will not permit the introduction of testimony or documentary evidence." [DE 2294-1 (Scheduling Order).]

The resolution was a decision not to contest, not an admission. The Consent states that "the Debtors have not filed an Answer to the Complaint, the Debtors hereby forfeit their right to a bench trial on the Complaint, do not contest the United States Trustee's Complaint, and agree to the entry of a judgment revoking their discharge(s) under 11 U.S.C. § 727(d)." [DE 2294-1 (Consent ¶2).] Declining to contest is the opposite of admitting. "Parties often enter into consent judgments for

reasons other than a disposition of the issues in the case . . . the consent judgment does not settle the issues for future litigation." *Balbirer v. Austin*, 790 F.2d 1524, 1527 (11th Cir. 1986).

The judgment contains no findings. It states that "Defendants have consented to the revocation of their discharges, pursuant to the Debtors' Consent," and that "accordingly" judgment should enter. [DE 2294-1 (Final J.).] The Eleventh Circuit has explained that with consent decrees "the requirement of actual litigation necessary to preclusion always will be missing"; preclusive effect depends on whether the decree "contains detailed factual findings" and language showing the parties intended it as a final adjudication. *In re Halpern*, 810 F.2d 1061, 1064-66 (11th Cir. 1987). This judgment has neither.

What we have is an allegation, no answer, no discovery, no evidence, a hearing at which evidence was not allowed, a consent that expressly did not concede the allegation, and a judgment with no findings. At no point did anyone, including the Trustee, assert knowledge that Mr. Sanon did what the Government now wants to question in front of this jury.

The Eleventh Circuit has held that an accusation resolved without any adjudicated finding must be excluded in exactly these circumstances. In *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460 (11th Cir. 1994), a witness had been investigated by three professional bodies for forging an endorsement on a client's check. One found probable cause but dismissed the charges; another found no probable cause; no sanction resulted anywhere. The court held that this history was improper cross-examination material:

> The outcome of the grievance proceedings . . . negates the 1990 accusation's value as evidence probative of untruthfulness. . . . Neither of the investigations resulted in any sanction. In these circumstances, when the allegations of wrongdoing were grave but no sanctions resulted, the danger was great that the jury would infer more from the investigation than was fairly inferable. The magistrate judge should have excluded this line of questioning under Rule 403.

*Id.* at 1464. The Eleventh Circuit reversed and remanded for a new trial. *Id.* at 1466. The principle applies with greater force here. In *Ad-Vantage* the accusation had at least been investigated, and one body had found probable cause. Nothing was investigated here. No court ever assessed the Trustee's allegation at all.

*Ad-Vantage* also forecloses any suggestion that the bankruptcy itself is impeaching. The court held that while "acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud," "seeking discharge in bankruptcy does not show a disregard for truth that would cast doubt on a witness's veracity." *Id.* at 1464. Reversible error there included cross-examination that worked through the witness's bankruptcy schedule creditor by creditor. *Id.* at 1462-63.

## III. The Government Cannot Show the Good-Faith Basis Required by Rule 608(b)

A Rule 608(b) question must rest on a good-faith factual basis for believing that the witness committed the act. The requirement is not satisfied by establishing that someone once said he did. Mr. Sanon does not contend that the absence of an adjudication is itself disqualifying; Rule 608(b) by its nature addresses conduct that produced no conviction. However, the Government has nothing but the accusation, and an accusation is not a basis for believing the person accused did the thing.

*Crutchfield* is directly on point. The Eleventh Circuit reversed and held that the prosecutor "apparently lacked even a good faith basis for these allegations and was simply attempting to discredit the witness' testimony with the jury." 26 F.3d at 1102. In *Crutchfield,* "When asked by the court whether he had any reason to believe that Harding was involved in any way in the importation of marijuana, the prosecutor responded simply that he had "suggestions to that effect." However, he never offered to substantiate these "suggestions" for the court." *Id.* at 1102 n.6.

A pleading verified on information and belief, which the opposing party declined to contest, is a suggestion to that effect. It is not substantiation. If the Government is asked what it relies on for believing that Mr. Sanon knowingly omitted something, the only available answer is that the Trustee said so and he did not fight it. That is the showing *Crutchfield* held insufficient.

Mr. Sanon therefore asks that the Government be required to make the showing before the jury hears the question: what Mr. Sanon is believed to have knowingly omitted, and what the Government relies on, apart from the fact of the accusation, for believing the omission was intentional.

## IV. The Subject Is Remote in Time

The schedules were filed in the 2013 bankruptcy case. The adversary proceeding was filed in August 2014 and closed on January 7, 2015. This trial is being conducted in November 2026. The conduct the Government wants to ask about is therefore roughly thirteen years old, and the case was closed nearly twelve years ago.

The Eleventh Circuit's rule is settled: "Temporally remote acts are only weakly probative of the witness's current credibility." *Ad-Vantage*, 37 F.3d at 1464. The cases mark the distance at which that weakness becomes disqualifying, and the interval in this case falls inside the range in which courts of this Circuit have required exclusion.

In *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976), binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the probative value of evidence of false statements to immigration officials sixteen years before trial was outweighed by the danger of unfair prejudice. In *Ad-Vantage* itself, a sanction twenty-three years before trial was improperly admitted; "the risk that the jury would place undue emphasis on it was great." 37 F.3d

at 1464-65. In *United States v. Ochoa*, 941 F.3d 1074, 1093 (11th Cir. 2019), the court affirmed exclusion of incidents that occurred "over 12 years before" trial, holding that although "Rule 608(b) does not place any temporal limitation on evidence of specific instances of witness conduct, the remoteness of the incidents in question may nonetheless bear on their relevance," and describing their probative value as "further diminished by their age." And in *United States v. Novaton*, 271 F.3d 968, 1004-07 (11th Cir. 2001), the court affirmed limits on cross-examination about an investigation only six years old, in part because it was "temporally remote from the testimony."

The conduct the Government proposes to ask about is approximately thirteen years old. That is longer than the interval the Eleventh Circuit found disqualifying in *Ochoa*, more than double the interval in *Novaton*, and within range of *Cox*. Courts continue to apply *Ad-Vantage* to the same effect. *See, e.g.*, *Prophete v. Acevedo-Smith*, 788 F. Supp. 3d 345, 355 (E.D.N.Y. 2025); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2022 U.S. Dist. LEXIS 68513 (N.D. Fla. Apr. 13, 2022).

Under Rule 609(b), a conviction more than ten years old is admissible to impeach only if its probative value substantially outweighs its prejudicial effect, and only on advance written notice. Mr. Sanon's bankruptcy produced no conviction at all. It would be an odd rule under which a thirteen-year-old *conviction* for concealing assets would face a reverse-balancing test and a notice requirement, while a thirteen-year-old *unproven allegation* of the same conduct could be put to the defendant freely and without notice of any kind.

Remoteness compounds the problem identified above rather than standing apart from it. Whatever probative value an unproven allegation could have had in 2015, it certainly reduced further with time, while prejudice remains the same.

## V. The Absence of Any Rule 404(b) Notice Confines the Inquiry to Credibility

The Government has never given notice under Rule 404(b)(3) of any intent to use the bankruptcy. Rule 608(b) authorizes inquiry only into conduct "probative of the character for truthfulness or untruthfulness" of the witness. It is not a vehicle for propensity proof, and it cannot be used to suggest to the jury that a man who is said to have concealed assets in 2013 is the sort of man who would join the conspiracy charged in this indictment. *Crutchfield* treated the prosecutor's character inquiries as violations of Rules 404, 608 and 609 together, holding that he "flagrantly violated" those rules "by repeatedly and improperly attacking the character of the defendants and their witnesses." 26 F.3d at 1103.

## VI. The Government Is Bound by the Answer

If the question is asked, the Government is bound by the answer. Rule 608(b) "prohibits extrinsic evidence on cross-examination and thus the cross-examiner is stuck with whatever response witness gives." *United States v. Whitmore*, 359 F.3d 609, 622 (D.C. Cir. 2004), *quoted in Wright*, 534 F. Supp. 3d at 392. "Extrinsic evidence" under the rule "encompasses documentary evidence." *United States v. Nelson*, 365 F. Supp. 2d 381, 389 (S.D.N.Y. 2005), *cited in Wright*, 534 F. Supp. 3d at 394. The Eleventh Circuit has upheld a ruling that counsel "was bound by the witness' denials, and that counsel could not introduce extrinsic evidence to disprove" the answers. *United States v. Calle*, 822 F.2d 1016, 1019-20 (11th Cir. 1987).

The subject matter of the adversary proceeding includes an allegation that Mr. Sanon held undisclosed interests in land. This jury has spent seven weeks hearing about Mr. Sanon in an entirely different context. The risk that it hears an unadjudicated allegation as something other than a credibility matter is not speculative. *Ochoa* approved exclusion on precisely that reasoning,

where the district court found the jury "likely to focus on the underlying incidents" rather than on the deception. 941 F.3d at 1093.

The Eleventh Circuit has held that "a jury cannot always be trusted to follow instructions to disregard improper statements," and that where improper "inquiries and innuendos" reach the jury, "instructions from the bench are not sufficient to offset the certain prejudicial effect suffered by the accused." *Crutchfield*, 26 F.3d at 1103 (quoting *United States v. McLain*, 823 F.2d 1457, 1462 n.8 (11th Cir. 1987)). That is why *Crutchfield* reversed: by asking about matter the court had excluded, "the prosecutor was able to leave with the jury at least the suggestion that Crutchfield had attempted to sell the Figis when no admissible evidence as to this sale existed."

## VII. The Limits Requested

If the Court permits the inquiry over Mr. Sanon's objection, Mr. Sanon requests the Government proffers the question they intend to ask and their good faith factual basis. Any permitted question shall refer to an act Mr. Sanon himself performed and not incorporate as its premise, fraud, an allegation, accusation or claim of fraud, a contention of the United States Trustee, or a finding, determination or ruling by any court, no reference to the United States Trustee's complaint, to any allegation in it, to the revocation of the discharge, to the Final Judgment, or to the existence of the adversary proceeding.

Respectfully submitted,

**BOZANIC LAW, P.A.**
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301

**HUMBERTO R. DOMINGUEZ, P.A.**
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone: 954.920.9750
E-Mail: info@bozaniclaw.com

/s/Zeljka Bozanic
By:______________________
Zeljka Bozanic
Florida Bar No. 23707

Telephone: 305.373.6400
E-Mail: bert@hdominguezlaw.com

/s/Humberto R. Dominguez
By:______________________
Humberto R. Dominguez
Florida Bar No. 837903

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 14, 2026, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

/s/Zeljka Bozanic
By:______________________
Zeljka Bozanic
Florida Bar No. 23707