**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20104-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN SANON,**

**Defendant.**
**____________________________________/**

**UNITED STATES' REPLY TO**
**DEFENDANT'S RESPONSE CONCERNING RULE 608(b) EVIDENCE (DE 2301)**

Under Federal Rule of Evidence 608(b), the Government—like any other party—can cross-examine about "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Showing that a witness has previously perjured himself or otherwise lied or misrepresented matters to a federal court is quintessential Rule 608(b) evidence.

Here, the Government intends to question Defendant Christian Sanon about his 2013-14 federal bankruptcy proceedings. Based on his federal bankruptcy records, the Government has a good-faith basis to believe that Mr. Sanon deliberately omitted or misrepresented information about his assets, including his interests in certain business entities and a land deal in Haiti. When a trustee later moved to revoke the bankruptcy discharge, Mr. Sanon—after requesting an extension of time—decided to "not contest the United States Trustee's complaint" and agreed to revoke their discharge (GX 4I:22). In short, he got caught lying (or, at a minimum, misrepresenting through omission) material matters to a federal court and implicitly admitted it.

## ARGUMENT

**The Government Is Entitled to Question Mr. Sanon About His Bankruptcy Lies Under Rule 608(b) and To Refresh His Recollection with Exhibit 4I Under Rule 612.**

Rule 608(b) carves out an important exception to the general rule that a party cannot impeach a witness through prior instances of conduct. "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of … the witness." Fed. R. Evid. 608(b). Put simply, when a person testifies, the opposing party may cross-examine them about specific instances of conduct that are "probative of [their] character for truthfulness or untruthfulness." *Id.* "Nothing could be more probative of a witness's character for untruthfulness than evidence that the witness has previously lied under oath." *United States v. Whitmore*, 359 F.3d 609, 619 (D.C. Cir. 2004).

The rule does not require, however, that there may be any formal finding that the witness made a misrepresentation. Indeed, many instances of Rule 608(b) evidence involve lying to other people or private parties that never result in formal findings. *See, e.g.*, *United States v. Sellers*, 906 F.2d 597, 605 (11th Cir. 1990) (approving of Rule 608(b) cross-examination of defendant about being fired, eight years earlier, for falsely claiming expenses); *United States v. Cole*, 617 F.2d 151, 153-54 (5th Cir. 1980) (approving of Rule 608(b) cross-examination of witness about "his submission to a former employer of a false excuse for being absent from work"); *United States v. Crippen*, 570 F.2d 535, 538 (5th Cir. 1978) (approving of Rule 608(b) cross-examination of character witnesses about the defendant manipulating odometers before selling cars because "honest dealers do not deceive their customers"). "[P]rovided the cross-examiner possesses a good faith basis, inquiry on cross-examination may be permitted by the court with respect to the

commission of offenses not leading to a conviction as well as acts of misconduct not constituting a crime." Michael H. Graham, 4 Handbook of Fed. Evid. § 608:4 (10th ed.).

Here, the Government has a clear, good-faith basis for asking Mr. Sanon about his misrepresentations or omissions in his 2013-14 federal bankruptcy proceeding. Mr. Sanon and his wife filed for bankruptcy in 2013 and received a discharge in August 2013. A year later, the U.S. Trustee allegedly uncovered that "the debtors owned interests in several undisclosed business entities and were, in their individual capacities, parties to a contract to sell acreage they owned in Haiti," which they failed to disclose in their bankruptcy filings (GX 4I:6). Critically, after extending his time to respond, Mr. Sanon and his wife ultimately "did not contest the United States Trustee's Complaint" (GX 4I:21). In other words, they admitted that they had omitted or misrepresented information to a federal court to obtain unwarranted relief, and they agreed to "the entry of a judgment revoking their discharge" (*id.*). The inference is obvious: Mr. Sanon lied, got caught, and gave up instead of contesting the issue.

To be clear, the Government is not impeaching Mr. Sanon for seeking bankruptcy protection. Instead, the Government is entitled to ask about conduct during that federal bankruptcy case that reveals Mr. Sanon's dishonesty or untruthfulness: whether Mr. Sanon lied about his assets or business relationships, and the fact that he chose not to contest the revocation and agreed to the revocation, implicitly conceding his misrepresentations. This evidence is similar to, but more serious than, the cross-examination material in *Sellers*, which involved the defendant's eight-year-old termination for falsifying expenses "to which he admitted he was not entitled." 906 F.2d at 605.

The defense's counterarguments are unpersuasive.

First, their primary cited authority, *Ad-Vantage Telephone Directory Consultants, Inc., v. GTE Directories Corp.*, 37 F.3d 1460 (11th Cir. 1994), is readily distinguishable. The Court held there that Rule 608(b) did not allow questioning about grievance proceedings that resolved in the witness's favor (one a dismissed charge, the other resulting in a finding of no probable cause) and never resulted in any sanction. *See id.* at 1464. That is worlds apart from this situation, in which Mr. Sanon did not contest the allegations and the proceeding was therefore resolved against him with the revocation of his discharge. A person who gets their hand caught in the cookie jar and drops the cookie has committed an act of dishonesty subject to Rule 608(b) inquiry, even if they aren't grounded or otherwise punished.

Second, although the defense insists that the Government has no good-faith basis for its questions (relying on a case where the prosecutor could point only to vague "suggestions" of prior misconduct, *see United States v. Crutchfield*, 26 F.3d 1098, 1102 n.6 (11th Cir. 1994)), the Government has explained its basis above and in open court. It is not rumor, innuendo, or mere unsourced suggestion. The Defendant himself chose not to contest those allegations, which is ample evidence that he did misrepresent those matters to the federal bankruptcy court to obtain the 2013 discharge.

Third, the Court has broad discretion to allow this questioning although it concerns matters that occurred in 2013 and 2014. "While remoteness is clearly relevant in determining the probative value of the specific instance of conduct as bearing on the current character of the witness for truthfulness, federal courts have frequently permitted inquiry of specific instances of conduct even more remote than 15 years." Michael H. Graham, 4 Handbook of Fed. Evid. § 608:4 (10th ed.); *e.g.*, *Deary v. City of Gloucester*, 9 F.3d 191, 196 (1st Cir. 1993) (affirming inquiry into incident more than ten years before trial). The evidence remains particularly probative here for several

reasons, including (a) the centrality of the defendant's credibility to his defense, much of which rests solely on his word and without corroborating evidence, and much of which concerns events five years in the past; (b) the fact that the prior lie was to a federal court; (c) the fact that he relinquished the benefit of his lies only when confronted; and (d) the fact that, as the Government will show through other evidence, he continued to lie in more recent years (including to at least one other federal entity, the Department of Health of Human Services, with regards to his medical licensure in the U.S.), meaning the bankruptcy lies were not a one-time, long-ago mistake.

Finally, as for the limits suggested by the defense, the Government agrees that this inquiry goes solely to credibility and that it will not introduce extrinsic evidence of Mr. Sanon's misconduct. But the Government is allowed, under Rule 612, to show Mr. Sanon the bankruptcy filings, including the U.S. Trustee's complaint, to refresh his recollection (indeed, virtually anything can be used to refresh a person's recollection). Also, although the Government will not quote the allegations of the complaint, the Government will ask—and should be allowed to ask—about Mr. Sanon's reaction to the complaint (e.g., "After the U.S. Trustee sought to revoke your bankruptcy, you chose not to contest the allegations and agreed to revoke your discharge?") because that question focuses on *his* conduct and concerns *his* implicit admission to the misrepresentations.

**CONCLUSION**

For these reasons, the Court should allow the Government to question the Defendant about his misrepresentations during his federal bankruptcy proceeding under Rule 608(b).

Respectfully submitted,

YARA LORENZO KLUKAS
Acting United States Attorney

By: */s Sean T. McLaughlin*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

*/s Jason Wu*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

*/s Altanese Phenelus*
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
altanese.phenelus@usdoj.gov

**Certificate of Service**

I hereby certify that on November 15, 2026, I filed the foregoing document via CM/ECF and thus served all counsel of record.

/s *Jason Wu*
Jason Wu
Assistant United States Attorney