**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20104-CR-BECERRA(s)(s)(s)(s)(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN EMMANUEL SANON,**

**Defendant.**
_______________________________________________/

# JOINT MOTION TO EXEMPT PARTIES FROM MANDATORY ELECTRONIC FILING OF TRIAL EXHIBITS

**COMES NOW**, the United States of America, by and through the undersigned Assistant United States Attorneys, and counsel for Defendant Sanon (hereinafter "the Parties"), hereby file this Joint Motion to Exempt the Parties from Mandatory Electronic Filing of Trial Exhibits.[1]

On November 18, 2026, after a two-month trial, a jury found Defendant Sanon guilty as to all counts of the Sixth Superseding Indictment (DE 1900). Pursuant to Local Rule 5.3, the Parties' trial exhibits must be filed within ten (10) days of the trial's conclusion. However, under Local Rule 5.3(b)(3)(C):

> When permitted by order of the Court, exhibits containing voluminous amounts of confidential information that is subject to privacy protections in accordance with Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, or other applicable rule or statute; within ten (10) days of the conclusion of the hearing or trial, unless otherwise ordered, such exhibits must be delivered to the Clerk of the Court either in original physical form or on a CD, DVD, or other electronic medium containing a copy of the exhibit, but such exhibits are not to be filed and served in the CM/ECF system, and the filer is not required to comply with CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials

[1] Pursuant to Local Rule 88.9, the Parties have conferred and each agree regarding this instant motion, including the proposed order.

"The right of access to judicial records may be overcome by a showing of 'good cause,' which requires the trial court to 'balance the asserted right of access against the other party's interest in keeping the information confidential.'" Bennett v. United States, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771, at *18-19 (S.D. Fla. July 23, 2013) (quoting Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007)).

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of likelihood of injury if made public, the reliability of the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246.

"The balancing of these factors is left to the discretion of the trial court." Bennett, 2013 U.S. Dist. LEXIS 102771, at *19-20 (citing United States v. Rosenthal, 763 F.2d 1291, 1295 (11th Cir. 1995). "When sealing proceedings or documents, a court must also articulate the overriding interest, along with findings specific enough to allow a reviewing court to determine whether the order was properly entered." United States v. Castillo, 730 Fed. Appx. 892, 893 (11th Cir. 2018) (citing United States v. Ochoa-Vasquez, 428 F.3d 1015, 1030 (11th Cir. 2005)). "However, the district court need not state the alternatives to sealing that it considered and rejected." Id. (citing United States v. Valenti, 987 F.2d 708, 714-15 (11th Cir. 1993)).

The Parties are not seeking to seal any trial exhibits. Instead, consistent with this Court's prior order (DE 1696, 1697), the Parties hereby jointly move the Court for an order exempting the Parties from mandatory electronic filing pursuant to Local Rule 5.3(b)(3)(B)-(C). The Parties' trial exhibits – which also involve numerous audio and video recordings - include voluminous amounts of sensitive, personal and financial identifying information of not only Defendant Sanon,

but numerous other testifying and non-testifying individuals and co-conspirators involved in this case. The voluminous information includes, but is not limited to, the following: physical addresses, dates of birth, social security numbers, tax and employment numbers, immigration numbers, phone numbers, email addresses, and financial account numbers. The sheer volume and ubiquitous nature of this information within the trial exhibits makes viably attempting an exhibit-by-exhibit redaction impracticable.

WHEREFORE the Parties respectfully request that the Court grant the instant motion and allow the Parties to provide their respective trial exhibits directly to the Clerk of the Court consistent with procedures set forth in Local Rule 5.3(b)(3).

Respectfully submitted,

YARA LORENZO KLUKAS
Acting United States Attorney

By: *<u>/s Sean T. McLaughlin</u>*
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
(305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

*<u>/s Jason Wu</u>*
Jason Wu
Assistant United States Attorney
Court ID No. A5502299
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9226
Jason.Wu@usdoj.gov

_/s Altanese Phenelus_
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
altanese.phenelus@usdoj.gov

**HUMBERTO R. DOMINGUEZ, PA**
Humberto R. Dominguez
9100 S. Dadeland Boulevard, Suite 1500
Miami, FL 33156
Telephone: 305-373-6400
Email: bert@hdominguezlaw.com
Florida Bar No. 837903

By: _/s/ Humberto R. Dominguez_
_Counsel for Chrisitan Emmanuel Sanon_

**BOZANIC LAW, P.A.**
Zeljka Bozanic
101 NE 3rd Ave, Suite 1500
Ft. Lauderdale, Florida 33131
Telephone: 954-920-9750
Email: info@bozaniclaw.com
Florida Bar No. 23707

By: _/s/ Zeljka Bozanic_
_Counsel for Cristian Emmanuel Sanon_

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 19, 2026, I electronically filed the foregoing document with the Clerk of the Court and counsel of record using CM/ECF.

_/s Sean T. McLaughlin_
SEAN T. McLAUGHLIN
Assistant United States Attorney